IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ACCURIDE ERIE L.P., a limited partnership, | Case No, 05-CV-169 Erie |
| Plaintiff/Counterclaim Defendant, | Judge Sean J. McLaughlin |
| v. | **ANSWER TO COUNTERCLAIM** |
| INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE & AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, LOCAL UNION 1186, a voluntary unincorporated association, | |
| Defendant/Counterclaim Plaintiff | |

COMES the Plaintiff/Counterclaim Defendant, Accuride Erie L.P. ("Accuride"), by counsel, and for its Answer to the Counterclaim of Defendant/Counterclaim Plaintiff International Union, United Automobile, Aerospace & Agricultural Implement Workers of America, Local Union 1186 (the "Union"), states as follows:

INTRODUCTION

1. Accuride admits that the Counterclaim purports to seek to confirm a labor arbitration award pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 ("Section 301"), denies that the award may be confirmed, and denies the remaining allegations in paragraph 1 of the Counterclaim.

2. The Counterclaim contains no paragraph 2.

3. Accuride admits the allegations of paragraph 3 of the Counterclaim.

4. Accuride admits the allegations of paragraph 4 of the Counterclaim.

5. Accuride admits that the Union is affiliated with the International Union, United Automobile, Aerospace and Agricultural Implement Workers, which has its

643513

headquarters located at 8000 East Jefferson Avenue, Detroit, MI 48214, and that the Union represents certain Accuride employees, some of whom are eligible for medical benefits pursuant to an agreement between Accuride and the Union, and denies the remaining allegations of paragraph 5 of the Counterclaim.

6. Accuride admits that it maintains offices and a place of business at 1015 East 12th Street, Erie, Pennsylvania, 16503 (the "Erie Plant"), and denies the remaining allegations of paragraph 6 of the Counterclaim.

7. Accuride admits that the Union is a labor organization for purposes of Section 301 that has represented a bargaining unit including production and maintenance employees at the Erie Plant, that Exhibit A to the Counterclaim is a copy of the collective bargaining agreement currently in effect and that Exhibit B is a copy of a Memorandum of Settlement that was signed by representatives of the parties in September 2003, denies the remaining allegations of paragraph 7 of the Counterclaim, and affirmatively avers that Accuride has owned and operated the Erie Plant since May 1997, and has since that time been a party to successive collective bargaining agreements with the Union covering certain bargaining unit employees at the Erie Plant.

8. Accuride admits that the Union submitted a grievance on June 8, 2004, purporting to allege that Accuride refused to provide medical benefits to certain of its employees, and denies the remaining allegations of paragraph 8 of the Counterclaim.

9. Accuride admits that the parties submitted the grievance to arbitration, that a hearing was held on January 26, 2005, before Arbitrator Robert Creo, and that Arbitrator Creo issued an Opinion and Award dated April 26, 2005, and denies the remaining allegations of paragraph 9 of the Counterclaim.

10. Accuride admits that the Award purports to order Accuride to provide benefits to certain employees and to make them whole, denies that Accuride improperly denied benefits to any employee, denies that any remedy was appropriate for the Union's purported claim in the grievance, affirmatively avers that the Arbitrator exceeded his authority and damaged Accuride by purporting to order it to provide benefits to employees who are not eligible for those benefits, and denies the remaining allegations of paragraph 10 of the Counterclaim.

11. Accuride denies the allegations of paragraph 11 of the Counterclaim.

12. Accuride admits that the Union requested that the Company furnish benefits to employees, affirmatively avers that those benefits were not negotiated by the Union or included in the parties' Agreement, and denies the remaining allegations of paragraph 12 of the Counterclaim.

13. Accuride admits the allegations of paragraph 13 of the Counterclaim.

14. Accuride realleges and incorporates by reference its responses to paragraphs 1 and 3-13 of the Counterclaim as though fully set forth.

15. Accuride denies the allegations of paragraphs 15 and 16 of the Counterclaim.

16. Accuride denies all allegations of the Counterclaim not specifically admitted in this Answer.

WHEREFORE, Accuride respectfully demands judgment against the Union as follows:

1. Dismissing the Counterclaim;

2. Granting such other and further relief as may be necessary and proper.

DATED this 17th day of August, 2005.

          QUINN, BUSECK, LEEMHUIS, TOOHEY & KROTO, INC.

          By /s/Arthur D. Martinucci
            Arthur D. Martinucci
            2222 W. Grandview Blvd.
            Erie, PA  16506

          RYLEY CARLOCK & APPLEWHITE

          By /s/Frederick C. Miner
            Frederick C. Miner
            Andrea G. Lisenbee
            One N. Central Ave., Ste. 1200
            Phoenix, AZ  85004-4417

          COUNSEL FOR ACCURIDE ERIE, L.P.