IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ACCURIDE ERIE L.P., a limited partnership, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 05-CV-169 Erie [Electronically Filed] |
| v. | ) ) | Judge Sean J. McLaughlin |
| | ) | |
| INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE & AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, LOCAL UNION 1186, a voluntary unincorporated association, | ) ) ) ) ) ) ) | |
| Defendant. | ) ) | |

**Fed. R. Civ. P. 26(f) REPORT OF THE PARTIES**

Pursuant to Rule 26(f), *Fed. R. Civ. P.*, and this Court's Preliminary Scheduling Order dated August 4, 2005, the parties hereby submit their proposed Rule 26(f) Discovery Plan.

**1.    Identification of counsel and unrepresented parties**.

Attorneys for Plaintiff/Counterdefendant Accuride Erie L.P.

| | |
|---|---|
| Frederick C. Miner | Arthur D. Martinucci |
| Andrea G. Lisenbee | Quinn, Buseck, Leemhuis, Toohey |
| Ryley Carlock & Applewhite | & Kroto, Inc. |
| One N. Central Ave., Suite 1200 | 2222 W. Grandview Blvd. |
| Phoenix, AZ  85004-4417 | Erie, PA  16506 |
| Tel: 602/258-7701 | Tel: 814/833-2222 |
| Fax: 602/257-9582 | Fax: 814/833-6753 |
| E-mail: fminer@rcalaw.com | E-mail: amartinucci@quinnfirm.com |
|         alisenbee@rcalaw.com | |

Attorneys for Defendant/Counterclaimant International Union, United Automobile, Aerospace & Agricultural Implement Workers of America, Local 1186 ("Union")

| | |
|---|---|
| William T. Payne | Catherine J. Trafton |
| 1007 Mt. Royal Blvd. | UAW Associate General Counsel |
| Pittsburgh, PA  15223 | 8000 E. Jefferson Ave. |
| Tel: 412/492-8797 | Detroit, MI  48214 |
| Fax: 412/492-8978 | E-mail: CTrafton@uaw.net |
| E-mail: wpayne@stargate.net | |

2.  **Set forth the general nature of the case** (patent, civil rights, anti-trust, class action, etc): The Complaint asserts an action to vacate a labor arbitration award under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.  The Counterclaim includes an action to enforce that award.

3.  **Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or entered an appearance as of the date of said Conference:**  The Rule 26(f) conference was held on August 12, 2005.  Frederick C. Miner and Andrea G. Lisenbee participated on behalf of Plaintiff/Counterdefendant Accuride Erie L.P.  William T. Payne and Catherine J. Trafton participated on behalf of Defendant/Counterclaimant Union.  All parties were served and entered an appearance prior to said conference.

4.  **Date of Rule 16 Initial Scheduling Conference as scheduled by the Court:**  September 19, 2005, at 10:00 a.m.

5.  **Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be filed**:   N/A.

6.  **Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected, if any, and specify the anticipated time frame for completion of the ADR process.  Set forth any other information the parties wish to communicate to the court regarding the ADR designation:**  N/A.

7.  **Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. Rule 26(a) disclosures, whether such change is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court:** N/A.

8.  **Subjects on which fact discovery may be needed.**  Discovery may be needed concerning the parties' agreements, their bargaining history, and the record before the arbitrator.

9. **Set forth suggested dates for the following**:

   a. **Date(s) on which disclosures required by Fed. R. Civ. P. 26(a) have been or will be made:** September 16, 2005

   b. **Date by which any additional parties shall be joined:** October 3, 2005[1]

   c. **Date by which the pleadings shall be amended:** October 3, 2005

   d. **Date by which fact discovery should be completed:** December 2, 2005

   e. **If the parties agree that discovery should be conducted in phases or limited to or focused on particular issues, identify the proposed phases or issues and the dates by which discovery as to each phase or issue should be completed:** N/A.

10. **If the parties agree that changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or Local Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations:** N/A.

11. **Set forth whether the parties have considered the need for special deadlines, procedures or orders of court dealing with discovery of electronically-stored information (electronic discovery), including the need for the preservation of discoverable information and the protection of the right to assert privilege(s) after the production of privileged information and if so, set forth the results of such consideration:** N/A.

12. **Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery; in either event the parties shall be prepared at the Post-Discovery Status Conference to discuss and/or schedule the following:**
    The parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery in early December 2005.

13. **Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed. R. Civ. P. 16(b) or 26(c):** N/A.

14. **Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master and any special qualifications that such master may require to perform such role:** N/A.

15. **If the parties have failed to agree with regard to any subject for which a

---

[1] The Union intends to amend its counter-claim by October 3, 2005 to add a third-party claim by the International Union, UAW.

643343.1
9/6/2005

> report is required as set forth above, except for proposed dates required in paragraph 9, above, briefly set forth the position of each party with regard to each matter on which agreement has not been reached:  N/A.

**16.**  **Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration:**  The parties will continue to assess prospects for settlement as discovery in this matter progresses.

**Respectfully submitted:**

/s/Frederick C. Miner___
Frederick C. Miner
Andrea G. Lisenbee
Ryley Carlock & Applewhite
One N. Central Ave., Suite 1200
Phoenix, AZ  85004-4417
(Electronic Signature by permission)

/s/Arthur D. Martinucci___
Arthur D. Martinucci
Quinn, Buseck, Leemhuis, Toohey
 & Kroto, Inc.
2222 W. Grandview Blvd.
Erie, PA  16506

/s/William T. Payne____
William T. Payne
1007 Mt. Royal Blvd.
Pittsburgh, PA  15223
(Electronic Signature by permission)

/s/Catherine J. Trafton
Catherine J. Trafton
UAW Associate General Counsel
8000 E. Jefferson Ave.
Detroit, MI  48214
(Electronic Signature by permission)

643343.1
9/6/2005