IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ACCURIDE ERIE L.P., a limited partnership,<br><br>  Plaintiff/Counterclaim Defendant<br><br>  v.<br><br>INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE, AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, LOCAL 1186, a voluntary unincorporated association,<br><br>  Defendant/Counterclaim Plaintiff. | Case No.  05-CV-169 Erie<br><br>Judge Sean J. McLaughlin<br><br>[Electronically Filed] |

**MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER AND COUNTERCLAIM**

Defendant and Counterclaim Plaintiff International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, Local 1186 ("Local"), by its undersigned counsel, respectfully moves this Court for leave to amend its answer and counterclaim by adding as a party to the Counterclaim its parent organization – the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, UAW ("International").  In support of this motion, the Local avers as follows:

1. The proposed amended pleading is appended hereto as Exhibit A, wherein the Local and International are jointly referred to as the "Union Entities," and wherein the undersigned counsel are shown as also representing the International.

2. This motion to amend is as contemplated in the joint FRCP Rule 26(f) Report filed September 6, 2005 (see Section 9(b) and footnote 1 therein).

3. The amended pleading avers that the International is the Local's parent organization, that the International has consistently engaged in collective bargaining with Plaintiff Accuride Erie L.P. ("Accuride"), and that the International has (along with the Local) been considered the collective bargaining representative for the employees in question at the Accuride plant in Erie.

4. Adding the International as a party to the Local's Counterclaim is proper under FRCP Rule 13(h) ("Parties other than those made parties to the original action may be made parties to a counterclaim or cross-claim in accordance with the provisions of Rules 19 and 20"). Joinder of the International is required under Rule 19 because of its central role as collective bargaining representative and its role in the negotiations and arbitration that are the subject matter of this lawsuit.[1] Alternatively, *permissive* joinder under Rule 20 is clearly proper, since the International asserts a "right to relief … in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and [one or more] question of law or fact common to all these persons will arise in the action." Here, the International does indeed assert a right "arising out of the same transaction, occurrence, or series of transactions or occurrences" and at least one "question of law or fact common to [both the Local and International] will arise in the action."

5. FRCP Rule 15(a) provides that leave to amend complaints "shall be freely given when justice requires." As a matter of law, justice compels leave to amend when the moving

---

[1] Rule 19 *requires* joinder where (as here) the addition of party will not deprive the court of jurisdiction and either "(1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest."

2

party has exhibited "at least colorable grounds" for the contemplated amendment.  Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb, Inc., 734 F. Supp. 1071, 1078 (S.D.N.Y. 1990).  Amendments are favored as a general matter as a method to promote "judgment on the merits."  Conley v. Gibson, 355 U.S. 41 (1957).  In fact, unless there is a sound basis to deny a motion to amend, failure to grant it is an abuse of discretion.  Foman v. Davis, 371 U.S. 178, 182 (1962).  See also Berkshire Fashions, Inc. v. M.V. Hakusan II, 954 F.2d 874, 886-87 (3d Cir. 1992) (district court erred, and abused discretion, in refusing to allow amendment of complaint to asserted separate grounds for jurisdiction).

WHEREFORE, Defendant and Counterclaim-Plaintiff Local respectfully requests that this Court grant it leave to file Exhibit A hereto, which is the First Amended Answer, Affirmative Defenses, Counterclaim Of Defendant International Union, United Automobile, Aerospace & Agricultural Implement Workers Of America, Local 1186, And International Union, United Automobile, Aerospace & Agricultural Implement Workers Of America, UAW.

Respectfully submitted,

s/  William T. Payne
William T. Payne
PA Bar # 38083
1007 Mt. Royal Boulevard
Pittsburgh, PA  15223
Phone: (412) 492-8797
Fax:  (412) 492-8978
E-mail:  wpayne@stargate.net

Catherine J. Trafton
(Admitted pro hac vice)
UAW Legal Department
8000 East Jefferson Avenue
Detroit, MI 48214
E-mail: CTrafton@uaw.net

Attorneys for Local and International

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 29, 2005, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to the persons listed below:

Arthur Martinucci, Esq.
Quinn, Buseck, Leemhuis, Toohey & Kroto, Inc.
2222 W. Grandview Blvd.
Erie, PA  16506
amartinucci@quinnfirm.com

Frederick C. Miner, Esq.
miner@rcalaw.com
Andrea G. Lisenbee, Esq.
alisenbee@rcalaw.com
Ryley Carlock & Applewhite
One North Central Avenue, Suite 1200
Phoenix, Arizona  85004-4417


        /s/  William T. Payne
William T. Payne