IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ACCURIDE ERIE L.P.**, a limited partnership,<br><br>    Plaintiff/Counterclaim Defendant<br><br>    v.<br><br>**INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE, AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, LOCAL 1186,**<br><br>    Defendant and Counterclaim Plaintiff.<br><br>and **INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE & AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, UAW**, voluntary unincorporated associations,<br><br>    Counterclaim Plaintiff. | Case No.  05-CV-169 Erie<br><br>Judge Sean J. McLaughlin<br><br>[Electronically Filed] |

**FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM OF DEFENDANT AND COUNTERCLAIM PLAINTIFF INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE & AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, LOCAL 1186, and COUNTERCLAIM PLAINTIFF INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE & AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, UAW**

By their attorneys, come now International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, Local 1186 ("Local"), and International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, UAW ("International"), and jointly referred to herein as the "Union Entities," answering the Complaint filed by Accuride Erie L.P. ("Accuride"), and submitting a Counterclaim, as follows:

Exh A (proposed amended answer, w/o exhs)

## ANSWER

The Local answers the numbered paragraphs of the Complaint as follows, and allegations not specifically admitted are denied:

1. The Local admits that Accuride purports to bring the action pursuant to Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a), admits that the Court has jurisdiction and venue under this statute, but denies that Accuride has a valid claim for vacation of a labor arbitration award.

2. The Local admits that Accuride is an "employer" in an industry affecting commerce within the meaning of LMRA, 29 U.S.C. §152(2), and that it operates a facility at 1015 E. 12th Street, Erie, Pennsylvania ("Erie Plant") where it manufactures aluminum wheels.

3. The Local admits that it is a "labor organization" within the meaning of LMRA, 29 U.S.C. §152(5). It also admits that, along with the International (its parent organization), it is the collective bargaining representative of a unit of hourly production and maintenance employees at Accuride's plant in Erie, Pennsylvania.

4. The Local admits that this Court has subject matter jurisdiction.

5. The Local admits that jurisdiction and venue are proper in this Court.

6. The Local denies that the Erie Plant was acquired by Accuride in May of 1997, and that the Local and Accuride entered into a series of collective bargaining agreements at this time. The Local admits that the Erie Plant was acquired in May of 1997 by an entity known as AKW L.P. The Union Entities began collective bargaining with AKW L.P. in 1997.

7. The Local denies that the referenced collective bargaining agreement ("CBA") was between Accuride and the Local. The Local admits that the CBA reached between the

Union Entities and AKW L.P. in August of 1998 includes a Letter of Agreement regarding "opting out/opting down issues and AKW/Kaiser insurance."

8. The Local admits that in May of 1997 certain members of the bargaining unit at the Erie Plant were eligible for retirement benefits under plans maintained by Kaiser Aluminum, the former owner of the Erie Plant. The Local denies all of the other allegations in this paragraph.

9. The Local admits that in 1997, some bargaining unit members elected to receive Kaiser retiree medical benefits. The Local denies the allegations in this paragraph to the extent that they incorrectly identify the employer and alter the language quoted therein.

10. The Local denies the allegations in this paragraph.

11. The Local denies that it submitted a grievance to Accuride in 2001. The CBA in effect in 2001 was between the Union Entities and AKW L.P. The Local admits that a grievance was filed in February 2001 against AKW L.P. based on the 1998 CBA between AKW L.P. and the Union Entities. The grievance related to the improper denial of medical coverage to a bargaining unit member. The Local denies all of the other allegations in this paragraph.

12. The Local admits that an arbitration was held before Arbitrator Paul Gerhart on January 16, 2003, and that he subsequently issued an award dismissing the grievance. The Local denies the remaining allegations in this paragraph because the Plaintiff has altered the language quoted from Arbitrator Gerhart's decision.

13. The Local admits that the current CBA became effective on September 1, 2003. The Local is without sufficient knowledge at this time to answer the remaining allegations in this paragraph.

14. The Local admits that the current CBA contains a grievance procedure and that pursuant to that CBA, a grievance must be filed within fourteen calendar days of the occurrence giving rise to the grievance.

15. The Local admits that the current CBA makes no reference to any "irrevocable elections" of benefits. The Local admits that no bargaining unit member, who in 1997 elected to receive Kaiser retiree medical benefits, has received medical benefits from Accuride but denies that those employees are not covered by Accuride's medical benefits.

16. The Local admits that in May 2004, Kaiser Aluminum terminated retiree medical benefits of certain bargaining unit members currently employed by Accuride.

17. The Local admits that it filed a grievance on June 8, 2004 related to the denial of medical benefits to certain bargaining unit members, and that Accuride denied that grievance.

18. The Local admits that Accuride argued that the Union Entities' June 8, 2004 grievance was not timely.

19. The Local admits that an arbitration hearing was held before Arbitrator Robert Creo on January 26, 2005, and that he issued an award on April 26, 2005. The Local does not have knowledge of when Accuride received the award.

20. The Local denies Accuride's characterization of Arbitrator Creo's award. The award speaks for itself.

21. The Local denies the allegations in this paragraph.

22. The Local denies the allegations in this paragraph.

23. The Local denies the allegations in this paragraph.

24. The Local denies the allegations in this paragraph.

25. Please see the Local's specific answers to the Complaint's numbered paragraphs.

26. The Local denies the allegations in this paragraph.

27. The Local denies the allegations in this paragraph.

28. The Local denies the allegations in this paragraph.

## AFFIRMATIVE DEFENSES

1. Accuride's claim is barred by the applicable statute of limitations.

## COUNTERCLAIM

Come now the Union Entities, by their attorneys, asserting a counterclaim against Accuride Erie L.P. as follows:

1. This action is brought by labor unions under §301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. §185, seeking to confirm an arbitration award rendered pursuant to the current collective bargaining agreement between the Union Entities and Accuride.

### Jurisdiction and Venue

3. This Court has jurisdiction over Count I under §301 of the LMRA, 29 U.S.C. §185.

4. Venue in this judicial district is proper under §301 of the LMRA, 29 U.S.C. §185.

### Parties

5. The Union Entities are voluntary unincorporated associations. The International has its headquarters located at 8000 East Jefferson Avenue, Detroit, Michigan 48214, and is the parent organization of the Local. The International joins in this action pursuant to Federal Rules of Civil Procedure, Rules 13(h), and 19 or 20. The Local is based in Erie, Pa. The Union Entities are labor organizations representing employees of Accuride who are entitled to medical

benefits pursuant to the collective bargaining agreement currently in effect between Accuride and the Union Entities.

6.  Accuride Erie L.P. has its principal offices at 1015 East 12th Street, Erie, Pennsylvania 16503.

**Factual Allegations**

7.  The Union Entities are labor organizations as defined in §101(5) of the NLRA, 29 U.S.C. §152(5). For decades, the Union Entities have been the collective bargaining representative of production and maintenance employees at a manufacturing facility in Erie, Pennsylvania, which is now owned by Accuride. The current collective bargaining agreement between the Union Entities and Accuride runs from September 1, 2003 until August 31, 2007 (the "CBA") and is attached as Exhibit A. At the time the 2003 CBA was entered into, the parties also signed a Memorandum of Settlement, a copy of which is attached as Exhibit B.

8.  In 2004, a dispute arose between the Union Entities and Accuride over interpretation and application of the terms of the CBA. At issue was the eligibility of certain bargaining unit members for medical insurance under the CBA. The Union Entities filed a grievance on June 8, 2004 protesting Accuride's refusal to provide medical benefits, as required by the CBA, to certain bargaining unit members.

9.  In accordance with the terms of the CBA, the parties submitted the dispute to binding arbitration. A hearing was held on January 26, 2005 before Arbitrator Robert A. Creo. Arbitrator Creo issued an Opinion and Award ("Award") on April 26, 2005 granting the Union Entities' grievance. A copy of the Award is attached as Exhibit C.

10. The remedy ordered by the Arbitrator requires that Accuride "cease and desist from not providing benefits to all employees as provided by the Agreement." The award further

requires that "[e]mployees are to be made whole for any losses due to the improper denial of benefits."

11.   In rendering his Award the Arbitrator was interpreting and applying the mutually agreed to CBA. Accordingly, the Arbitrator acted within the authority granted to him by the parties.

12.   The Union Entities have notified Defendant Accuride of the Arbitration Award and requested that Accuride comply with the Award.

13.   To date, Accuride has failed to comply with the Arbitration Award, and has in fact sued to vacate it.

### Count I – Violation of Collective Bargaining Agreement

14.   The Union Entities re-allege and incorporate by reference paragraphs 1-13 as though fully set forth in this Count I.

15   Accuride's refusal to comply with the Arbitration Award violates the arbitration provision of the CBA, which provides that the Arbitrator's Award is binding on the parties. (See Exhibit A, Labor Agreement at Section 5.6 – Grievance Procedure.)

16.   The Arbitrator's Award derives its essence from the CBA because his decision applies the language of the parties' CBA.

### Relief Requested

WHEREFORE, the Union Entities respectfully request that this Court:

A.   Issue an order confirming the Arbitrator's April 26, 2005 Award;

B.   Order Accuride to comply fully and immediately with the Arbitrator's Award;

C.   Grant such further relief as may be deemed necessary and proper.

Respectfully submitted,

s/  William T. Payne
William T. Payne
PA Bar # 38083
1007 Mt. Royal Boulevard
Pittsburgh, PA  15223
Phone: (412) 492-8797
Fax:  (412) 492-8978
E-mail:  wpayne@stargate.net

Catherine J. Trafton
(Admitted pro hac vice)
UAW Legal Department
8000 East Jefferson Avenue
Detroit, MI 48214
E-mail: CTrafton@uaw.net

Attorneys for Local and International

Dated:  _____, 2005

**CERTIFICATE OF SERVICE**

  I hereby certify that on _____, 2005, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to the persons listed below:

Arthur Martinucci, Esq.
Quinn, Buseck, Leemhuis, Toohey & Kroto, Inc.
2222 W. Grandview Blvd.
Erie, PA  16506
amartinucci@quinnfirm.com

Frederick C. Miner, Esq.
Andrea G. Lisenbee, Esq.
Ryley Carlock & Applewhite
One North Central Avenue, Suite 1200
Phoenix, Arizona  85004-4417


                 /s/  William T. Payne
                 William T. Payne