# SEYFARTH, SHAW, FAIRWEATHER & GERALDSON
### ATTORNEYS AT LAW

815 CONNECTICUT AVENUE, N.W.
WASHINGTON, D.C. 20006-4004
202/463-2400  FAX 202/828-5393

2029 CENTURY PLAZA - SUITE 3300
LOS ANGELES, CA 90067-3063
310/277-7200  FAX 310/201-5219

900 THIRD AVENUE - 16TH FLOOR
NEW YORK, NY 10022-4728
212/715-9000  FAX 212/752-3116

101 CALIFORNIA STREET - SUITE 2900
SAN FRANCISCO, CA 94111-5858
415/397-2823  FAX 415/397-8549

455 CAPITOL MALL - SUITE 302
SACRAMENTO, CA 95814-4308
916/558-4828  FAX 916/558-4839

55 EAST MONROE STREET - SUITE 4200
CHICAGO, ILLINOIS 60603-5803

312/346-8000
FAX 312/269-8869

WRITER'S DIRECT DIAL
312/269-8898

Internet E-mail: misciph@seyfarth.com

April 11, 1997

700 LOUISIANA STREET - SUITE 3900
HOUSTON, TX 77002-2731
713/225-2300  FAX 713/225-2340

1201 WEST PEACHTREE - SUITE 3260
ATLANTA, GA 30309-3400
404/892-6412  FAX 404/892-7056

INTERNATIONAL

AVENUE LOUISE 500, BOITE 8
1050 BRUSSELS, BELGIUM
32/2-647-60-25  FAX 32/2-640-70-71

AFFILIATE FIRM
MATRAY, MATRAY & HALLET
BRUSSELS AND LIEGE, BELGIUM
COLOGNE, GERMANY

VIA HAND DELIVERY (c/o Al Prus)

Mr. Douglas Ferguson
President
Local 1186, United Automobile,
  Aerospace & Agricultural Implement
  Workers of America
2131 West 8th Street, Suite C
Erie, Pennsylvania 16505-4743

VIA TELECOPIER (814/459-3153)

Mr. Joseph J. Orlando, Jr.
International Representative
International Union, United Automobile,
  Aerospace & Agricultural Implement
  Workers of America
2131 West 8th Street, Suite C
Erie, Pennsylvania 16505-4743

Re:  Aluminum Wheel Joint Venture

Dear Doug and Joe:

Accompanying this letter is a revised letter of agreement dealing with the issue of insurance "opting down" and "opting out" that we hereby substitute for the "Attachment B" which was enclosed with my April 10, 1997 letter to you. As you can see, we have revised this Attachment B to address the Union's concerns about Joint Venture employees who may wish to "opt out" of the Joint Venture's health insurance in order to rely exclusively on Kaiser retiree health insurance. We are providing this revised letter as a final accommodation to secure the Union's agreement on all other outstanding issues in line with the positions we have expressed. The letter enclosed as revised Attachment B must be accepted and executed by the Union as part of the UAW-Joint Venture labor agreement, although we would not require that the letter be physically reproduced at the end of the written collective bargaining agreement. All other agreement issues remain resolved either on the basis of our prior tentative agreements and/or as expressed in my April 10, 1997 letter.

We hope to get a complete overall agreement (in line with our discussions and recent correspondence) and a ratification summary in your hands on Friday, April 11, 1997 or, at the

121

EXHIBIT
AKW 62

-2-

latest, early on Saturday, April 12, 1997. This timeframe has resulted from the time-consuming nature of our efforts to address the "opting down" and "opting out" concerns that have surfaced.

Please get in touch with me if you have any questions or if I can otherwise provide additional information or assistance.

Very truly yours,

SEYFARTH, SHAW, FAIRWEATHER & GERALDSON

By *(signature)*
Philip A. Miscimarra

PAM/mms

122

-3-

## REVISED ATTACHMENT B

(Superseding the original "Attachment B" accompanying the Joint Venture's 4/10/97 Letter)

The Negotiating Committee
United Auto Workers, Local 1186
1015 East 12th Street
Erie, Pennsylvania 16503

Subject: Opting Out/Opting Down Issues and AKW/Kaiser Insurance

Gentlemen:

This letter confirms that agreement that has been reached concerning "opting down" and "opting out" issues under the Joint Venture ("AKW") group insurance plan. During the 1997 negotiations, many questions were raised regarding the option to cover the employee only and allow the spouse's insurance to cover the spouse and any other dependents. Another question that was raised asked if employees could opt off insurance entirely.

After consulting with the bargaining committee of the union, our policy in this regard is as follows:

A. <u>Joint Venture Employees in General</u>

The following policy governs the treatment of AKW group insurance for all Joint Venture employees (<u>except</u> <u>for</u> situations addressed in Part B below):

1) As a general rule (excluding only those situations addressed in Part B below), all employees must have Joint Venture group insurance coverage on themselves.

2) Again excluding situations addressed in Part B below, if an employee's dependents have other insurance coverage available, and the employee can verify this coverage to the company, the employee may opt down to single coverage.

3) Once a decision is made to opt down, it remains in effect for the calendar year unless the spouse loses their coverage. If that occurs, Employee Relations should be notified at once and the Company will immediately enroll the dependents.

To put it simply, our general policy is that employees can opt down but not out, excluding situations addressed in Part B below.

B. <u>"Opting Out" and Coordination of Kaiser/AKW Retiree Medical Insurance</u>

The following policy has been agreed upon concerning the treatment of "opting out" issues and retiree medical and life insurance for those eligible AKW startup and substitute startup employees who, by September 15, 1997, have retired under the Kaiser hourly pension plan (these individuals are referred to below as "Startup Kaiser Retirees"):

-4-

1) Startup Kaiser Retirees will be permitted to "opt out" of AKW medical/life insurance by making an irrevocable, one-time voluntary election, at the time they retire from Kaiser on or before September 15, 1997, to elect Kaiser retiree medical and life insurance coverage for themselves and any dependents in lieu of any AKW medical and life insurance coverage. If these individuals elect Kaiser retiree medical and life insurance coverage, they will not be covered at any future time by any AKW medical and life insurance.

2) If the irrevocable, one-time voluntary election by the Startup Kaiser Retirees is to elect AKW medical and life insurance coverage for themselves and any dependents, and where they satisfied all of the requirements for contribution-free Kaiser retiree medical insurance coverage as of September 15, 1997 (i.e., they had 85 points), these individuals (and their dependents) will participate in AKW's medical and life insurance plan while working at AKW. When these individuals leave or retire from AKW, Kaiser rather than AKW will be responsible for providing any retiree medical and life insurance.

3) If the irrevocable, one-time voluntary election by the Startup Kaiser Retirees is to elect AKW medical and life insurance coverage for themselves and their dependents, and where they have not satisfied all of the requirements for contribution-free Kaiser retiree medical insurance coverage as of September 15, 1997 (i.e., they had less than 85 points), these individuals (and their dependents) will participate in AKW's medical and life insurance plan while working at AKW and following their departure or retirement from AKW.

4) Startup Kaiser Retirees who elect AKW coverage will not have the ability to "opt down" to single coverage based on any potential availability of dependent coverage under a Kaiser medical insurance plan. However, these Startup Kaiser Retirees, while covered under AKW medical insurance, may "opt down" to single coverage for themselves pursuant to Part A above (point 2) provided that the employee can verify coverage for their dependents from a source other than Kaiser.

124