IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:
: Jointly Administered
: Case No. 02-10429 (JKF)
:
KAISER ALUMINUM CORPORATION,
a Delaware corporation, et al.,
: Chapter 11
:
: Hearing Date: 05/24/04 @ 1:30 p.m.
Debtors.
: Re: Agenda Item 8
: Re: Docket No. 4278

DECLARATION OF ARI LEFKOVITS IN SUPPORT OF
MOTION OF DEBTOR KAISER ALUMINUM & CHEMICAL CORPORATION FOR
AN ORDER (A) AUTHORIZING MODIFICATION OF RETIREE BENEFITS FOR
RETIREES REPRESENTED BY THE UAW PURSUANT TO SECTION 1114 OF THE
BANKRUPTCY CODE AND (B) AUTHORIZING REJECTION OF RELATED
AGREEMENTS PURSUANT TO SECTION 1113 OF THE
BANKRUPTCY CODE AND (C) GRANTING CERTAIN RELATED RELIEF

1. I submit this Declaration in support of and to explain developments since the filing of the motion of Debtor Kaiser Aluminum & Chemical Corporation ("KACC") for an order (A) authorizing it to modify certain retiree benefits for the retirees represented by the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America and/or its Local Union No. 1186 (collectively, the "UAW") pursuant to section 1114 of the Bankruptcy Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"); and (B) authorizing rejection of agreements with the UAW dated April 10, 1997 and August 20, 1997 concerning certain retirement and other benefits for certain eligible former employees of KACC's discontinued operations in Erie, Pennsylvania, to the extent they constitute a collective bargaining agreement, pursuant to section 1113 of the Bankruptcy Code; and (C) granting certain related relief.

2. The statements made herein are true and correct to the best of my knowledge, information and belief, based on my personal knowledge of the facts and on my review of records and information made available to me in my role as a financial advisor to the Debtors.

3. KACC submitted a written proposal to the UAW on February 19, 2004, and revised proposals on April 5, 2004, and on May 11, 2004 (the "Kaiser-UAW Proposals"). As noted below, KACC has recently reached a negotiated agreement with the UAW.

4. KACC first met with the UAW on September 8, 2003, in an effort to provide the UAW with an understanding of the context of the bankruptcy, the Debtors' financial situation, the Debtors' efforts to restructure their businesses, and the significant barriers to restructuring presented by Retiree Benefit and Pension Benefit obligations. Among other things, KACC provided the UAW with a claims analysis, recovery analysis, debt capacity analysis, and projected financial results.

5. KACC also met with the UAW on February 19 and April 5, 2004. In addition to these formal bargaining sessions with the UAW, the parties engaged in informal discussions and negotiations. During the course of these negotiations, KACC has never refused to meet or to speak with the UAW to discuss proposals or counterproposals.

6. KACC has provided the UAW with information pertaining to KACC's financial situation and to KACC's proposals. KACC provided this information in the face-to-face meetings identified above and in response to the UAW's requests for information. Specifically, to the best of my knowledge, KACC responded to all of the UAW's requests for information, which were submitted on December 10, 2003, February 23, 2004, and March 16, 2004

7. In response to the UAW's information requests, KACC provided the UAW with information specifically requested by the UAW, as well as employee census data, statements of

the market value of pension plan assets by plan, financial reports, documents and information relating to retiree health insurance plans and costs, liquidity forecasts, documents and information relating to the acquisition of the Erie facility by Accuride, sales data, and recovery analyses. In addition, KACC answered the specific questions raised by the UAW's representatives during the bargaining meetings.

8. On March 19, 2004, I participated in a conference call with the UAW to respond to the UAW's questions regarding KACC's financial projections and their implications for the Kaiser-UAW Proposals.

9. At the parties' April 5, 2004 bargaining meeting, the UAW acknowledged that KACC had provided it with all requested information in response to the information requests.

10. On May 4, 2004, KACC received, by email and facsimile, an additional information request from the UAW, which, to the best of my knowledge, has been resolved.

11. On May 13, 2004, KACC and the UAW reached a negotiated agreement. A copy of the agreed-upon proposal is attached hereto as Exhibit A.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed on May 14, 2004

Ari Lefkovits