## GRIEVANCE REPORT

Name _D. FERGUSON_         Clock No. _4963_

Class. _202_              Date _6-8-04_

Date of Occurrence(s) _6-7-04_  Article(s) Violated _32_

Discussed With _IKE PICKENS_

Nature of Grievance _BENEFITS_

The Union protests the Company's actions in violating the current Agreement between Accuride Erie and UAW Local 1186.

The Union charges the Company with not allowing eligible employees to enroll and has not provided eligible employees Health Insurance, Life Insurance, Retiree Health Insurance, and Retiree Life Insurance.

The Union demands that the Company cease and desist from violating the Contract, make all employees whole for all lost benefits, make all employees and retirees whole, including interest, for all expenses, charges, and/or debts incurred as a result of the Company's refusal and/or failure to provide all applicable insurances.

_(signature)_                  _6/8/04_
Date Received - Supervisor

_Doug Ferguson_
Employee

_Ron Celeste_
Union Official

081

B



June 14, 2004

Mr. Douglas Ferguson

    Re:    Grievance Dated June 8, 2004

Dear Mr. Ferguson:

The purpose of this letter is to respond in writing to your grievance dated June 8, 2004, at Step 1 of the grievance procedure.

The grievance asserts that certain employees have been denied enrollment in health and life insurance benefits that the Company provides to eligible employees. The grievance does not, however, identify the employees who are allegedly affected or provide any basis for their asserted eligibility. Article 5 of the Agreement provides that a grievance must set forth the facts upon which it is based. The grievance does not satisfy this requirement of the contractual grievance procedure. Therefore, the grievance is denied.

It appears that the grievance may involve employees who signed "opt out" agreements in about 1997, in which they voluntarily elected not to be covered by the health and life insurance benefits the Company provides to other active Erie Plant employees. Employees who signed such "opt out" agreements have not been eligible for Company provided health and life insurance benefits at any subsequent time. As you know, Arbitrator Gerhart specifically found the "opt out" agreements were enforceable and further determined that employees who signed such agreements, and their dependents, are not eligible for benefits that are offered to other Erie Plant employees. Article 32 of the Agreement provides no basis for changing the eligibility of those employees who opted out of benefits provided to other active Erie Plant employees. The grievance has no merit. Therefore, it is denied for this second separate and independent reason.

The Company has treated employees who signed "opt out" agreements as ineligible for benefits under Article 32 of the Agreement since its effective date. Therefore, the date of the occurrence at issue in the grievance is September 1, 2003. Article 5 of the Agreement requires the submission of a grievance within 14 calendar days of the occurrence giving rise to it, or September 15, 2003. However, this grievance was not submitted until June 8, 2004, almost nine months later. The grievance is patently untimely under the contractual grievance procedure. It is denied for this third separate and independent reason.

Very truly yours,

6/14/04

Ike Pickens
Lead Supervisor

Doug Ferguson

6-14-04

082

June 15, 2004

This Grievance, submitted by Doug Ferguson, concerning Benefits is being appealed to Step 2 of the Grievance Procedure. (Article 5.3)

*Received on 6/17/04*

_____
Date Received - Supervisor

_____
Employee

_____
Union Official

083



June 18, 2004

Mr. Douglas Ferguson

    Re:    Grievance Dated June 8, 2004

Dear Mr. Ferguson:

The purpose of this letter is to respond in writing to your grievance dated June 8, 2004, at Step 2 of the grievance procedure.

I have reviewed the facts of this grievance with Lead Supervisor Pickens, and am in complete agreement with his Step 1 response to the grievance.

The grievance asserts that certain employees have been denied enrollment in health and life insurance benefits that the Company provides to eligible employees. The grievance does not, however, identify the employees who are allegedly affected or provide any basis for their asserted eligibility. Article 5 of the Agreement provides that a grievance must set forth the facts upon which it is based. The grievance does not satisfy this requirement of the contractual grievance procedure. Therefore, the grievance is denied.

It appears that the grievance may involve employees who signed "opt out" agreements in about 1997, in which they voluntarily elected not to be covered by the health and life insurance benefits the Company provides to other active Erie Plant employees. Employees who signed such "opt out" agreements have not been eligible for Company provided health and life insurance benefits at any subsequent time. As you know, Arbitrator Gerhart specifically found the "opt out" agreements were enforceable and further determined that employees who signed such agreements, and their dependents, are not eligible for benefits that are offered to other Erie Plant employees. Article 32 of the Agreement provides no basis for changing the eligibility of those employees who opted out of benefits provided to other active Erie Plant employees. The grievance has no merit. Therefore, it is denied for this second separate and independent reason.

The Company has treated employees who signed "opt out" agreements as ineligible for benefits under Article 32 of the Agreement since its effective date. Therefore, the date of the occurrence at issue in the grievance is September 1, 2003. Article 5 of the Agreement requires the submission of a grievance within 14 calendar days of the occurrence giving rise to it, or September 15, 2003. However, this grievance was not submitted until June 8, 2004, almost nine months later. The grievance is patently untimely under the contractual grievance procedure. It is denied for this third separate and independent reason.

Very truly yours,

Lou Tudico
Lead Supervisor

Doug Fergus
6-18-04

4-35-HP6

June 21, 2004

This Grievance, submitted by Doug Ferguson, concerning Benefits is being appealed to Step 3 of the Grievance Procedure. (Article 5.4)

6/21/04

Date Received - H.R. Manager/Designee

*Doug Ferguson*

Employee

*Ron Celeski*

Union Official

085





July 6, 2004

Doug Ferguson
President, UAW Local 1186

Re:    Grievance #04-35-HP6

Dear Mr. Ferguson:

The purpose of this letter is to respond in writing to the Union's appeal to Step 3 of the grievance in this case.

The grievance asserts that certain employees have been denied enrollment in health and life insurance benefits that the Company provides to eligible employees. The grievance does not, however, identify the employees who are allegedly affected or provide any basis for their asserted eligibility. Article 5 of the Agreement provides that a grievance must set forth the facts upon which it is based. The grievance does not satisfy this requirement of the contractual grievance procedure. Therefore, the grievance is denied.

It appears that the grievance may involve employees who signed "opt out" agreements in about 1997, in which they voluntarily elected not to be covered by the health and life insurance benefits the Company provides to other active Erie Plant employees. Employees who signed such "opt out" agreements have not been eligible for Company provided health and life insurance benefits at any subsequent time. As you know, Arbitrator Gerhart specifically found the "opt out" agreements were enforceable and further determined that employees who signed such agreements, and their dependents, are not eligible for benefits that are offered to other Erie Plant employees. The current Agreement provides no basis for changing the eligibility of those employees who opted out of benefits provided to other active Erie Plant employees many years ago. The grievance has no merit. Therefore, it is denied for this second separate and independent reason.

The Company has not treated the employees who signed "opt out" agreements as eligible for benefits at any time since the Agreement became effective. Therefore, the date of the occurrence at issue in the grievance is September 1, 2003, at the latest. Article 5 of the Agreement requires the submission of a grievance within 14 calendar days of the occurrence giving rise to it, or September 15, 2003. However, this grievance was not submitted until June 8, 2004, almost nine months later. The grievance is patently untimely under the contractual grievance procedure and therefore it is not arbitrable.

Finally, Article 5 applies only to disputes concerning "a term or condition of employment set forth in this Agreement." The dispute here is not controlled by any term or condition of employment set forth in the Agreement but by other, unrelated agreements and benefit plans. Accordingly, the grievance is not appropriate for arbitration under the Agreement as a substantive matter.

Very truly yours,

Michael Pinson
Human Resources Manager