IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ACCURIDE ERIE L.P.**, a limited partnership,<br><br>    Plaintiff/Counterclaim Defendant<br><br>v.<br><br>**INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE, AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, LOCAL 1186**, a voluntary unincorporated association,<br><br>    Defendant/Counterclaim Plaintiff. | Case No. 05-CV-169 Erie<br><br>Judge Sean J. McLaughlin<br><br>[Electronically Filed] |

## DEFENDANT/COUNTERCLAIM PLAINTIFF UAW'S CONCISE STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

Pursuant to Local Rule 56.1, and in support of its Motion For Summary Judgment, Defendant/Counterclaim Plaintiff International Union, United Automobile, Aerospace & Agricultural Implement Workers of America, UAW and its Local 1186 ("UAW") submit this statement of undisputed facts about which there is no genuine issue to be tried.

1.   For decades, the UAW has been the collective bargaining representative of production and maintenance employees at a manufacturing facility in Erie, Pennsylvania, which is now owned by Plaintiff/Counterclaim Defendant Accuride Erie L.P.

("Accuride"). The current collective bargaining agreement ("CBA") between the UAW and Accuride runs from September 1, 2003 until August 31, 2007. (Accuride App. at 67-80.)[1] Under that agreement, the parties have agreed to final and binding arbitration of grievances. (Accuride App. at 74-75.)

2. In 2004, a dispute arose between the UAW and Accuride over interpretation and application of the terms of the CBA. (Accuride App. at 81.) At issue was the eligibility of certain bargaining unit members for medical insurance and other benefits under the CBA.

3. The UAW filed a grievance on June 8, 2004 protesting Accuride's refusal to provide medical and life insurance benefits, as required by the CBA, to certain bargaining unit members. (Accuride App. at 81.)

4. Under Article 32 of the current collective bargaining agreement, the Company agreed to provide "eligible employees" with a list of enumerated benefits, including medical, dental and life insurance. (Accuride App. at 76.)

5. The Company denied the UAW's grievance on June 14, 2004 at the first step of the grievance procedure, stating that "the grievance may involve employees who signed 'opt out' agreements in about 1997, in which they voluntarily elected not to be covered by the health and life insurance benefits the Company provides to other active Erie Plant employees. (Accuride App. at 82.) In addition, the Company objected to the UAW's grievance as untimely. (Accuride App. at 82.) The grievance was subsequently denied by the Company at the second and third steps of the grievance procedure. (Accuride App. at 84-87.)

---

[1] Factual citations are to the Appendix in Support of Its Motion For Summary Judgment filed by Accuride. "Accuride App. at ___" will be used to reference the page number in the Accuride Appendix where the document is found.

2

6. In accordance with the terms of the CBA, the parties submitted the dispute to binding arbitration. (Accuride App. at 2.) A hearing was held on January 26, 2005 before Arbitrator Robert A. Creo. (Accuride App. at 2.) Arbitrator Creo issued an Opinion and Award ("Award") on April 26, 2005 granting the UAW's grievance. (Accuride App. at 2-21.)

7. In his Award, Arbitrator Creo first found that the grievance was timely. Arbitrator Creo based the timeliness determination on the finding that "the event that gave rise [ ] to the grievance" occurred on May 31, 2004, and therefore the Union's June 8, 2004 grievance was within the 14-day time limit provided by the CBA. (Accuride App. at 20.)

8. With respect to the Company's argument that the aggrieved employees were not "eligible" for health insurance under the collective bargaining agreement because they had "opted out" of that insurance by signing agreements with AKW, L.P. in 1997, Arbitrator Creo found that,

> [i]n the current Agreement, there are no sections that pertain to the health benefits or the opting out that was done under AKW which states that should benefits be terminated then these employees are precluded from obtaining benefits under the new Agreement. The parties had the opportunity to include in this Agreement the letter of understanding that would have included the opting out language as irrevocable and the sole source of benefits. They did not do so. As a result, there is no language to control in the current Agreement with regard to the opting out that occurred under the predecessor AKW and the bargaining unit.

(Accuride App. at 20.)

9. As a result, Arbitrator Creo rejected the Company's argument that "the term 'eligible' employees preclude[d] those that had opted out" from receiving benefits under the current collective bargaining agreement. Consequently, Arbitrator Creo

concluded that "[e]ligible, therefore, applies to other terms of eligibility and not the opt out agreement that had been signed under AKW and the previous bargaining Agreement." (Accuride App. at 20.)

10. Arbitrator Creo also rejected the Company's assertion that his decision was controlled by an arbitration award issued by Arbitrator Paul Gerhart under a prior collective bargaining agreement. In this regard, Arbitrator Creo's relevant finding were as follows,

> [t]he prior grievance that Arbitrator Gerhart ruled upon arose under the previous agreement, with different circumstances. The cases cited clearly show that when there are changes in the Agreement, then the previous decisions do not control, which is the case there – the provision from the prior contract is no longer included in the current Agreement. Without that provision, the election to opt out becomes meaningless and Arbitrator Gerhart's ruling no longer applies.

(Accuride App. at 20.)

11. Having made his findings with respect to the application of the terms of the parties' collective bargaining agreement, the Arbitrator issued the following award,

> [t]he Employer is ordered to cease and desist from not providing benefits to all employees as provided by the Agreement. Employees are to be made whole for any losses due to the improper denial of benefits. The Arbitrator retains jurisdiction over the implementation of this Award.

(Accuride App. at 21.)

        Respectfully submitted,

        s/ Catherine J. Trafton
        International Union, UAW
        8000 E. Jefferson Avenue
        Detroit, MI 48214
        Telephone: (313) 926-5216
        Fax: (313) 926-5240
        ctrafton@uaw.net

        William Payne
        PA Bar #38083
        1007 Mt. Royal Blvd.
        Pittsburgh, PA 15223
        Telephone: (412) 492-8797
        Fax: (412) 492-8978
        wpayne@stargate.net

Dated:   March 13, 2006