IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ACCURIDE ERIE L.P., a limited partnership,**<br><br>Plaintiff/Counterclaim Defendant<br><br>v.<br><br>**INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE, AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, LOCAL 1186, a voluntary unincorporated association,**<br><br>Defendant/Counterclaim Plaintiff. | **Case No. 05-CV-169 Erie**<br><br>**Judge Sean J. McLaughlin**<br><br>**[Electronically Filed]** |

<u>**DEFENDANT/COUNTERCLAIM PLAINTIFF UAW'S MEMORANDUM OF LAW IN SUPPORT OF ITS CROSS MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO PLAINTIFF/COUNTERCLAIM DEFENDANT ACCURIDE'S MOTION FOR SUMMARY JUDGMENT**</u>

<u>Introduction</u>

In this case, Accuride Erie L.P. ("Accuride" or "the Company") filed suit to vacate a labor arbitration award issued against it. The International Union, United Automobile, Aerospace & Agricultural Implement Workers of America ("UAW") filed a counterclaim to confirm the award. That award found that the Company had violated its collective bargaining agreement with the UAW by failing to provide certain employees with promised medical and life insurance benefits. Under the narrow standard of review applicable in cases such as the instant one, an arbitration award must be enforced if it

draws its essence from the collective bargaining agreement. As we will detail further below, the arbitration award at issue must be confirmed because it draws its essence from the collective bargaining agreement.

## Statement of Facts

For decades, the UAW has been the collective bargaining representative of production and maintenance employees at a manufacturing facility in Erie, Pennsylvania, which is now owned by Accuride. The current collective bargaining agreement ("CBA") between the UAW and Accuride runs from September 1, 2003 until August 31, 2007. (Accuride App. at 67-80.)[1] Under that agreement, the parties have agreed to final and binding arbitration of grievances. (Accuride App. at 74-75.)

In 2004, a dispute arose between the UAW and Accuride over interpretation and application of the terms of the CBA. (Accuride App. at 81.) At issue was the eligibility of certain bargaining unit members for medical insurance and other benefits under the CBA. The UAW filed a grievance on June 8, 2004 protesting Accuride's refusal to provide medical and life insurance benefits, as required by the CBA, to certain bargaining unit members. (Accuride App. at 81.) Under Article 32 of the current collective bargaining agreement, the Company agreed to provide "eligible employees" with a list of enumerated benefits, including medical, dental and life insurance. (Accuride App. at 76.)

The Company denied the UAW's grievance on June 14, 2004 at the first step of the grievance procedure, stating that "the grievance may involve employees who signed 'opt out' agreements in about 1997, in which they voluntarily elected not to be covered by the health and life insurance benefits the Company provides to other active Erie Plant

---

[1] Factual citations are to the Appendix in Support of Its Motion For Summary Judgment filed by Accuride. "Accuride App. at ___" will be used to reference the page number in the Accuride Appendix where the document is found.

employees. (Accuride App. at 82.) In addition, the Company objected to the UAW's grievance as untimely. (Accuride App. at 82.) The grievance was subsequently denied by the Company at the second and third steps of the grievance procedure. (Accuride App. at 84-87.)

In accordance with the terms of the CBA, the parties submitted the dispute to binding arbitration. (Accuride App. at 2.) A hearing was held on January 26, 2005 before Arbitrator Robert A. Creo. (Accuride App. at 2.) Arbitrator Creo issued an Opinion and Award ("Award") on April 26, 2005 granting the UAW's grievance. (Accuride App. at 2-21.)

In his Award, Arbitrator Creo first found that the grievance was timely. Arbitrator Creo based the timeliness determination on the finding that "the event that gave rise [ ] to the grievance" occurred on May 31, 2004, and therefore the Union's June 8, 2004 grievance was within the 14-day time limit provided by the CBA. (Accuride App. at 20.)

With respect to the Company's argument that the aggrieved employees were not "eligible" for health insurance under the collective bargaining agreement because they had "opted out" of that insurance by signing agreements with AKW, L.P. in 1997, Arbitrator Creo found that,

> [i]n the current Agreement, there are no sections that pertain to the health benefits or the opting out that was done under AKW which states that should benefits be terminated then these employees are precluded from obtaining benefits under the new Agreement. The parties had the opportunity to include in this Agreement the letter of understanding that would have included the opting out language as irrevocable and the sole source of benefits. They did not do so. As a result, there is no language to control in the current Agreement with regard to the opting out that occurred under the predecessor AKW and the bargaining unit.

(Accuride App. at 20.) As a result, Arbitrator Creo rejected the Company's argument that "the term 'eligible' employees preclude[d] those that had opted out" from receiving benefits under the current collective bargaining agreement. Consequently, Arbitrator Creo concluded that "[e]ligible, therefore, applies to other terms of eligibility and not the opt out agreement that had been signed under AKW and the previous bargaining Agreement." (Accuride App. at 20.)

Arbitrator Creo also rejected the Company's assertion that his decision was controlled by an arbitration award issued by Arbitrator Paul Gerhart under a prior collective bargaining agreement. In this regard, Arbitrator Creo's relevant finding were as follows,

> [t]he prior grievance that Arbitrator Gerhart ruled upon arose under the previous agreement, with different circumstances. The cases cited clearly show that when there are changes in the Agreement, then the previous decisions do not control, which is the case there – the provision from the prior contract is no longer included in the current Agreement. Without that provision, the election to opt out becomes meaningless and Arbitrator Gerhart's ruling no longer applies.

(Accuride App. at 20.)

Having made his findings with respect to the application of the terms of the parties' collective bargaining agreement, the Arbitrator issued the following award,

> [t]he Employer is ordered to cease and desist from not providing benefits to all employees as provided by the Agreement. Employees are to be made whole for any losses due to the improper denial of benefits. The Arbitrator retains jurisdiction over the implementation of this Award.

On March 27, 2005, the Company sued to vacate Arbitrator Creo's award under §301 of the Labor Management Relations Act, 29 U.S.C. § 152. The UAW answered the Company's complaint and filed a counterclaim against the Company to confirm the Award. Accuride filed a Motion For Summary Judgment on February 10, 2006. The

UAW now opposes that Motion and files a Cross Motion For Summary Judgment on its counterclaim to confirm the Award.

## Argument

I.  **Arbitrator Creo's Award Draws Its Essence From The Collective Bargaining Agreement**

The standard of review governing actions to confirm or vacate labor arbitration awards, such as the instant one, is clearly defined in the law of the Supreme Court and this Circuit. "That standard is narrow, reflecting a preference for arbitration expressed in federal labor laws and a desire to promote the benefits of labor arbitration – speed, flexibility, informality, and finality." *Exxon Shipping Co. v. Exxon Seamen's Union*, 993 F.2d 357, 360 (3rd Cir. 1993) *citing Penntach Papers, Inc. v. United Paperworkers Int'l Union*, 896 F.2d 51, 53 (3rd Cir. 1990).

Accordingly, when courts are asked to review an arbitration award, they "must enforce [the award], if it was based on an 'arguable' interpretation and/or application of the collective bargaining agreement, and may only vacate it if there is no support in the record for its determination or if it reflects a 'manifest disregard of the agreement, totally unsupported by principles of contract construction…" *Exxon Shipping Co.*, 993 F.2d at 360 *quoting News America Publications v. Newark Typographical Union, Local 103*, 918 F.2d 21, 24 (3rd Cir. 1990).

As the Supreme Court has explained,

> [t]he question of interpretation of the collective bargaining agreement is a question for the arbitrator. It is the arbitrator's construction which was bargained for; and so far as the arbitrator's decision concerns the construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his.

*United Steelworkers v. Enterprise Wheel & Car Corp.* 363 U.S. 593, 599 (1960). That is why when a court reviews the decision of an arbitrator it is limited to the determination of whether that decision "draw[s] its essence from the contract." *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987). In all cases, an arbitrator's award must be upheld "as long as the arbitrator is even arguably construing or applying the contract…" *Id.*

In this case, the Company argues that the arbitrator exceeded his authority pursuant to Article 5.6 of the collective bargaining agreement, which provides that "an arbitrator shall not add to, subtract from, or modify the terms of this Agreement." Specifically, Accuride argues that Arbitrator Creo exceeded his powers under Article 5.6 by "granting benefits that were not negotiated by the parties," and also "by failing to apply the timeliness provisions in the grievance procedure to the parties' contractual dispute." *Accuride's Brief In Support Of Its Motion For Summary Judgment* at pp. 11 and 15. The Company's third and final argument is that Arbitrator Creo's Award conflicts with an arbitration award issued by another arbitrator. *Accuride's Brief* at 20. We will address each of the Company's arguments in turn.

  **A. Arbitrator Creo Properly Determined That The Aggrieved Employees Are "Eligible" For Benefits Under The CBA.**

Article 32 of the parties' current collective bargaining agreement, entitled "Benefits," provides in its entirety as follows:

> During this agreement, the Company will provide eligible employees with the following benefits:
>
>   1. Medical benefits
>   2. Dental benefits
>   3. Employee Assistance Program
>   4. Sickness and Accident Insurance

6

> 5. Life Insurance
> 6. Supplemental Employment Benefits
> 7. Pension Benefits
> 8. Savings Plan
> 9. Retiree Medical and Life Insurance Benefits
>
> The specific terms of these benefits are set forth in the benefit plans and insurance contract. The benefit plan and the insurance contract are the controlling documents. Disputes concerning benefit claims will be resolved by the claim procedures of the respective benefit plans or the insurance contract.

(Accuride App. at 76.) Despite this provision, the Company took the position in 2004 that it was not obligated to provide these benefits to certain Accuride employees. In response, the Union filed the grievance that is the subject of the underlying arbitration in this case.

The Company does not base its denial of the benefits at issue on any language or provision in the current collective bargaining agreement. Rather, Accuride claims that the aggrieved employees are not entitled to the benefits at issue based on individual agreements signed by those employees in 1997 in which they "opted out" of benefits provided by AKW L.P., the predecessor to Accuride. The "opt out" agreements signed by individual employees were referenced in a Letter of Agreement attached to the parties' 1998 collective bargaining agreement. The 1998 agreement has expired, and the Company fully admits that no reference is made in the current collective bargaining agreement to any limitations on eligibility based on the previously referenced "opt out" agreements." *See Accuride's Concise Statement of Facts* at paragraph 22.

Based on these uncontroverted facts, Arbitrator Creo made a rather straightforward finding with respect to the Company's argument in this regard. He found that,

> [i]n the current Agreement, there are no sections that pertain to the health benefits or the opting out that was done under AKW which states that should benefits be terminated then these employees are precluded from obtaining benefits under the new Agreement. The parties had the opportunity to include in this Agreement the letter of understanding that would have included the opting out language as irrevocable and the sole source of benefits. They did not do so. As a result, there is no language to control in the current Agreement with regard to the opting out that occurred under the predecessor AKW and the bargaining unit.

As a result, the arbitrator determined that "nowhere in the Agreement is there any backing for [the] contention that the term 'eligible' employees precludes those that had opted out." (Accuride App. at 20.)

On its face, the arbitrator's finding in this regard draws its essence from the collective bargaining agreement. The arbitrator could not have made plainer that his decision was based on his reading of the relevant provision of the collective bargaining agreement and its application to the facts before him. When he rejected the Company's argument regarding the "opt out" agreements, he made clear that he was doing so based on the fact that "nowhere in the Agreement is there any backing for [the] contention."

Notwithstanding Arbitrator Creo's careful and reasoned decision based on his interpretation of the relevant contract language, the Company insists that he "impermissibly modified the parties' Agreement" by adding a provision not in that Agreement.

The Court should reject the Company's argument. Arbitrator Creo did *not* add any provisions to the collective bargaining agreement. To the contrary, he rejected the Company's efforts to add and rely on provisions not included in the governing collective bargaining agreement. To be clear, the Company's contention that the aggrieved employees are not eligible is based entirely on documents outside the collective

bargaining agreement. Acknowledging that his powers were limited to interpreting the governing collective bargaining agreement, Arbitrator Creo rejected the Employer's reliance on documents not included in or referenced in that agreement. There is no rational way to interpret this determination as "adding a provision" to the collective bargaining agreement. More to the point, the manner in which the arbitrator considered and rejected the Company's argument in this regard directly demonstrates that the decision draws its essence from the collective bargaining agreement.

### B. Arbitrator Creo Properly Determined That The Grievance Was Timely

The Company also objects to the arbitrator's finding that the Union's grievance was timely. In particular, the Company argues that Arbitrator Creo "fail[ed] to apply the timeliness provisions of the parties' contractual dispute." The Company's assertion about the arbitrator's timeliness finding is specious.

In finding that the Union's June 8, 2004 grievance was timely, the arbitrator fully acknowledged and applied the contractually-agreed upon time-limit that a "grievance must be submitted…within 14 calendar days of the occurrence giving rise to the grievance." In so doing, he determined that the occurrence giving rise to the grievance occurred on May 31, 2004, the date upon which the aggrieved employees lost access to their prior health insurance and sought coverage under the Accuride/UAW collective bargaining agreement.

The Company does not attempt to argue that the arbitrator did not apply the 14-day time limit, an argument that is belied by the facts. Rather, the Company objects to the arbitrator's determination of the date upon which the occurrence giving rise to the grievance took place. However, it is not the role of this court to take a second look at this

9

factual determination. In fact, under the applicable standard of review, the court is prohibited from doing so. The arbitrator's determination regarding timeliness must be upheld because "it is the arbitrator's construction which was bargained for" and "as long as the arbitrator is even arguably construing or applying the contract," it must be enforced. *United Steelworkers*, 363 U.S. at 599 and *Misco*, 484 U.S. at 38. It is black letter labor law that any timliness issues are for the arbitrator, not the court. *Oil, Chemical & Atomic Worker Int'l Union v. Union Oil*, 457 F.Supp. 179 (C.D. Cal. 1978) (claim of lack of compliance with arbitration procedure was an issue for arbitrator and not court). *See also Int'l Union of Operating Engineers v. Flair Builders*, 406 U.S. 487 (1972).

The Company's argument regarding the arbitrator's timeliness finding is not that he did not construe or apply the contract's 14-day time limit. The Company's argument is that the arbitrator incorrectly applied the 14-day time limit in determining the date of the event triggering the grievance. This is not a basis for vacating Arbitrator Creo's award, even if the Court disagreed with his application of the agreement. *Enterprise Wheel & Car Corp.*, 363 U.S. at 599 ("[T]he courts have no business overruling him because their interpretation of the contract is different from his.")

### C. Arbitrator Creo Properly Determined That He Was Not Bound By A Prior Arbitration Award under A Different Collective Bargaining Agreement

The Company's final argument for vacating Arbitrator Creo's award is that he failed to follow an arbitration decision issued by another arbitrator under a different collective bargaining agreement. The decision cited by the Company was issued by Arbitrator Gerhart under the 1998 collective bargaining agreement between AKW, L.P.

and the UAW. The Gerhart decision specifically relied on a provision in the 1998 collective bargaining agreement that is undeniably not included in the 2003 agreement that governs in this case. (Accuride App. at 161.) That provision was the Letter of Understanding that referred to employees opting out of AKW insurance.

In rejecting the Company's assertion that he was bound by Arbitrator Gerhart's decision, Arbitrator Creo determined that "[t]he prior grievance that Arbitrator Gerhart ruled upon arose under the previous Agreement, with different circumstances." As a result, he found that it did not control. This was so because "[t]here are clearly differences between the previous Agreement and the current Agreement." Because "the provision from the prior contract is no longer included in the current agreement…Arbitrator Gerhart's ruling no longer applies."

Consistent with his rejection of the Company's efforts to add provisions to the collective bargaining agreement, and his finding of timeliness, Arbitrator Creo's determination that he was not bound by Arbitrator Gerhart's decision under a different collective bargaining agreement, by definition, draws its essence from the collective bargaining agreement. Arbitrator Creo found that he could not be bound by another arbitrator's decision that was explicitly based on language not present in the agreement from which his authority was drawn.

Accuride acknowledges that "whether a prior arbitration award should be given binding effect under a collective bargaining agreement ordinarily is a matter of contract interpretation to be determined by an arbitrator." *Accuride Brief* at p. 20. Nonetheless, the Company asks this Court to vacate Arbitrator Creo's award based on the fact that he

found that Arbitrator Gerhart's award under a different collective bargaining agreement was not binding.

In support of its argument, the Company cites *Trailways Lines, Inc. v. Trailways, Inc. Joint Council*, 807 F.2d 1416, 1425 (8th Cir. 1986). The *Trailways* case is inapposite since the very language relied upon by the Company from that decision makes clear that it involved two arbitrator's interpretation of "the *same* contract," which is not the case here. *Trailways,* 807 F.2d at 1425-26 *(emphasis added)*. There is a body of law governing the situation in which two arbitrators are asked to interpret the same contractual language. However, that law has no application to this case because the prior arbitration award cited by the Company was based on different contractual language. If Arbitrator Creo had relied on the Gerhart decision, his decision would have failed to draw its essence from the collective bargaining agreement because it would have added provisions to the agreement that it does not contain. The Company's efforts to re-cast what Arbitrator Creo determined with respect to the Gerhart award must be rejected.

None of the three arguments offered by Accuride supports the vacation of Arbitrator Creo's Award. As detailed above, that Award draws its essence from the collective bargaining agreement and – as a matter of law – must be confirmed.

## Conclusion

The UAW respectfully requests that its Cross Motion For Summary Judgment be granted in full and that an order issue confirming Arbitrator Creo's Award and ordering Accuride to immediately comply. The UAW also requests that Accuride's Motion For Summary Judgment be denied.

                                              Respectfully submitted,

                                              s/ Catherine J. Trafton  
                                              International Union, UAW  
                                              8000 E. Jefferson Avenue  
                                              Detroit, MI  48214  
                                              Telephone: (313) 926-5216  
                                              Fax: (313) 926-5240  
                                              ctrafton@uaw.net

                                              William Payne  
                                              PA Bar #38083  
                                              1007 Mt. Royal Blvd.  
                                              Pittsburgh, PA  15223  
                                              Telephone: (412) 492-8797  
                                              Fax: (412) 492-8978  
                                              wpayne@stargate.net

Dated:   March 13, 2006