§IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ACCURIDE ERIE L.P., a limited partnership, | Case No. 05-CV-169 Erie |
| Plaintiff/Counterclaim Defendant, | Judge Sean J. McLaughlin |
| v. | **[Electronically Filed]** |
| INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE & AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, LOCAL UNION 1186, a voluntary unincorporated association, | |
| Defendant/Counterclaim Plaintiff | |
| and INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE & AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, UAW, a voluntary unincorporated association, | |
| Counterclaim Plaintiff. | |

**PLAINTIFF/COUNTERCLAIM DEFENDANT, ACCURIDE ERIE L.P.'S RESPONSE TO DEFENDANT/COUNTERCLAIM PLAINTIFF UAW'S CONCISE STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

Pursuant to Rule 56.1 of the Local Rules of Court, Plaintiff/Counterclaim Defendant Accuride Erie L.P. ("Accuride" or the "Company") hereby submits the following responses to Defendant/Counterclaim Plaintiff UAW's (the "Union's) Concise Statement of Material Facts Not in Dispute:

1. Accuride admits that the Union has represented its hourly production and maintenance workers at the Erie Plant. However, the parties' current collective bargaining agreement ("Agreement") is between Accuride and the Union's Local 1186. Complaint ¶ 3; Answer ¶ 3. Accuride further denies that the current Agreement provides for "final and binding"

arbitration of grievances. Rather, under the Agreement an arbitration award is the "final" result of the parties' agreed-upon grievance procedure. App. 073-075.

2. Accuride admits that a dispute arose in 2004 between the Union and Accuride concerning the eligibility of certain bargaining unit employees for medical coverage, and affirmative avers that the dispute involved employees who irrevocably opted out of receiving that medical coverage prior to the effective date of the Agreement. App. 133.

3. Accuride admits that the Union submitted a grievance on June 8, 2004, and denies that the parties' Agreement required Accuride to extend medical coverage to employees who previously irrevocably opted out of such coverage. App. 133.

4. Accuride admits the facts asserted in paragraph 4 of the Union's Concise Statement of Facts.

5. Accuride admits the facts asserted in paragraph 5 of the Union's Concise Statement of Facts, with the caveat that the Union has selectively quoted only a portion of the Company's Step 1 grievance response. App. 082.

6. Accuride admits that the parties submitted their dispute to arbitration, and denies that the arbitration was "binding" under the terms of the Agreement. App. 073-075. Accuride admits that a hearing was held on January 26, 2005 and that Arbitrator Creo issued an Opinion and Award on April 26, 2005 granting the Union's grievance.

7. Accuride admits the facts asserted in paragraph 7 of the Union's Concise Statement of Facts, with the caveat that the Union has selectively quoted only a portion of Arbitrator Creo's Award.

8. Accuride admits the facts asserted in paragraph 8 of the Union's Concise Statement of Facts, with the caveat that the Union has selectively quoted only a portion of

2

Arbitrator Creo's Award. In addition, it is undisputed that Accuride Erie L.P. was previously known as AKW, L.P. and is not a different legal entity. Accuride's Concise Statement of Facts ¶ 4; Union's Response to Accuride's Concise Statement of Facts ¶ 4.

9. Accuride admits the facts asserted in paragraph 9 of the Union's Concise Statement of Facts, with the caveat that the Union has selectively quoted only a portion of Arbitrator Creo's Award.

10. Accuride admits that Arbitrator Creo rejected the Gerhart Award, and denies that the Union has accurately quoted from Arbitrator Creo's Award. App. 020.

11. Accuride admits the facts asserted in paragraph 11 of the Union's Concise Statement of Facts, with the caveats that the Union has selectively quoted only a portion of Arbitrator Creo's Award and that Arbitrator Creo's Award was limited by the parties' stipulation that it involved only the provision of medical benefits to certain of Accuride's active bargaining unit employees.

DATED this 31st day of March, 2006.

QUINN, BUSECK, LEEMHUIS, TOOHEY & KROTO, INC.

By  s/ Arthur Martinucci
   Arthur Martinucci
   2222 W. Grandview Blvd.
   Erie, PA  16506

RYLEY CARLOCK & APPLEWHITE

By  s/ Frederick C. Miner
   Frederick C. Miner
   Andrea G. Lisenbee
   One N. Central Ave., Ste. 1200
   Phoenix, AZ  85004-4417

COUNSEL FOR ACCURIDE ERIE, L.P.