IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ACCURIDE ERIE L.P.**, a limited partnership,<br><br>    **Plaintiff/Counterclaim Defendant**<br><br>v.<br><br>**INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE, AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, LOCAL 1186**, a voluntary unincorporated association,<br><br>    **Defendant/Counterclaim Plaintiff.** | Case No. 05-CV-169 Erie<br><br>Judge Sean J. McLaughlin<br><br>[Electronically Filed] |

**DEFENDANT/COUNTERCLAIM PLAINTIFF
UAW'S BRIEF IN SUPPORT OF MOTION FOR REMAND
TO ARBITRATOR AND TO HOLD CASE IN ABEYANCE**

Introduction

In this case, Accuride Erie L.P. ("the Company") filed suit to vacate a labor arbitration award issued against it. The International Union, United Automobile, Aerospace & Agricultural Implement Workers of America ("UAW") filed a counterclaim to confirm the award. The parties filed cross-motions for summary judgment and on April, 28 2006, the parties appeared before the Court for a hearing on those motions. At the close of the hearing, the Court requested that the parties make an effort to settle the case, and report back to the Court within two weeks. At the request of the UAW, the

Court granted the parties an additional two weeks – until May 26, 2006 – in which to attempt to settle the case.

The parties met in an attempt to settle the case on May 21, 2006 and May 22, 2006, but were unable to reach an agreement. During the course of settlement negotiations, it became apparent that a dispute existed between the parties as to the applicability of the award to individuals who have retired from employment since the arbitrator's award was issued. The specific nature of the dispute is whether the award covers both active employees and retirees, or whether it is limited to active employees. At the time of the arbitration, none of the affected employees had retired. However, in the time that has passed since the award issued and the Company refused to comply, a number of the affected individuals have retired. The UAW takes the position that the retirees are covered by the arbitrator's award while the Company contends that they are not. This dispute contributed to the parties' inability to reach a settlement of the case.[1]

The arbitrator in this case specifically retained jurisdiction over the implementation of his award. (See Accuride App. at 21.)

Argument

Although the parties have filed cross-motions for summary judgment, this Court has not yet issued a decision either confirming or vacating the labor arbitration award at issue. Instead, at the encouragement of the Court, the parties met in an attempt to settle the case. Unfortunately, the result of those negotiations was the discovery of the fact that the parties are not only in dispute as to the enforceability of the award, but also disagree about who the award covers.

---

[1] Prior to filing this Motion, the UAW contacted counsel for the Company to determine whether the Company was willing to join in the UAW's Motion. Counsel for the Company declined the UAW's invitation and indicated that it was opposed to the Motion.

The dispute at issue – whether certain individuals are subject to the remedy provided in the award – is a question for the arbitrator. The award does not specifically address the issue because at the time of the arbitration, none of the affected individuals had retired. Resolution of the question requires clarification of the arbitrator's interpretation of the parties' collective bargaining agreement, which is a determination appropriately made by the arbitrator, rather than the court. Furthermore, the arbitrator here has explicitly retained jurisdiction over the implementation of the award, and so any disputes concerning issues of compliance, such as this one, should be resolved by him.

In the event that this Court issues a decision confirming the arbitrator's award, and the Company maintains its position regarding the award's inapplicability to retirees, it will be necessary to resolve the dispute by returning to the arbitrator for clarification of his award at that time. The UAW submits that it would serve the purposes of judicial economy for this dispute to be resolved by the arbitrator now, so that the parties can once again attempt settlement in light of the arbitrator's clarification. If the parties are able to reach a settlement, it will be unnecessary for the court to issue a decision on the cross-motions for summary judgment. In the event that the parties do not reach a settlement, the Court could issue a decision at that time.

For all of these reasons, the UAW requests that the Court remand the underlying arbitration case to the arbitrator while at the same time holding further processing of the instant action in abeyance until the award has been clarified and the parties have attempted further settlement.

       Respectfully submitted,

       s/ Catherine J. Trafton
       International Union, UAW
       8000 E. Jefferson Avenue
       Detroit, MI 48214
       Telephone: (313) 926-5216
       Fax: (313) 926-5240
       ctrafton@uaw.net


       William Payne
       PA Bar #38083
       1007 Mt. Royal Blvd.
       Pittsburgh, PA 15223
       Telephone: (412) 492-8797
       Fax: (412) 492-8978
       wpayne@stargate.net

Dated:   May 26, 2006