IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ACCURIDE ERIE L.P.**, a limited partnership,<br><br>    Plaintiff/Counterclaim Defendant<br><br>v.<br><br>**INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE, AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, LOCAL 1186**, a voluntary unincorporated association,<br><br>    Defendant/Counterclaim Plaintiff. | **Case No. 05-CV-169 Erie**<br><br>**Judge Sean J. McLaughlin**<br><br>**[Electronically Filed]** |

### UAW'S RESPONSE TO ACCURIDE ERIE L.P.'S CORRESPONDENCE TO THE COURT

On May 26, 2006, Plaintiff/Counterclaim Defendant Accuride Erie L.P. ("the Company") sent a letter to the Court by facsimile in which it made certain representations about the settlement negotiations entered into recently by the parties at the Court's encouragement. This filing will serve as Defendant/Counterclaim Plaintiff UAW's ("the UAW" or "the Union") response to the Company's correspondence.

In an order dated May 3, 2006, the Court ordered the parties to notify the Court by May 26, 2006 regarding their efforts to settle the case. Although the Court did not request that the parties provide it with their respective accounts of the substance of the settlement negotiations in this case, the Company's recent correspondence provided its

version of why the negotiations were unsuccessful. Because that correspondence contains several inaccuracies and misrepresentations, the UAW will provide this brief response to correct the record.[1]

As a starting point, the UAW does not dispute that the primary reason for the failed settlement negotiations is a dispute between the parties regarding whether the arbitration award at issue covers both active employees and retirees or whether it is limited to active employees. In its correspondence, the Company claims that the Union "chose not to present to Arbitrator Creo" the issue of retiree health insurance. However, this claim is directly contradicted by the very language of the underlying grievance.[2] That language provides as follows:

> The Union protests the Company's actions in violating the current Agreement between Accuride Erie and UAW Local 1186
>
> The Union charges the Company with not allowing eligible employees to enroll and has not provided eligible employees Health Insurance, Life Insurance, *Retiree Health Insurance and Retiree Life Insurance*.
>
> The Union demands that the Company cease and desist from violating the Contract, make all employees whole for all lost benefits, make all employees and *retirees* whole, including interest, for all expenses, changes and/or debts incurred as a result of the Company's refusal and/or failure to provide all applicable insurances.

(Accuride App. at 81) (emphasis added).

Indeed, that the Union's grievance would mention insurance for active employees and retirees is perfectly logical since both are provided in the same provision of the

---

[1] The UAW filed a Motion on May 26, 2006 requesting that the Court remand the underlying case to the arbitrator for clarification of his award, and hold this case in abeyance until the arbitrator has made that clarification. Our position remains that the relief requested in that Motion is the appropriate remedy at this juncture.

[2] The Company also seems to suggest in its letter that the UAW somehow may not enforce its collective bargaining agreements where retiree benefits are at issue because retiree benefits are a permissive subject of bargaining. This is not the case. The Union has a right under federal law to enforce its collective bargaining agreements, including the provisions of those agreements that provide benefits to retirees.

contract. Article 32 of the collective bargaining agreement contains the following language:

> During this Agreement, the Company will provide eligible employees with the following benefits:
>
> 1. Medical benefits
> 2. Dental benefits
> 3. Employee Assistance Program
> 4. Sickness and Accident Insurance
> 5. Life Insurance
> 6. Supplemental Unemployment Benefits
> 7. Pension benefits
> 8. Savings Plan
> 9. Retiree Medical and Life Insurance benefits
>
> The specific terms of these benefits are set forth in the benefit plans and the insurance contract. The benefit plans and the insurance contract are the controlling documents. Disputes concerning benefit claims will be resolved by the claim procedures of the respective benefit plans or the insurance contract.

(Accuride App. at 76.)

The arbitrator in this case "upheld and granted in full" the UAW's grievance (Accuride App. at 21.) His finding that the Company was bound by the terms of Article 32, did not carve out any exceptions for any sub-set of that Article. Now – nearly two years after the UAW filed its grievance – approximately two-thirds of the affected employees, who were active at the time of the grievance, have retired. This change in circumstance results from the fact that for more than a year, the Company has refused to comply with the arbitrator's award. Under Article 32, both active and retired employees are entitled to health and life insurance. The Company now seeks to take advantage of the change in circumstances created by its non-compliance in an manner that renders the arbitrator's award meaningless for the affected employees who retired since the arbitrator issued his decision.

Nonetheless, acknowledging that the Company has created a dispute about the meaning of compliance with the arbitrator's award, the UAW suggested to the Company that the parties return to the arbitrator to resolve the dispute. The Company refused the UAW's request and argues in its correspondence that the Union is attempting to raise "a new issue" not addressed by the arbitrator. As explained above, and in our Motion For Remand And To Hold Case In Abeyance, the grievance at issue specifically identifies retiree health and life insurance, and the arbitrator sustained that grievance "in full."[3] That being the case, the Company's position that this is a new issue cannot be sustained. However, even assuming that the Company had a colorable argument, the arbitrator is fully capable, on remand, of determining whether he is being asked to decide a new issue.

The Company also attempts to paint the Union as unreasonable by suggesting that the UAW turned down its settlement proposal even with the provision that the case would be settled "without prejudice to the right to pursue a future grievance on the subject of retiree medical benefits for the individuals at issue in the Award." To begin with, the Company's offer to "allow" the Union to file a second grievance is disingenuous. The UAW has a right under the parties' collective bargaining agreement to file grievances for violations of that agreement. The Union does not need the Company's permission to do so. Moreover, the meaninglessness of the Company's offer is also evidenced by the fact that it did not include any waiver of its right to raise any number of issues in response to a second grievance, such as arbitrability and timeliness. However, none of these arguments about a hypothetical second grievance are of any consequence because the UAW already filed a grievance that – on its face – raises the disputed issue. As a result,

---

[3] As explained in our Motion and Brief in Support, the arbitrator in this case specifically retained jurisdiction over implementation of his award.

4

the appropriate resolution of the current dispute is for the parties to return to the arbitrator for clarification of his award, so that further settlement negotiations can occur.

                                                  Respectfully submitted,

                                                  s/ Catherine J. Trafton_____
International Union, UAW
8000 E. Jefferson Avenue
Detroit, MI  48214
Telephone: (313) 926-5216
Fax: (313) 926-5240
ctrafton@uaw.net


William Payne
PA Bar #38083
1007 Mt. Royal Blvd.
Pittsburgh, PA  15223
Telephone: (412) 492-8797
Fax: (412) 492-8978
wpayne@stargate.net

Dated:   May 30, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on May 30, 2006, I electronically filed a copy of the Defendant/Counterclaim Plaintiff UAW's Response To Accuride Erie L.P.'s Correspondence To The Court with the Clerk of the Court using the ECF system.

                                            s/Catherine Trafton
                                            International Union, UAW
                                            8000 E. Jefferson Avenue
                                            Detroit, MI  48214
                                            Telephone: (313) 926-5216
                                            Fax: (313) 926-5240
                                            ctrafton@uaw.net