# IN THE UNITED STATE DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ACCURIDE ERIE, L.P. | ) CASE NO. 05-CV-169 ERIE |
| Plaintiff/Counterclaim Defendant, | ) JUDGE SEAN J. McLAUGHLIN |
| vs. | ) **MEMORANDUM IN SUPPORT OF UAW'S MOTION TO SHOW CAUSE WHY DEFENDANT ACCURIDE SHOULD NOT BE HELD IN CONTEMPT, OR IN THE ALTERNATIVE, TO REMAND REMEDIAL ISSUES TO ARBITRATOR CREO FOR CLARIFICATION** |
| INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE, AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, LOCAL 1186 | |
| Defendant/Counterclaim Plaintiff. | |

## INTRODUCTION

The International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, Local Union 1186 ("UAW") respectfully moves this Court to order Defendant Accuride Erie, L.P. ("Accuride") to show cause why it should not be held in contempt for failing to comply with the "make whole" remedy in Arbitrator Creo's Award or, in the alternative, to remand the case to Arbitrator Creo to clarify his Award.

## FACTS

On June 8, 2004, the UAW filed a grievance against Accuride for violating the terms of the parties' collective bargaining agreement. The language of the grievance was:

> The Union protests the Company's actions in violating the current agreement between Accuride Erie and UAW Local 1186.
>
> The Union charges the Company with not allowing eligible employees to enroll and has not provided eligible employees Health Insurance, Life Insurance, **Retire Health Insurance and Retiree Life Insurance**.

> The Union demands that the Company cease and desist from violating the Contract, make all employees whole for lost benefits, make all employees and **retirees** whole, including interest, for all expenses, charges and/or debts incurred as a result of the Company's refusal and/or failure to provide all applicable insurances.

See Grievance, attached hereto as Exhibit A. (emphasis added)

After a hearing was held, on April 26, 2005, Arbitrator Creo issued the following Award:

> [T]he Grievance is upheld and granted in full. Employees are to be **made whole for any losses due to the improper denial of benefits**. The Arbitrator shall retain full jurisdiction over the implementation of this Award…The Employer is ordered to cease and desist from not providing benefits to all employees as provided by the Agreement.

See Award at p.21, attached hereto as Exhibit B. (emphasis added).

Accuride filed an action to vacate the Award on May 27, 2005, and the Union counterclaimed, seeking enforcement. This Court confirmed the Award on August 11, 2006. Accuride appealed to the Third Circuit which affirmed this Court on December 11, 2007.

On January 8, 2008 the UAW demanded Accuride immediately comply with the Award and provide all relief sought by the initial grievance. See UAW's January 8, 2008 letter to Accuride, attached hereto as Exhibit C. Accuride responded on January 29, 2008 stating it only would enroll current active Accuride employees on its active health insurance plan. It would also reimburse Kaiser retirees for "reasonable out-of-pocket costs during the time periods they were eligible for medical benefits under Arbitrator Creo's award." Accuride refused to instate retiree health and life insurance benefits, or make retirees whole for all out-of-pocket costs incurred as a result of its refusal to provide benefits. See Accuride's January 29, 2008 letter to UAW, attached hereto as Exhibit D.

2

The UAW responded on February 18, 2008 stating its disagreement with Accuride's denial of benefits for Kaiser retirees who retired from Accuride after the grievance was filed. If Accuride had not breached the collective bargaining agreement, and had put all employees on its active employee benefit plans at the time the UAW initially demanded in that it do so (in June 2004), when those employees subsequently retired, they would have been eligible for retiree benefit coverage. In addition, the UAW disputed Accuride's cut-off dates for reimbursement of medical expenses incurred by Kaiser retirees. See UAW's February 18, 2008 letter to Accuride, attached hereto as Exhibit E. The UAW received no response from Accuride.

On May 1, 2008, the UAW sent another detailed compliance demand to Accuride. In that letter, the UAW demanded what it is now seeking from the Court. The UAW also proposed, in the alternative, that the parties go back to Arbitrator Creo for clarification of the Award. Again, Accuride failed to respond. See May 1, 2008 letter to Accuride, attached hereto as Exhibit F. To date, Accuride has refused to make employees "whole for any losses due to the improper denial of benefits" as required by the Award.

## ARGUMENT

**I.     THE COURT SHOULD ORDER ACCURIDE TO SHOW CAUSE WHY IT HAS FAILED TO COMPLY WITH THE "MAKE WHOLE" REMEDY IN ARBITRATOR CREO'S AWARD**

"To prove civil contempt the court must find that (1) a valid court order existed (2) the defendant had knowledge of the order, and (3) the defendant disobeyed the order." John T. ex rel. Paul T. v. Delaware County Intermediate Unit, 318 F.3d 545, 552 (3d Cir. 2003). The elements must be proven by "clear and convincing evidence." Id. Here, all three elements exist. This Court's August 11, 2006 Order was affirmed by the Third Circuit on December 11, 2007; Accuride has knowledge of the Order; and Accuride has disregarded the Order.

It has been almost four years since Accuride breached the collective bargaining agreement and three years since Arbitrator Creo's Award. As a result, there have been additional consequences, including damages that have subsequently arisen from Accuride's initial breach.

Twenty active Accuride employees were affected by Accuride's initial 2004 breach. At the time of the breach, they were all entitled to Accuride's active health and life insurance benefits. Since June of 2004, fourteen employees have retired and one is now deceased. All have been denied the Accuride retiree health and life insurance benefits to which they are entitled under applicable collective bargaining agreements and Arbitrator Creo's "make whole" remedy. Had they been on Accuride's active employee health and life insurance plans, they would have become automatically eligible for retiree benefits upon their retirement. However, because they were (wrongfully) excluded from the active employee benefit plans, Accuride is now denying their entitlement to retiree benefits. In addition, all Accuride retirees and some active employees have still not been compensated for out-of-pocket losses incurred as a result of Accuride's denial of benefits.

To prevent further delay in active employees and retirees receiving benefits to which they are legally entitled, this Court should order Accuride immediately to make Accuride employees and retirees whole as described above, including all damages incurred as a result of Accuride's initial breach of the collective bargaining agreement.

**II.    IN THE ALTERNATIVE, THE COURT SHOULD REMAND REMEDIAL ISSUES TO THE ORIGINAL ARBITRATOR**

If the Court chooses not to order immediate compliance as sought by the UAW, the Court should remand the remedial issues that have arisen since the initial breach. District courts retain jurisdiction to remand issues back to the original arbitrator. <u>Union Switch & Signal Division American Standard, Inc. v. United Electrical, Radio and Machine Workers of America</u>, 900 F.2d

4

608, 616 (3d Cir. 1990) *citing* Hart v. Overseas National Airways, Inc., 541 F.2d 386 (3d Cir. 1976).

In Union Switch, an arbitrator sustained the union's grievance, issued a make whole relief order, and directed the parties to negotiate the relief. The arbitrator retained jurisdiction to resolve any related disputes. The award was appealed by the company and the district court entered an order enforcing the award. Id. at 609. However, remedial issues remained unresolved. The union filed a post-judgment motion entitled "Motion to Remand" requesting the remedial issues be submitted to the original arbitrator. When the district court denied the motion without explanation, the union appealed and the Third Circuit reversed.

The first issue addressed by the Third Circuit was whether the district court had jurisdiction over the motion to remand. The court held that federal courts have jurisdiction over arbitration awards based on § 301 of the Labor Management Relations Act. Id. at 614. Hence, because the district court had jurisdiction over the original matter, it also had jurisdiction over post-judgment motions. Id.

The second issue was the merits of the motion. The company argued that the union's motion entitled "Motion to Remand" was procedurally invalid. The company claimed that under either Fed.R.Civ.P. 59(e) or Rule 60(b)(6), the motion was untimely. Id. The court held neither rule applied because the union was not seeking to change terms of the judgment, nor relief from the judgment. Instead, the court decided the union was seeking an order to enforce the judgment. Id. at 615. The court stated that it is the function of the motion matters, not how it is entitled:

> In determining how to characterize the Union's motion, we are not constrained by how it is titled. "The function of the motion, not the caption, dictates the Rule which apples." Smith v. Evans, 853 F.2d 115 (3d Cir. 1988). We therefore look to the purpose the motion attempts to achieve. The Union's "Motion to Remand" can properly be characterized as Motion for Enforcement of the district

5

>court's award. It is an attempt by the Union to force the Company to give the employees the "make whole" relief provided by the arbitration award which the court found to be enforceable.

Id. at 615.

The final issue addressed by the court was whether the issues remaining between the parties should be decided by a new arbitrator. The court held there was no new dispute and issues over interpretation of arbitration awards should be submitted to the original arbitrator.

>There is no new arbitrable dispute; the grievance that went to arbitration before Arbitrator Das "requests that all employees improperly terminated be reinstated and *made whole for lost wages, seniority and benefits.,*" [internal citations omitted; emphasis in original]. More importantly, we believe acceptance of the Company's argument would fly in the face of the strong policies [in favor of arbitration] to which we have just referred.

Id. at 616.

The Third Circuit quoted Judge Campbell's description of arbitration policies in Locals 2222, 2320-2327, etc. v. New England Telephone and Telegraph, 628 F.2d 644, 649 (1st Cir. 1980), in reaching its decision that disputes over interpretation of arbitration awards are not the subject of new arbitrations and should be remanded to the original arbitrator.

>To require the Union to invoke the "time-consuming and burdensome grievance process again" in order that the parties might resolve the remnants of a dispute which has already once traveled the route would seriously undermine the chief policies underlying resort to those procedures in the first instance: the speedy, flexible and inexpensive resolution of labor disputes. "The purpose of arbitration is to resolve disputes, not create new ones." The grievance arbitration procedures, "contracted for by the parties, were never intended to force a grievant into the role of a modern day Sisyphus," and in the circumstances presented we affirm the decision below not to require the Union to run the entire course again.

Id. at 616, *quoting* Locals 2222, 628 F.2d at 649.

6

The instant action is analogous to <u>Union Switch</u>. The UAW is seeking compliance with Arbitrator Creo's "make whole" Award which this Court and the Third Circuit have already enforced. Just as the original arbitrator in <u>Union Switch</u>, Arbitrator Creo retained jurisdiction over the implementation of his award. In addition, the dispute over remedial issues arises from the original arbitration decision. It would be time consuming and burdensome for the parties to present the remedial issues to a new arbitrator unfamiliar with the peculiarities of this case. Indeed, the "speedy, flexible and inexpensive" arbitration process envisioned by labor policies has been prolonged for four years by Accuride's refusal to remedy its breach. If this Court does not order Accuride to comply immediately with the Award, clarification of the make-whole remedy in light of the passage of time should be remanded to Arbitrator Creo.

## **CONCLUSION**

For the above stated reasons, the UAW respectfully requests this Court to grant its motion, find Defendant Accuride in contempt, order Accuride immediately to make Accuride employees and retirees whole as described above, including instatement into active and/or retiree benefit plans and the payment of all damages incurred as a result of Accuride's initial breach of the collective bargaining agreement.  In the alternative, the UAW seeks an order remanding the case to Arbitrator Creo for clarification of the make-whole remedy.

**JOYCE GOLDSTEIN & ASSOCIATES**
**A LEGAL PROFESSIONAL ASSOCIATION**

/s/ Joyce Goldstein, Esq._
Joyce Goldstein, Esq. (OH #0029467)
*jgoldstein@unionlaw.cc*
Gina Fraternali, Esq. (OH #0081502)
*gfraternali@unionlaw.cc*
1040 The Leader Building
526 Superior Avenue E.

Cleveland, Ohio 44114
(216) 771-6633
(216) 771-7559 (fax)

Counsel for UAW