# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ACCURIDE ERIE, L.P.                        )
                                           )
    Plaintiff/Counterclaim Defendant,   )       Civil Action No. 05-CV-00169
                                           )
    v.                                  )       Judge Sean J. McLaughlin
                                           )
INTERNATIONAL UNION, UNITED                )
AUTOMOBILE, AEROSPACE, AND                 )
AGRICULTURAL IMPLEMENT                     )
WORKERS OF AMERICA, LOCAL 1186             )
                                           )
    Defendant/Counterclaim Plaintiff.   )
                                           )

Michael Pinson, being duly sworn, states as follows:

1.      I am an adult resident of the State of Pennsylvania. I have personal knowledge of, and am competent to testify regarding, the matters contained in this Affidavit.

2.      I am the Human Resources Director for Accuride Corporation's Aluminum Wheel Group, which includes Accuride Erie, L.P. ("Accuride"). Accuride maintains corporate offices and a manufacturing plant located at 1015 E. 12th St., Erie, PA 16503 (the "Erie Plant"). Hourly production and maintenance employees at the Erie Plant are represented by the International Union, United Automobile, Aerospace And Agricultural Implement Workers Of America, Local No. 1186 (the "Union").

3.      As Human Resources Director, I am responsible for directing Accuride's human resources functions. My job responsibilities include, among many others, negotiating and administering agreements between Accuride and the Union, developing and enforcing employment policies, and administering benefits plans for employees at the Erie Plant. I have represented Accuride in connection with the processing of grievances under the grievance and arbitration procedures in successive collective bargaining agreements with the Union.

4.      I am familiar with an arbitration award issued by Robert Creo on April 26, 2005

1

(the "Award").  I attended the arbitration hearing before Arbitrator Creo that was held on January 26, 2005.  The hearing was transcribed by a court reporter.  An excerpt from the arbitration hearing transcript is attached as Exhibit 1.

5.      In a letter dated January 29, 2008, I informed the Union of Accuride's intention to comply with the Award.  In my letter, I identified six employees who would be given the opportunity to enroll in the Company's employee medical plan, and requested that they notify the Company of their election to enroll no later than February 29, 2008.  I also directed my assistant, Bonita Little, to contact the six employees to make sure they were aware of the opportunity and to assist them, if necessary, with the enrollment process.  Initially, only two of the six employees enrolled.  The others informed Little that they were covered by a medical plan sponsored by Kaiser, and did not desire to enroll in Accuride's employee medical plan.  Later, in May 2008 one of the employees changed his mind and requested to enroll after Kaiser apparently terminated his coverage.  As a result, a third employee was enrolled in the Company's employee medical plan at that time.

6.      In my January 29, 2008 letter, I also informed the Union that Accuride was prepared to reimburse eligible employees and former employees who experienced out-of-pocket costs during the time they were eligible for medical benefits under the Award.  During settlement negotiations that were directed by the Court in May 2006, the Union presented the Company with information concerning costs incurred by Kaiser retirees during times when they would have been covered by Accuride's medical plan under the Award.  As of that time, the Kaiser retirees who were eligible were making contributions to participate in the Kaiser medical plan. Federal tax credits covered approximately 2/3 of the cost of the Kaiser plan for each of the participants.  Therefore, in May 2006 we calculated the total costs that had by that time been

incurred by the eligible Kaiser retirees by (i) adding the documented out-of-pocket medical expenses, if any, incurred by each individual that would have been covered by Accuride's medical plan had he been enrolled, (ii) adding the cost of the contributions required to participate in the Kaiser plan (net after applicable tax credits), and (iii) subtracting the contributions required to participate in Accuride's employee medical plan.  In my January 29, 2008 letter, I listed the amounts of the payments to each of the Kaiser retirees that the Company calculated based upon the information provided by the Union in May 2006.  I also requested the Union to provide updated information regarding the out-of-pocket medical expenses, if any, the Kaiser retirees incurred since May 2006, so that the payments could be recalculated if necessary.  I informed the Union that the Company would make the payments within 30 days of receiving updated information.

7.      Subsequently, Union President Gary Montroy informed me that the Union was having difficulty collecting the information I requested.  He also suggested it would be more efficient for the Company to collect the information directly from the eligible employees and former employees.  I agreed to do so, and informed the Union of that fact in my letter dated March 10, 2008, a copy of which is attached as Exhibit 2.

8.      I prepared correspondence to send to eligible employees and former employees seeking information from them to update the out-of-pocket costs they incurred during times they were eligible for medical benefits under the Award.  I sent the letters on April 11 and 18, 2008, and provided copies of all the letters to Montroy.  Copies of my correspondence are attached as Exhibit 3.  After receiving copies of my letters to employees and former employees, neither Montroy nor anyone else from the Union objected to any part of those letters.

9.     In view of the fact that the United States Court of Appeals for the Third Circuit found in favor of the Union with respect to the appeal of the action to enforce the Award, the Third Circuit awarded the Union the costs it incurred in copying and filing its appellate brief. Accuride issued the Union a check for those costs. In a letter dated February 26, 2008, I responded to a question from the Union's representative about Accuride's payment of those costs. A copy of that letter is attached as Exhibit 4.

10.     Accuride maintains a retiree medical plan for eligible retirees. The benefits are described in plan documents that are separate from those pertaining to employee medical benefits. Only employees whose employment ends due to retirement and are eligible to begin receiving a 62/10 or 30 year retirement benefit under the Accuride Erie Hourly Employee Pension Plan are eligible for retiree medical benefits under the plan. Additionally, the Summary Plan Description for the plan specifically states that individuals who are eligible for the Kaiser Retired Employees' Group Insurance Program are not eligible for Accuride's retirement medical plan. An excerpt from the SPD for the retiree medical plan is attached as Exhibit 5. In 2007, the Company and the Union also negotiated changes to the retiree medical plan, including providing that employees who retire after July 1, 2008, will not be eligible to participate.

_____
Michael Pinson

Sworn to and subscribed before me
this 5 day of June , 2008

_____
Notary Public

My Commission Expires: 10 9 10

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Bonita L. Little, Notary Public
City Of Erie, Erie County
My Commission Expires Oct. 9, 2010
Member, Pennsylvania Association of Notaries

4

# EXHIBIT 1

1

```
 1                          FMCS ARBITRATION

 2                             -  -  -
     In the matter of an arbitration between:
 3
     UAW LOCAL 1186,                    )Case No.
 4                                      )040921-08284-7
                                        )
 5          and                        )Grievance No.
                                        )04-35-HP6
 6   ACCURIDE AKW,                      )
                                    -  -  -
 7

 8                      TRANSCRIPT OF PROCEEDINGS
                      Wednesday, January 26, 2005
 9
                              -  -  -

10        The above matter came on for hearing before
     ROBERT A. CREO, Impartial Arbitrator, at FMCS, 410
11   Cranberry Street, Suite 110, Erie, Pennsylvania
     16507, commencing at 8:45 o'clock a.m. on the day and
12   date above set forth.

13   APPEARANCES:

14        On behalf of the Company:

15            Ryley Carlock & Applewhite:
              Frederick C. Miner, Esquire
16            One North Central Avenue, Suite 1200
              Phoenix, Arizona  85004-4417
17
          On behalf of the Union:
18
              Region 9, UAW:
19            Edward J. McGowan
              35 George Karl Boulevard, Suite 200
20            Amherst, New York  14221

21   ALSO PRESENT:

22        Douglas Ferguson, President Local 1186
          Gary Montroy, Vice President Local 1186
23        Ron Celeski, Recording Secretary
          Michael Pinson, Human Resources Manager
24        Pat Wolfe, Director of Compensation/Benefits
          Lance E. Hannaford, Court Reporter
25                            -  -  -
```

2

```
 1                    I-N-D-E-X

 2  WITNESS:          DIRECT  CROSS  REDIRECT  RECROSS

 3  Patricia Wolfe      10     34      35         37
                                       37         38
 4  Gary Montroy        39     55      58         62
    Michael Pinson      62     75
 5
    JOINT EXHIBIT:                   MARKED:
 6
     1 -                               4
 7   2 -                               4
     3 -                               4
 8   4 -                               4

 9  COMPANY EXHIBIT:                 MARKED:

10   1 -                              13
     2 -                              16
11   3 -                              20
     4 -                              22
12   5 -                              23
     6 -                              28
13   7 -                              30
     8 -                              65
14   9 -                              74
    10 -                              74
15
    UNION EXHIBIT:                   MARKED:
16
     1 -                              40
17   2 -                              42

18                      - - -

19

20

21

22

23

24

25
```

3

```
1                    P-R-O-C-E-E-D-I-N-G-S

2            THE ARBITRATOR:  This is an arbitration

3   hearing between Accuride and United Auto Workers

4   of America, Local 1186.  Grievance No. 04-35-HP6.

5            It is before Robert A. Creo, arbitrator,

6   under the case administration, the Federal

7   Mediation and Conciliation Service at FMCS case

8   No. 040921-08284-7.

9            The arbitrator has assigned it under case

10  No. 04-033 to the grievance.

11           The matters that the parties have

12  stipulated is that the grievance is arbitrable

13  and proper before the arbitrator for decision on

14  the merits.

15           The parties have entered the following four

16  joint exhibits in to the record.

17           Joint Exhibit 1, the collective bargaining

18  agreement dated September 1, 2003 through August

19  31, 2007.

20           Joint Exhibit 2 is a packet of grievance

21  report and responses.

22           Joint Exhibit 3 is a memorandum of

23  settlement dated 2003 anniversary negotiations.

24           Joint Exhibit 4 is the expired collective

25  bargaining agreement with date of August 18,
```

4

1    1998.

2    (Thereupon, Joint Exhibit Nos. 1 through 4

3    were marked for identification.)

4    THE ARBITRATOR:  With that I will turn to

5    the union for any type of opening statement or

6    remarks they want to make.

7    MR. McGOWAN:  The case before the

8    arbitrator involves, from the union's point, a

9    charge of a breach of the current collective

10    bargaining agreement.

11    It involves the company's refusal to

12    provide health insurance benefits and other

13    benefits to active employees pursuant -- union

14    argues pursuant to terms of the current

15    collective bargaining agreement.

16    The arbitrator will hear and the union will

17    present the factual history and collective

18    bargaining agreements leading up to the issue.

19    The previous collective bargaining

20    agreement contains specific and special terms for

21    a select group of employee -- active Accuride

22    employees, which excluded them from health

23    insurance coverage provided by Accuride.

24    The new collective bargaining agreement

25    specifically does not contain those terms.

1          Those terms were specifically excluded in

2     collective bargaining.

3          And the company subsequently refused to

4     honor the current terms of the collective

5     bargaining agreement by supplying health

6     insurance, when it was needed, to current

7     Accuride active employees.

8          The union will present a documentary trail

9     that establishes the issues and the basic facts.

10          The argument at issue for the arbitrator to

11     decide is going to be simply the terms of the

12     current collective bargaining agreement, the

13     parties' agreement and the documents itself,

14     which quite frankly speak for themselves.

15          And the union will argue that those

16     documents and the agreements provide for a

17     company obligation to provide medical insurance

18     to active, current active Accuride employees.

19          There is no exclusionary provisions in the

20     current contract.

21          There are no waivers in the current

22     contract.

23          As such, the union argues they are an

24     employee with the same rights and obligations

25     from the company pursuant to provision of health

6

1   insurance as any other employee.

2         THE ARBITRATOR:  What remedy do you seek?

3         MR. McGOWAN:  Basically, the union seeks

4   the reactivation of the health insurance from

5   the -- back from the date when the employees

6   became eligible.

7         And if that is not possible, the union

8   would request that the company or the arbitrator

9   award any costs, which the employees have

10  undergone, such as medical services, which the

11  insurance would have paid for, had they been

12  covered.

13        THE ARBITRATOR:  Okay.

14        Turn to the employer, if you want to make

15  an opening statement now.

16        MR. MINER:  I will reserve my opening

17  statement.

18        But with respect to my understanding of the

19  issue that Mr. McGowan just articulated, I would

20  agree that the issue is whether the company

21  violated the collective bargaining agreement with

22  respect to the grievance in the case.

23        THE ARBITRATOR:  Okay.

24        If there are things that are not really in

25  dispute, I don't need to have a lot of witness

# EXHIBIT 2



March 10, 2008

<u>VIA CERTIFIED MAIL</u>
<u>RETURN RECEIPT REQUESTED</u>

Louis C. Stagner
International Representative
United Auto Workers, Region 9
8000 East Jefferson Avenue
Detroit, Michigan 48214

        Re:    Compliance with Third Circuit Decision

Dear Mr. Stagner:

        The Company is in receipt of your February 18, 2008 letter regarding the Company's decision to provide medical plan coverage to the Kaiser retirees who are actively employed at the Company, and to reimburse employees and former employees who experienced reasonable out-of-pocket medical costs doing the time period they were eligible for medical benefits under Arbitrator Creo's award. The Company will reimburse eligible employees for out-of-pocket expenses incurred between June 1, 2004 and the earlier of the date that medical plan coverage is instated, or they decline medical plan coverage. The Company will reimburse Kaiser retirees who have separated from the Company for their out-of-pocket costs between June 1, 2004 and the date of their separation.

        Pursuant to the request of Gary Montroy, the Company will request the information regarding out-of-pocket costs from active employees and retirees. The Company will provide this information to the Union once it has been compiled.

        Let me know if you have any questions regarding this matter.

Sincerely,

Michael A. Pinson
Aluminum Wheel Group HR Director

cc:    Gary Montroy

946766.1
3/7/08

# EXHIBIT 3



**ERIE L.P.**

April 11, 2008

1015 East 12th Street
Erie, Pennsylvania 16503
U.S.A.

Mr. James Anderson
515 W. 28th Street
Erie, PA  16508

Telephone: (814) 480-6400

Re:    Reimbursement for Out-of-Pocket Medical Costs

Dear Jim:

As a result of the recent Third Circuit decision in *Accuride Erie L.P. v. UAW, Local 1186*, the Company has decided to reimburse eligible employees and former employees who experienced certain out-of-pocket medical costs as a direct result of the fact that they were not enrolled in the Company's employee medical plan.  Specifically, the Company will reimburse eligible employees for out-of-pocket medical expenses incurred between June 1, 2004, and the earlier of the date that the employee enrolls in the Company's medical plan, or declines coverage under the plan.  The Company will reimburse Kaiser retirees who have separated from the Company for their out-of-pocket costs between June 1, 2004 and the date of their separation from the Company.

In the Spring of 2006, the Company estimated that your out-of-pocket expenses were $900.  Please provide the Company with proof of any additional out-of-pocket expenses since the Spring of 2006 and the applicable cut-off date noted above.  Reimbursement for additional expenses will only be processed if supported by a receipt for the medical expense that also reflects the date of the expense.  Receipts must also be accompanied by a brief explanation of the medical expense that was incurred, so that the Company can determine if the expense would have been covered by the Company's medical plan.

Requests for reimbursement must be submitted within 90 calendar days of the date of this letter.  The Company will reimburse you for your reasonable documented out-of-pocket costs within 30 days of its receipt of your updated information.  The Company will deduct, from the reimbursement amount due to active employees, an amount equal to the applicable monthly contribution toward the Health America POS Plan #35118 between June 1, 2004, and the earlier of the date the employee enrolls in the plan, or declines coverage under the plan.  The Company will deduct, from the reimbursement amount due to separated Kaiser employees, an amount equal to the applicable monthly contribution toward the Health America POS Plan #35118 between June 1, 2004 and the date of their separation from the Company.

Very truly yours,

Michael A. Pinson
Accuride Aluminum Wheels
Human Resources Director

cc:    Carolann Bullock
       Gary Montroy



1015 East 12th Street
Erie, Pennsylvania 16503
U.S.A.

Telephone: (814) 480-6400

April 18, 2008

Mr. Larry Bargielski
2524 E. 39th Street
Erie, PA 16510

Re: <u>Reimbursement for Out-of-Pocket Medical Costs</u>

Dear Larry:

As a result of the recent Third Circuit decision in *Accuride Erie L.P. v. UAW, Local 1186*, the Company has decided to reimburse eligible employees and former employees who experienced certain out-of-pocket medical costs as a direct result of the fact that they were not enrolled in the Company's employee medical plan. Specifically, the Company will reimburse eligible employees for out-of-pocket medical expenses incurred between June 1, 2004, and the earlier of the date that the employee enrolls in the Company's medical plan, or declines coverage under the plan. The Company will reimburse Kaiser retirees who have separated from the Company for their out-of-pocket costs between June 1, 2004 and the date of their separation from the Company.

Please provide the Company with proof of any out-of-pocket expenses since the June 1, 2004 and the applicable cut-off date noted above. Reimbursement for additional expenses will only be processed if supported by a receipt for the medical expense that also reflects the date of the expense. Receipts must also be accompanied by a brief explanation of the medical expense that was incurred, so that the Company can determine if the expense would have been covered by the Company's medical plan.

Requests for reimbursement must be submitted within 90 calendar days of the date of this letter. The Company will reimburse you for your reasonable documented out-of-pocket costs within 30 days of its receipt of your updated information. The Company will deduct, from the reimbursement amount due to active employees, an amount equal to the applicable monthly contribution toward the Health America POS Plan #35118 between June 1, 2004, and the earlier of the date the employee enrolls in the plan, or declines coverage under the plan. The Company will deduct, from the reimbursement amount due to separated Kaiser employees, an amount equal to the applicable monthly contribution toward the Health America POS Plan #35118 between June 1, 2004 and the date of their separation from the Company.

Very truly yours,

Michael A. Pinson
Accuride Aluminum Wheels
Human Resources Director

cc:    Carolann Bullock
       Gary Montroy



**ACCURIDE**
**ERIE L.P.**

April 11, 2008

1015 East 12th Street
Erie, Pennsylvania 16503
U.S.A.

Telephone: (814) 480-6400

Mr. James Briggs
9230 Route #6
Union City, PA 16438

    Re:   <u>Reimbursement for Out-of-Pocket Medical Costs</u>

Dear Jim:

      As a result of the recent Third Circuit decision in *Accuride Erie L.P. v. UAW, Local 1186*, the Company has decided to reimburse eligible employees and former employees who experienced certain out-of-pocket medical costs as a direct result of the fact that they were not enrolled in the Company's employee medical plan. Specifically, the Company will reimburse eligible employees for out-of-pocket medical expenses incurred between June 1, 2004, and the earlier of the date that the employee enrolls in the Company's medical plan, or declines coverage under the plan. The Company will reimburse Kaiser retirees who have separated from the Company for their out-of-pocket costs between June 1, 2004 and the date of their separation from the Company.

      In the Spring of 2006, the Company estimated that your out-of-pocket expenses were $900. Please provide the Company with proof of any additional out-of-pocket expenses since the Spring of 2006 and the applicable cut-off date noted above. Reimbursement for additional expenses will only be processed if supported by a receipt for the medical expense that also reflects the date of the expense. Receipts must also be accompanied by a brief explanation of the medical expense that was incurred, so that the Company can determine if the expense would have been covered by the Company's medical plan.

      Requests for reimbursement must be submitted within 90 calendar days of the date of this letter. The Company will reimburse you for your reasonable documented out-of-pocket costs within 30 days of its receipt of your updated information. The Company will deduct, from the reimbursement amount due to active employees, an amount equal to the applicable monthly contribution toward the Health America POS Plan #35118 between June 1, 2004, and the earlier of the date the employee enrolls in the plan, or declines coverage under the plan. The Company will deduct, from the reimbursement amount due to separated Kaiser employees, an amount equal to the applicable monthly contribution toward the Health America POS Plan #35118 between June 1, 2004 and the date of their separation from the Company.

Very truly yours,

Michael A. Pinson
Accuride Aluminum Wheels
Human Resources Director

cc:    Carolann Bullock
       Gary Montroy



April 11, 2008

Mr. Douglas Ferguson
404 Pelham Road
Erie, PA 16511

1015 East 12th Street
Erie, Pennsylvania 16503
U.S.A.

Telephone: (814) 480-6400

      Re:    Reimbursement for Out-of-Pocket Medical Costs

Dear Doug:

      As a result of the recent Third Circuit decision in *Accuride Erie L.P. v. UAW, Local 1186*, the Company has decided to reimburse eligible employees and former employees who experienced certain out-of-pocket medical costs as a direct result of the fact that they were not enrolled in the Company's employee medical plan. Specifically, the Company will reimburse eligible employees for out-of-pocket medical expenses incurred between June 1, 2004, and the earlier of the date that the employee enrolls in the Company's medical plan, or declines coverage under the plan. The Company will reimburse Kaiser retirees who have separated from the Company for their out-of-pocket costs between June 1, 2004 and the date of their separation from the Company.

      In the Spring of 2006, the Company estimated that your out-of-pocket expenses were $1,200. Please provide the Company with proof of any additional out-of-pocket expenses since the Spring of 2006 and the applicable cut-off date noted above. Reimbursement for additional expenses will only be processed if supported by a receipt for the medical expense that also reflects the date of the expense. Receipts must also be accompanied by a brief explanation of the medical expense that was incurred, so that the Company can determine if the expense would have been covered by the Company's medical plan.

      Requests for reimbursement must be submitted within 90 calendar days of the date of this letter. The Company will reimburse you for your reasonable documented out-of-pocket costs within 30 days of its receipt of your updated information. The Company will deduct, from the reimbursement amount due to active employees, an amount equal to the applicable monthly contribution toward the Health America POS Plan #35118 between June 1, 2004, and the earlier of the date the employee enrolls in the plan, or declines coverage under the plan. The Company will deduct, from the reimbursement amount due to separated Kaiser employees, an amount equal to the applicable monthly contribution toward the Health America POS Plan #35118 between June 1, 2004 and the date of their separation from the Company.

Very truly yours,

Michael A. Pinson
Accuride Aluminum Wheels
Human Resources Director

cc:   Carolann Bullock
      Gary Montroy



ERIE L.P.

April 18, 2008

1015 East 12th Street
Erie, Pennsylvania 16503
U.S.A.

Telephone: (814) 480-6400

Mr. Ed Gatti
3939 Pine Avenue
Erie, PA  16504

Re:    Reimbursement for Out-of-Pocket Medical Costs

Dear Ed:

As a result of the recent Third Circuit decision in *Accuride Erie L.P. v. UAW, Local 1186*, the Company has decided to reimburse eligible employees and former employees who experienced certain out-of-pocket medical costs as a direct result of the fact that they were not enrolled in the Company's employee medical plan.  Specifically, the Company will reimburse eligible employees for out-of-pocket medical expenses incurred between June 1, 2004, and the earlier of the date that the employee enrolls in the Company's medical plan, or declines coverage under the plan.  The Company will reimburse Kaiser retirees who have separated from the Company for their out-of-pocket costs between June 1, 2004 and the date of their separation from the Company.

Please provide the Company with proof of any out-of-pocket expenses since the June 1, 2004 and the applicable cut-off date noted above.  Reimbursement for additional expenses will only be processed if supported by a receipt for the medical expense that also reflects the date of the expense.  Receipts must also be accompanied by a brief explanation of the medical expense that was incurred, so that the Company can determine if the expense would have been covered by the Company's medical plan.

Requests for reimbursement must be submitted within 90 calendar days of the date of this letter.  The Company will reimburse you for your reasonable documented out-of-pocket costs within 30 days of its receipt of your updated information.  The Company will deduct, from the reimbursement amount due to active employees, an amount equal to the applicable monthly contribution toward the Health America POS Plan #35118 between June 1, 2004, and the earlier of the date the employee enrolls in the plan, or declines coverage under the plan.  The Company will deduct, from the reimbursement amount due to separated Kaiser employees, an amount equal to the applicable monthly contribution toward the Health America POS Plan #35118 between June 1, 2004 and the date of their separation from the Company.

Very truly yours,

Michael A. Pinson
Accuride Aluminum Wheels
Human Resources Director

cc:    Carolann Bullock
       Gary Montroy



1015 East 12th Street
Erie, Pennsylvania 16503
U.S.A.

Telephone: (814) 480-6400

April 11, 2008

Mr. Ronald Fox
2716 E. 30th Street
Erie, PA  16510

Re:    Reimbursement for Out-of-Pocket Medical Costs

Dear Ron:

As a result of the recent Third Circuit decision in *Accuride Erie L.P. v. UAW, Local 1186*, the Company has decided to reimburse eligible employees and former employees who experienced certain out-of-pocket medical costs as a direct result of the fact that they were not enrolled in the Company's employee medical plan. Specifically, the Company will reimburse eligible employees for out-of-pocket medical expenses incurred between June 1, 2004, and the earlier of the date that the employee enrolls in the Company's medical plan, or declines coverage under the plan. The Company will reimburse Kaiser retirees who have separated from the Company for their out-of-pocket costs between June 1, 2004 and the date of their separation from the Company.

In the Spring of 2006, the Company estimated that your out-of-pocket expenses were $1,200. Please provide the Company with proof of any additional out-of-pocket expenses since the Spring of 2006 and the applicable cut-off date noted above. Reimbursement for additional expenses will only be processed if supported by a receipt for the medical expense that also reflects the date of the expense. Receipts must also be accompanied by a brief explanation of the medical expense that was incurred, so that the Company can determine if the expense would have been covered by the Company's medical plan.

Requests for reimbursement must be submitted within 90 calendar days of the date of this letter. The Company will reimburse you for your reasonable documented out-of-pocket costs within 30 days of its receipt of your updated information. The Company will deduct, from the reimbursement amount due to active employees, an amount equal to the applicable monthly contribution toward the Health America POS Plan #35118 between June 1, 2004, and the earlier of the date the employee enrolls in the plan, or declines coverage under the plan. The Company will deduct, from the reimbursement amount due to separated Kaiser employees, an amount equal to the applicable monthly contribution toward the Health America POS Plan #35118 between June 1, 2004 and the date of their separation from the Company.

Very truly yours,

Michael A. Pinson
Accuride Aluminum Wheels
Human Resources Director

cc:    Carolann Bullock
       Gary Montroy



**ACCURIDE**
**ERIE L.P.**

1015 East 12th Street
Erie, Pennsylvania 16503
U.S.A.

Telephone: (814) 480-6400

April 11, 2008

Mr. John Harmich
2903 Carter Avenue
Erie, PA  16506

       Re:    Reimbursement for Out-of-Pocket Medical Costs

Dear John:

       As a result of the recent Third Circuit decision in *Accuride Erie L.P. v. UAW, Local 1186*, the Company has decided to reimburse eligible employees and former employees who experienced certain out-of-pocket medical costs as a direct result of the fact that they were not enrolled in the Company's employee medical plan.  Specifically, the Company will reimburse eligible employees for out-of-pocket medical expenses incurred between June 1, 2004, and the earlier of the date that the employee enrolls in the Company's medical plan, or declines coverage under the plan.  The Company will reimburse Kaiser retirees who have separated from the Company for their out-of-pocket costs between June 1, 2004 and the date of their separation from the Company.

       In the Spring of 2006, the Company estimated that your out-of-pocket expenses were $2,500.  Please provide the Company with proof of any additional out-of-pocket expenses since the Spring of 2006 and the applicable cut-off date noted above.  Reimbursement for additional expenses will only be processed if supported by a receipt for the medical expense that also reflects the date of the expense.  Receipts must also be accompanied by a brief explanation of the medical expense that was incurred, so that the Company can determine if the expense would have been covered by the Company's medical plan.

       Requests for reimbursement must be submitted within 90 calendar days of the date of this letter.  The Company will reimburse you for your reasonable documented out-of-pocket costs within 30 days of its receipt of your updated information.  The Company will deduct, from the reimbursement amount due to active employees, an amount equal to the applicable monthly contribution toward the Health America POS Plan #35118 between June 1, 2004, and the earlier of the date the employee enrolls in the plan, or declines coverage under the plan.  The Company will deduct, from the reimbursement amount due to separated Kaiser employees, an amount equal to the applicable monthly contribution toward the Health America POS Plan #35118 between June 1, 2004 and the date of their separation from the Company.

Very truly yours,

Michael A. Pinson
Accuride Aluminum Wheels
Human Resources Director

cc:    Carolann Bullock
       Gary Montroy



ERIE L.P.

April 18, 2008

1015 East 12th Street
Erie, Pennsylvania 16503
U.S.A.

Telephone: (814) 480-6400

Mr. Charles Harper
10309 Clifton Drive
Lake City, PA  16423

      Re:    Reimbursement for Out-of-Pocket Medical Costs

Dear Charles:

      As a result of the recent Third Circuit decision in *Accuride Erie L.P. v. UAW, Local 1186*, the Company has decided to reimburse eligible employees and former employees who experienced certain out-of-pocket medical costs as a direct result of the fact that they were not enrolled in the Company's employee medical plan.  Specifically, the Company will reimburse eligible employees for out-of-pocket medical expenses incurred between June 1, 2004, and the earlier of the date that the employee enrolls in the Company's medical plan, or declines coverage under the plan.  The Company will reimburse Kaiser retirees who have separated from the Company for their out-of-pocket costs between June 1, 2004 and the date of their separation from the Company.

      Please provide the Company with proof of any out-of-pocket expenses since the June 1, 2004 and the applicable cut-off date noted above.  Reimbursement for additional expenses will only be processed if supported by a receipt for the medical expense that also reflects the date of the expense.  Receipts must also be accompanied by a brief explanation of the medical expense that was incurred, so that the Company can determine if the expense would have been covered by the Company's medical plan.

      Requests for reimbursement must be submitted within 90 calendar days of the date of this letter.  The Company will reimburse you for your reasonable documented out-of-pocket costs within 30 days of its receipt of your updated information.  The Company will deduct, from the reimbursement amount due to active employees, an amount equal to the applicable monthly contribution toward the Health America POS Plan #35118 between June 1, 2004, and the earlier of the date the employee enrolls in the plan, or declines coverage under the plan.  The Company will deduct, from the reimbursement amount due to separated Kaiser employees, an amount equal to the applicable monthly contribution toward the Health America POS Plan #35118 between June 1, 2004 and the date of their separation from the Company.

Very truly yours,

Michael A. Pinson
Accuride Aluminum Wheels
Human Resources Director

cc:    Carolann Bullock
        Gary Montroy



ERIE L.P.

April 11, 2008

1015 East 12th Street
Erie, Pennsylvania 16503
U.S.A.

Telephone: (814) 480-6400

Mr. Ronald Huzinec
14178 Rt. 8 & 89
Wattsburg, PA  16442

> Re:    Reimbursement for Out-of-Pocket Medical Costs

Dear Ron:

As a result of the recent Third Circuit decision in *Accuride Erie L.P. v. UAW, Local 1186*, the Company has decided to reimburse eligible employees and former employees who experienced certain out-of-pocket medical costs as a direct result of the fact that they were not enrolled in the Company's employee medical plan. Specifically, the Company will reimburse eligible employees for out-of-pocket medical expenses incurred between June 1, 2004, and the earlier of the date that the employee enrolls in the Company's medical plan, or declines coverage under the plan. The Company will reimburse Kaiser retirees who have separated from the Company for their out-of-pocket costs between June 1, 2004 and the date of their separation from the Company.

In the Spring of 2006, the Company estimated that your out-of-pocket expenses were $900. Please provide the Company with proof of any additional out-of-pocket expenses since the Spring of 2006 and the applicable cut-off date noted above. Reimbursement for additional expenses will only be processed if supported by a receipt for the medical expense that also reflects the date of the expense. Receipts must also be accompanied by a brief explanation of the medical expense that was incurred, so that the Company can determine if the expense would have been covered by the Company's medical plan.

Requests for reimbursement must be submitted within 90 calendar days of the date of this letter. The Company will reimburse you for your reasonable documented out-of-pocket costs within 30 days of its receipt of your updated information. The Company will deduct, from the reimbursement amount due to active employees, an amount equal to the applicable monthly contribution toward the Health America POS Plan #35118 between June 1, 2004, and the earlier of the date the employee enrolls in the plan, or declines coverage under the plan. The Company will deduct, from the reimbursement amount due to separated Kaiser employees, an amount equal to the applicable monthly contribution toward the Health America POS Plan #35118 between June 1, 2004 and the date of their separation from the Company.

Very truly yours,

Michael A. Pinson
Accuride Aluminum Wheels
Human Resources Director

cc:    Carolann Bullock
         Gary Montroy



1015 East 12th Street
Erie, Pennsylvania 16503
U.S.A.

Telephone: (814) 480-6400

April 11, 2008

Mr. Gary Irish
2030 Wagner Avenue
Erie, PA 16510

Re:    Reimbursement for Out-of-Pocket Medical Costs

Dear Gary:

As a result of the recent Third Circuit decision in *Accuride Erie L.P. v. UAW, Local 1186*, the Company has decided to reimburse eligible employees and former employees who experienced certain out-of-pocket medical costs as a direct result of the fact that they were not enrolled in the Company's employee medical plan. Specifically, the Company will reimburse eligible employees for out-of-pocket medical expenses incurred between June 1, 2004, and the earlier of the date that the employee enrolls in the Company's medical plan, or declines coverage under the plan. The Company will reimburse Kaiser retirees who have separated from the Company for their out-of-pocket costs between June 1, 2004 and the date of their separation from the Company.

In the Spring of 2006, the Company estimated that your out-of-pocket expenses were $2,500. Please provide the Company with proof of any additional out-of-pocket expenses since the Spring of 2006 and the applicable cut-off date noted above. Reimbursement for additional expenses will only be processed if supported by a receipt for the medical expense that also reflects the date of the expense. Receipts must also be accompanied by a brief explanation of the medical expense that was incurred, so that the Company can determine if the expense would have been covered by the Company's medical plan.

Requests for reimbursement must be submitted within 90 calendar days of the date of this letter. The Company will reimburse you for your reasonable documented out-of-pocket costs within 30 days of its receipt of your updated information. The Company will deduct, from the reimbursement amount due to active employees, an amount equal to the applicable monthly contribution toward the Health America POS Plan #35118 between June 1, 2004, and the earlier of the date the employee enrolls in the plan, or declines coverage under the plan. The Company will deduct, from the reimbursement amount due to separated Kaiser employees, an amount equal to the applicable monthly contribution toward the Health America POS Plan #35118 between June 1, 2004 and the date of their separation from the Company.

Very truly yours,

Michael A. Pinson
Accuride Aluminum Wheels
Human Resources Director

cc:    Carolann Bullock
       Gary Montroy



ERIE L.P.

April 11, 2008

1015 East 12th Street
Erie, Pennsylvania 16503
U.S.A.

Mr. John Loeslein
505 Hilltop Road
Erie, PA 16509

Telephone: (814) 480-6400

Re:    Reimbursement for Out-of-Pocket Medical Costs

Dear John:

As a result of the recent Third Circuit decision in *Accuride Erie L.P. v. UAW, Local 1186*, the Company has decided to reimburse eligible employees and former employees who experienced certain out-of-pocket medical costs as a direct result of the fact that they were not enrolled in the Company's employee medical plan. Specifically, the Company will reimburse eligible employees for out-of-pocket medical expenses incurred between June 1, 2004, and the earlier of the date that the employee enrolls in the Company's medical plan, or declines coverage under the plan. The Company will reimburse Kaiser retirees who have separated from the Company for their out-of-pocket costs between June 1, 2004 and the date of their separation from the Company.

In the Spring of 2006, the Company estimated that your out-of-pocket expenses were $4,500. Please provide the Company with proof of any additional out-of-pocket expenses since the Spring of 2006 and the applicable cut-off date noted above. Reimbursement for additional expenses will only be processed if supported by a receipt for the medical expense that also reflects the date of the expense. Receipts must also be accompanied by a brief explanation of the medical expense that was incurred, so that the Company can determine if the expense would have been covered by the Company's medical plan.

Requests for reimbursement must be submitted within 90 calendar days of the date of this letter. The Company will reimburse you for your reasonable documented out-of-pocket costs within 30 days of its receipt of your updated information. The Company will deduct, from the reimbursement amount due to active employees, an amount equal to the applicable monthly contribution toward the Health America POS Plan #35118 between June 1, 2004, and the earlier of the date the employee enrolls in the plan, or declines coverage under the plan. The Company will deduct, from the reimbursement amount due to separated Kaiser employees, an amount equal to the applicable monthly contribution toward the Health America POS Plan #35118 between June 1, 2004 and the date of their separation from the Company.

Very truly yours,

Michael A. Pinson
Accuride Aluminum Wheels
Human Resources Director

cc:    Carolann Bullock
       Gary Montroy



**ERIE L.P.**

April 18, 2008

1015 East 12th Street
Erie, Pennsylvania 16503
U.S.A.

Telephone: (814) 480-6400

Mr. Joseph Matczak
P. O. Box 982
Erie, PA  16512

      Re:    Reimbursement for Out-of-Pocket Medical Costs

Dear Joe:

      As a result of the recent Third Circuit decision in *Accuride Erie L.P. v. UAW, Local 1186*, the Company has decided to reimburse eligible employees and former employees who experienced certain out-of-pocket medical costs as a direct result of the fact that they were not enrolled in the Company's employee medical plan.  Specifically, the Company will reimburse eligible employees for out-of-pocket medical expenses incurred between June 1, 2004, and the earlier of the date that the employee enrolls in the Company's medical plan, or declines coverage under the plan.  The Company will reimburse Kaiser retirees who have separated from the Company for their out-of-pocket costs between June 1, 2004 and the date of their separation from the Company.

      Please provide the Company with proof of any out-of-pocket expenses since the June 1, 2004 and the applicable cut-off date noted above.  Reimbursement for additional expenses will only be processed if supported by a receipt for the medical expense that also reflects the date of the expense.  Receipts must also be accompanied by a brief explanation of the medical expense that was incurred, so that the Company can determine if the expense would have been covered by the Company's medical plan.

      Requests for reimbursement must be submitted within 90 calendar days of the date of this letter.  The Company will reimburse you for your reasonable documented out-of-pocket costs within 30 days of its receipt of your updated information.  The Company will deduct, from the reimbursement amount due to active employees, an amount equal to the applicable monthly contribution toward the Health America POS Plan #35118 between June 1, 2004, and the earlier of the date the employee enrolls in the plan, or declines coverage under the plan.  The Company will deduct, from the reimbursement amount due to separated Kaiser employees, an amount equal to the applicable monthly contribution toward the Health America POS Plan #35118 between June 1, 2004 and the date of their separation from the Company.

Very truly yours,

Michael A. Pinson
Accuride Aluminum Wheels
Human Resources Director

cc:    Carolann Bullock
       Gary Montroy



ERIE L.P.

1015 East 12th Street
Erie, Pennsylvania 16503
U.S.A.

Telephone: (814) 480-6400

April 11, 2008

Mr. Gerald Myers
11135 W. Green Road
Waterford, PA 16441

Re:    Reimbursement for Out-of-Pocket Medical Costs

Dear Gerald:

As a result of the recent Third Circuit decision in *Accuride Erie L.P. v. UAW, Local 1186*, the Company has decided to reimburse eligible employees and former employees who experienced certain out-of-pocket medical costs as a direct result of the fact that they were not enrolled in the Company's employee medical plan. Specifically, the Company will reimburse eligible employees for out-of-pocket medical expenses incurred between June 1, 2004, and the earlier of the date that the employee enrolls in the Company's medical plan, or declines coverage under the plan. The Company will reimburse Kaiser retirees who have separated from the Company for their out-of-pocket costs between June 1, 2004 and the date of their separation from the Company.

In the Spring of 2006, the Company estimated that your out-of-pocket expenses were $900. Please provide the Company with proof of any additional out-of-pocket expenses since the Spring of 2006 and the applicable cut-off date noted above. Reimbursement for additional expenses will only be processed if supported by a receipt for the medical expense that also reflects the date of the expense. Receipts must also be accompanied by a brief explanation of the medical expense that was incurred, so that the Company can determine if the expense would have been covered by the Company's medical plan.

Requests for reimbursement must be submitted within 90 calendar days of the date of this letter. The Company will reimburse you for your reasonable documented out-of-pocket costs within 30 days of its receipt of your updated information. The Company will deduct, from the reimbursement amount due to active employees, an amount equal to the applicable monthly contribution toward the Health America POS Plan #35118 between June 1, 2004, and the earlier of the date the employee enrolls in the plan, or declines coverage under the plan. The Company will deduct, from the reimbursement amount due to separated Kaiser employees, an amount equal to the applicable monthly contribution toward the Health America POS Plan #35118 between June 1, 2004 and the date of their separation from the Company.

Very truly yours,

Michael A. Pinson
Accuride Aluminum Wheels
Human Resources Director

cc:    Carolann Bullock
       Gary Montroy



April 11, 2008

Mr. Dan Percy
R.D. #2 Page Road
Wattsburg, PA 16442

1015 East 12th Street
Erie, Pennsylvania 16503
U.S.A.

Telephone: (814) 480-6400

      Re:   Reimbursement for Out-of-Pocket Medical Costs

Dear Dan:

As a result of the recent Third Circuit decision in *Accuride Erie L.P. v. UAW, Local 1186*, the Company has decided to reimburse eligible employees and former employees who experienced certain out-of-pocket medical costs as a direct result of the fact that they were not enrolled in the Company's employee medical plan. Specifically, the Company will reimburse eligible employees for out-of-pocket medical expenses incurred between June 1, 2004, and the earlier of the date that the employee enrolls in the Company's medical plan, or declines coverage under the plan. The Company will reimburse Kaiser retirees who have separated from the Company for their out-of-pocket costs between June 1, 2004 and the date of their separation from the Company.

In the Spring of 2006, the Company estimated that your out-of-pocket expenses were $7,500. Please provide the Company with proof of any additional out-of-pocket expenses since the Spring of 2006 and the applicable cut-off date noted above. Reimbursement for additional expenses will only be processed if supported by a receipt for the medical expense that also reflects the date of the expense. Receipts must also be accompanied by a brief explanation of the medical expense that was incurred, so that the Company can determine if the expense would have been covered by the Company's medical plan.

Requests for reimbursement must be submitted within 90 calendar days of the date of this letter. The Company will reimburse you for your reasonable documented out-of-pocket costs within 30 days of its receipt of your updated information. The Company will deduct, from the reimbursement amount due to active employees, an amount equal to the applicable monthly contribution toward the Health America POS Plan #35118 between June 1, 2004, and the earlier of the date the employee enrolls in the plan, or declines coverage under the plan. The Company will deduct, from the reimbursement amount due to separated Kaiser employees, an amount equal to the applicable monthly contribution toward the Health America POS Plan #35118 between June 1, 2004 and the date of their separation from the Company.

Very truly yours,

Michael A. Pinson
Accuride Aluminum Wheels
Human Resources Director

cc:    Carolann Bullock
       Gary Montroy



April 11, 2008

1015 East 12th Street
Erie, Pennsylvania 16503
U.S.A.

Telephone: (814) 480-6400

Mr. Leonard Popovich
2155 S. Manor Drive
Erie, PA  16510

Re:    Reimbursement for Out-of-Pocket Medical Costs

Dear Leonard:

As a result of the recent Third Circuit decision in *Accuride Erie L.P. v. UAW, Local 1186*, the Company has decided to reimburse eligible employees and former employees who experienced certain out-of-pocket medical costs as a direct result of the fact that they were not enrolled in the Company's employee medical plan.  Specifically, the Company will reimburse eligible employees for out-of-pocket medical expenses incurred between June 1, 2004, and the earlier of the date that the employee enrolls in the Company's medical plan, or declines coverage under the plan.  The Company will reimburse Kaiser retirees who have separated from the Company for their out-of-pocket costs between June 1, 2004 and the date of their separation from the Company.

In the Spring of 2006, the Company estimated that your out-of-pocket expenses were $600.  Please provide the Company with proof of any additional out-of-pocket expenses since the Spring of 2006 and the applicable cut-off date noted above.  Reimbursement for additional expenses will only be processed if supported by a receipt for the medical expense that also reflects the date of the expense.  Receipts must also be accompanied by a brief explanation of the medical expense that was incurred, so that the Company can determine if the expense would have been covered by the Company's medical plan.

Requests for reimbursement must be submitted within 90 calendar days of the date of this letter.  The Company will reimburse you for your reasonable documented out-of-pocket costs within 30 days of its receipt of your updated information.  The Company will deduct, from the reimbursement amount due to active employees, an amount equal to the applicable monthly contribution toward the Health America POS Plan #35118 between June 1, 2004, and the earlier of the date the employee enrolls in the plan, or declines coverage under the plan.  The Company will deduct, from the reimbursement amount due to separated Kaiser employees, an amount equal to the applicable monthly contribution toward the Health America POS Plan #35118 between June 1, 2004 and the date of their separation from the Company.

Very truly yours,

Michael A. Pinson
Accuride Aluminum Wheels
Human Resources Director

cc:    Carolann Bullock
       Gary Montroy



ERIE L.P.

1015 East 12th Street
Erie, Pennsylvania 16503
U.S.A.

Telephone: (814) 480-6400

April 18, 2008

Mr. David Sarnowski
404 Barker Street
Girard, PA 16417

       Re:   <u>Reimbursement for Out-of-Pocket Medical Costs</u>

Dear David:

       As a result of the recent Third Circuit decision in *Accuride Erie L.P. v. UAW, Local 1186*, the Company has decided to reimburse eligible employees and former employees who experienced certain out-of-pocket medical costs as a direct result of the fact that they were not enrolled in the Company's employee medical plan. Specifically, the Company will reimburse eligible employees for out-of-pocket medical expenses incurred between June 1, 2004, and the earlier of the date that the employee enrolls in the Company's medical plan, or declines coverage under the plan. The Company will reimburse Kaiser retirees who have separated from the Company for their out-of-pocket costs between June 1, 2004 and the date of their separation from the Company.

       Please provide the Company with proof of any out-of-pocket expenses since the June 1, 2004 and the applicable cut-off date noted above. Reimbursement for additional expenses will only be processed if supported by a receipt for the medical expense that also reflects the date of the expense. Receipts must also be accompanied by a brief explanation of the medical expense that was incurred, so that the Company can determine if the expense would have been covered by the Company's medical plan.

       Requests for reimbursement must be submitted within 90 calendar days of the date of this letter. The Company will reimburse you for your reasonable documented out-of-pocket costs within 30 days of its receipt of your updated information. The Company will deduct, from the reimbursement amount due to active employees, an amount equal to the applicable monthly contribution toward the Health America POS Plan #35118 between June 1, 2004, and the earlier of the date the employee enrolls in the plan, or declines coverage under the plan. The Company will deduct, from the reimbursement amount due to separated Kaiser employees, an amount equal to the applicable monthly contribution toward the Health America POS Plan #35118 between June 1, 2004 and the date of their separation from the Company.

Very truly yours,

Michael A. Pinson
Accuride Aluminum Wheels
Human Resources Director

cc:   Carolann Bullock
      Gary Montroy



**ERIE L.P.**

1015 East 12th Street
Erie, Pennsylvania 16503
U.S.A.

Telephone: (814) 480-6400

April 11, 2008

Mr. Daniel Stafford
3360 Haskell Road
North East, PA 16428

Re:    Reimbursement for Out-of-Pocket Medical Costs

Dear Dan:

As a result of the recent Third Circuit decision in *Accuride Erie L.P. v. UAW, Local 1186*, the Company has decided to reimburse eligible employees and former employees who experienced certain out-of-pocket medical costs as a direct result of the fact that they were not enrolled in the Company's employee medical plan. Specifically, the Company will reimburse eligible employees for out-of-pocket medical expenses incurred between June 1, 2004, and the earlier of the date that the employee enrolls in the Company's medical plan, or declines coverage under the plan. The Company will reimburse Kaiser retirees who have separated from the Company for their out-of-pocket costs between June 1, 2004 and the date of their separation from the Company.

In the Spring of 2006, the Company estimated that your out-of-pocket expenses were $600. Please provide the Company with proof of any additional out-of-pocket expenses since the Spring of 2006 and the applicable cut-off date noted above. Reimbursement for additional expenses will only be processed if supported by a receipt for the medical expense that also reflects the date of the expense. Receipts must also be accompanied by a brief explanation of the medical expense that was incurred, so that the Company can determine if the expense would have been covered by the Company's medical plan.

Requests for reimbursement must be submitted within 90 calendar days of the date of this letter. The Company will reimburse you for your reasonable documented out-of-pocket costs within 30 days of its receipt of your updated information. The Company will deduct, from the reimbursement amount due to active employees, an amount equal to the applicable monthly contribution toward the Health America POS Plan #35118 between June 1, 2004, and the earlier of the date the employee enrolls in the plan, or declines coverage under the plan. The Company will deduct, from the reimbursement amount due to separated Kaiser employees, an amount equal to the applicable monthly contribution toward the Health America POS Plan #35118 between June 1, 2004 and the date of their separation from the Company.

Very truly yours,

Michael A. Pinson
Accuride Aluminum Wheels
Human Resources Director

cc:    Carolann Bullock
       Gary Montroy



**ERIE L.P.**

April 11, 2008

1015 East 12th Street
Erie, Pennsylvania 16503
U.S.A.

Telephone: (814) 480-6400

Mr. Dennis Taraszki
5550 Frazier Road
Erie, PA  16510

       Re:   <u>Reimbursement for Out-of-Pocket Medical Costs</u>

Dear Dennis:

     As a result of the recent Third Circuit decision in *Accuride Erie L.P. v. UAW, Local 1186*, the Company has decided to reimburse eligible employees and former employees who experienced certain out-of-pocket medical costs as a direct result of the fact that they were not enrolled in the Company's employee medical plan.  Specifically, the Company will reimburse eligible employees for out-of-pocket medical expenses incurred between June 1, 2004, and the earlier of the date that the employee enrolls in the Company's medical plan, or declines coverage under the plan.  The Company will reimburse Kaiser retirees who have separated from the Company for their out-of-pocket costs between June 1, 2004 and the date of their separation from the Company.

     In the Spring of 2006, the Company estimated that your out-of-pocket expenses were $1,200.  Please provide the Company with proof of any additional out-of-pocket expenses since the Spring of 2006 and the applicable cut-off date noted above.  Reimbursement for additional expenses will only be processed if supported by a receipt for the medical expense that also reflects the date of the expense.  Receipts must also be accompanied by a brief explanation of the medical expense that was incurred, so that the Company can determine if the expense would have been covered by the Company's medical plan.

     Requests for reimbursement must be submitted within 90 calendar days of the date of this letter.  The Company will reimburse you for your reasonable documented out-of-pocket costs within 30 days of its receipt of your updated information.  The Company will deduct, from the reimbursement amount due to active employees, an amount equal to the applicable monthly contribution toward the Health America POS Plan #35118 between June 1, 2004, and the earlier of the date the employee enrolls in the plan, or declines coverage under the plan.  The Company will deduct, from the reimbursement amount due to separated Kaiser employees, an amount equal to the applicable monthly contribution toward the Health America POS Plan #35118 between June 1, 2004 and the date of their separation from the Company.

Very truly yours,

Michael A. Pinson
Accuride Aluminum Wheels
Human Resources Director

cc:   Carolann Bullock
     Gary Montroy



**ERIE L.P.**

April 18, 2008

1015 East 12th Street
Erie, Pennsylvania 16503
U.S.A.

Telephone: (814) 480-6400

Mr. John Weber
2814 Chelsie Drive
Erie, PA 16509

     Re:   Reimbursement for Out-of-Pocket Medical Costs

Dear John:

     As a result of the recent Third Circuit decision in *Accuride Erie L.P. v. UAW, Local 1186*, the Company has decided to reimburse eligible employees and former employees who experienced certain out-of-pocket medical costs as a direct result of the fact that they were not enrolled in the Company's employee medical plan. Specifically, the Company will reimburse eligible employees for out-of-pocket medical expenses incurred between June 1, 2004, and the earlier of the date that the employee enrolls in the Company's medical plan, or declines coverage under the plan. The Company will reimburse Kaiser retirees who have separated from the Company for their out-of-pocket costs between June 1, 2004 and the date of their separation from the Company.

     Please provide the Company with proof of any out-of-pocket expenses since the June 1, 2004 and the applicable cut-off date noted above. Reimbursement for additional expenses will only be processed if supported by a receipt for the medical expense that also reflects the date of the expense. Receipts must also be accompanied by a brief explanation of the medical expense that was incurred, so that the Company can determine if the expense would have been covered by the Company's medical plan.

     Requests for reimbursement must be submitted within 90 calendar days of the date of this letter. The Company will reimburse you for your reasonable documented out-of-pocket costs within 30 days of its receipt of your updated information. The Company will deduct, from the reimbursement amount due to active employees, an amount equal to the applicable monthly contribution toward the Health America POS Plan #35118 between June 1, 2004, and the earlier of the date the employee enrolls in the plan, or declines coverage under the plan. The Company will deduct, from the reimbursement amount due to separated Kaiser employees, an amount equal to the applicable monthly contribution toward the Health America POS Plan #35118 between June 1, 2004 and the date of their separation from the Company.

Very truly yours,

Michael A. Pinson
Accuride Aluminum Wheels
Human Resources Director

cc:    Carolann Bullock
       Gary Montroy



**ERIE L.P.**

1015 East 12th Street
Erie, Pennsylvania 16503
U.S.A.

Telephone: (814) 480-6400

April 11, 2008

Mr. Gary Wilson
12810 Kline Road
Edinboro, PA 16412

      Re:    Reimbursement for Out-of-Pocket Medical Costs

Dear Gary:

      As a result of the recent Third Circuit decision in *Accuride Erie L.P. v. UAW, Local 1186*, the Company has decided to reimburse eligible employees and former employees who experienced certain out-of-pocket medical costs as a direct result of the fact that they were not enrolled in the Company's employee medical plan. Specifically, the Company will reimburse eligible employees for out-of-pocket medical expenses incurred between June 1, 2004, and the earlier of the date that the employee enrolls in the Company's medical plan, or declines coverage under the plan. The Company will reimburse Kaiser retirees who have separated from the Company for their out-of-pocket costs between June 1, 2004 and the date of their separation from the Company.

      In the Spring of 2006, the Company estimated that your out-of-pocket expenses were $4,500. Please provide the Company with proof of any additional out-of-pocket expenses since the Spring of 2006 and the applicable cut-off date noted above. Reimbursement for additional expenses will only be processed if supported by a receipt for the medical expense that also reflects the date of the expense. Receipts must also be accompanied by a brief explanation of the medical expense that was incurred, so that the Company can determine if the expense would have been covered by the Company's medical plan.

      Requests for reimbursement must be submitted within 90 calendar days of the date of this letter. The Company will reimburse you for your reasonable documented out-of-pocket costs within 30 days of its receipt of your updated information. The Company will deduct, from the reimbursement amount due to active employees, an amount equal to the applicable monthly contribution toward the Health America POS Plan #35118 between June 1, 2004, and the earlier of the date the employee enrolls in the plan, or declines coverage under the plan. The Company will deduct, from the reimbursement amount due to separated Kaiser employees, an amount equal to the applicable monthly contribution toward the Health America POS Plan #35118 between June 1, 2004 and the date of their separation from the Company.

Very truly yours,

Michael A. Pinson
Accuride Aluminum Wheels
Human Resources Director

cc:    Carolann Bullock
       Gary Montroy



April 18, 2008

1015 East 12th Street
Erie, Pennsylvania 16503
U.S.A.

Telephone: (814) 480-6400

Mr. Larry Zielinski
533 W. 4th Street
Erie, PA 16507

Re:    Reimbursement for Out-of-Pocket Medical Costs

Dear Larry:

As a result of the recent Third Circuit decision in *Accuride Erie L.P. v. UAW, Local 1186*, the Company has decided to reimburse eligible employees and former employees who experienced certain out-of-pocket medical costs as a direct result of the fact that they were not enrolled in the Company's employee medical plan. Specifically, the Company will reimburse eligible employees for out-of-pocket medical expenses incurred between June 1, 2004, and the earlier of the date that the employee enrolls in the Company's medical plan, or declines coverage under the plan. The Company will reimburse Kaiser retirees who have separated from the Company for their out-of-pocket costs between June 1, 2004 and the date of their separation from the Company.

Please provide the Company with proof of any out-of-pocket expenses since the June 1, 2004 and the applicable cut-off date noted above. Reimbursement for additional expenses will only be processed if supported by a receipt for the medical expense that also reflects the date of the expense. Receipts must also be accompanied by a brief explanation of the medical expense that was incurred, so that the Company can determine if the expense would have been covered by the Company's medical plan.

Requests for reimbursement must be submitted within 90 calendar days of the date of this letter. The Company will reimburse you for your reasonable documented out-of-pocket costs within 30 days of its receipt of your updated information. The Company will deduct, from the reimbursement amount due to active employees, an amount equal to the applicable monthly contribution toward the Health America POS Plan #35118 between June 1, 2004, and the earlier of the date the employee enrolls in the plan, or declines coverage under the plan. The Company will deduct, from the reimbursement amount due to separated Kaiser employees, an amount equal to the applicable monthly contribution toward the Health America POS Plan #35118 between June 1, 2004 and the date of their separation from the Company.

Very truly yours,

Michael A. Pinson
Accuride Aluminum Wheels
Human Resources Director

cc:    Carolann Bullock
       Gary Montroy

# EXHIBIT 4



February 26, 2008

**CERTIFIED MAIL,**
**RETURN RECEIPT REQUESTED**

Mr. Louis C. Stagner
International Representative
Region 9, UAW
4285 Genesse Street
Buffalo, NY 14225-1968

    Re: <u>Reimbursement of Costs Regarding Case No. 06-4007</u>

Dear Mr. Stagner:

   Given the fact that the United States Court of Appeals for the Third Circuit found in favor of the Union, the Third Circuit awarded the Union the costs it incurred in copying and filing its appellate brief. Accordingly, the Company issued UAW Local 1186 a check in the amount of $144.63. Our accounting department used the account that is already set up for the payment of dues to the local union, so there is a reference to 'UAW Dues' on the check. As your e-mail of February 18 indicates, there is also a hand written reference in red ink that reads as follows, "fees copying & filing appellate brief case no. 04-35-HP6," the grievance number.

   The purpose of the check, reimbursement of the costs incurred in copying and filing its appellate brief, was also clearly explained to Local 1186 Vice-President Mike Sherbin when he was presented with the check. We trust that the Union will be able to cash the check and see that the appropriate person(s) is reimbursed.

   I hope this answers your questions concerning the check.

        Very truly yours,

        Michael A. Pinson, PHR
        Aluminum Wheel Group HR Director

797681.1
7/7/07

# EXHIBIT 5

# Accuride Erie, L.P. Retired Employees' Group Insurance Program

## (With HMO Medical)

**Summary Plan Description (SPD)**

**For Employees Represented by the United Automobile, Aerospace & Agricultural Implement Workers of America, Local 1186 and Hired On or Before August 31, 2003**

**Effective September 1, 2003**

# About This Booklet

The Accuride Erie, L.P. Retired Employees' Group Insurance Program ("the Plan") can provide medical benefits (POS or HMO coverage) for you and your eligible dependents and life insurance benefits for you after you retire.

The Plan applies to eligible, hourly employees of Accuride Erie, L.P. ("the Company") who were hired on or before August 31, 2003. Benefits provided under the Plan are subject to change. This booklet describes the benefits that are in effect as of September 1, 2003.

The Plan is maintained pursuant to the labor agreement that applies to employees who are represented by the United Automobile, Aerospace and Agricultural Implement Workers of America, Local 1186 ("the Union"). You can receive a copy of the labor agreement by contacting your local Human Resources representative.

The Plan is not an employment contract. Participating in the Plan does not give you a right to continued employment with the Company or otherwise affect your employment rights.

This summary plan description ("SPD") only describes the Plan's major features and your rights under law. It does not replace the official documents that legally govern the Plan's terms and operation. Care has been taken to be sure this booklet is accurate. However, if this booklet differs from the Plan's official documents, the official documents always govern.

This SPD includes a description of the HMO medical plan. Another SPD includes a description of the POS medical plan. If you do not receive the SPD that applies to you, please contact your local Human Resources representative at 812-480-6472.

The Company may need to contact you about your retirement benefits or changes to the Plan after you retire. If your address changes, please promptly notify the plan administrator – see page 35.

If you have questions about the Plan, contact your local Human Resources representative at 814-480-6472.

# Contents

Plan Highlights..........................................................................................................1
Who Can Participate..............................................................................................3
   Eligible Retired Employees................................................................................3
   Eligible Dependents...........................................................................................3
   Active Employees – Retiree Medical Coverage for Your Dependents if You Die.....4
Enrolling .................................................................................................................4
   Naming a Retiree Life Insurance Beneficiary....................................................4
   When Your Life & Health Coverage Begins........................................................5
   When Dependent Health Coverage Begins.........................................................5
Making Changes.....................................................................................................5
Who Pays for the Plan ..........................................................................................6
Medical...................................................................................................................6
   Using Your Primary Care Physician (PCP).........................................................6
      Services That Don't Require PCP Referral.....................................................7
      Mental Health and Chemical Dependency Referrals.......................................7
      Special Note Concerning Childbirth Benefits.................................................7
      Specialists as PCPs.......................................................................................7
      Standing Referrals.........................................................................................7
   No Pre-Existing Condition Exclusions................................................................8
   Deductibles........................................................................................................8
   Coinsurance.......................................................................................................8
   Maximum Benefits.............................................................................................8
   Emergency Services...........................................................................................8
   Prescription Drug Benefits.................................................................................8
   When You're Outside the Service Area................................................................9
   Summary of Benefits.........................................................................................9
   Covered Medical Expenses...............................................................................12
   Student Coverage for Dependents Living Outside the Service Area...................19
      Paying for Services......................................................................................20
   Medical Expenses Not Covered.......................................................................20
   Definitions.......................................................................................................23
   Coordination of Benefits..................................................................................24
      Medical Coverage – Health Assurance.........................................................24
   Non-duplication of Benefits.............................................................................25
   Right to Third Party Payment..........................................................................25
Retiree Life Insurance.........................................................................................26
   When the Plan Won't Pay Life Insurance Benefits............................................26
Claims & Appeal Procedures...............................................................................26
   Health Care Plan.............................................................................................26
      Claims Administrator's Decision..................................................................26
      How to File an Appeal for Medical Benefits.................................................26
      Decisions Binding/Procedures Mandatory...................................................30
   Retiree Life Insurance Benefit.........................................................................30
      Processing of Claims...................................................................................30
      Claims & Appeals Procedure – Retiree Life Insurance Benefit.....................30
   Legal Action.....................................................................................................32
When Coverage Ends...........................................................................................32
   Certificates of Coverage..................................................................................32
   Medical & Prescription Drugs...........................................................................32
   Extended Medical Benefits after Termination of Coverage................................34
   Retiree Life Insurance......................................................................................34
QMCSOs ...............................................................................................................34
Important Information about the Plan ................................................................34
   Plan Name & Number.......................................................................................34
   Plan Sponsor & Identification Number..............................................................34
   Plan Year.........................................................................................................34
   Plan Administrator...........................................................................................35
   Insurance Companies......................................................................................35
   Claims Administrators......................................................................................35

Legal Process..........................................................................................35
Funding for the Plan.............................................................................35
Interpretation, Amendment & Termination.........................................35
Recovery of Excess Payment..............................................................36
Grievance Procedure for Certain Insurance Claims............................36
Medical & Life Insurance Conversion..................................................36
COBRA Continuation of Coverage.......................................................36
Your Rights under ERISA.....................................................................38
HIPAA Privacy......................................................................................40

# Plan Highlights

**Who can participate**

Employees covered by the labor agreement between the Company and the Union who were hired on or before August 31, 2003, and who retire after meeting certain age and service requirements may participate in the Plan.

Once you can participate, generally, your dependents who can participate in the Plan's medical (POS or HMO) coverage include your then-current spouse and unmarried, dependent children up to age 19 (up to age 25 if in school, or longer if disabled while covered by the Plan).

**Enrollment**

When you're eligible to participate, you have to enroll yourself and any eligible dependents by filling out and returning enrollment forms within 30 days if you want medical coverage. Enrollment in retiree life insurance is automatic when you become eligible. However, you still should fill out and return a life insurance beneficiary designation form as soon as possible after becoming eligible.

**Cost of coverage**

The cost of retiree medical coverage currently is shared by the Company and by participating retirees and their eligible dependents. If a retiree's age plus service at the time of retirement (his or her "points") is less than 85, the retiree and his or her dependents will pay a portion of the cost for their medical coverage. The portion is 1% of the total cost multiplied by the difference between 85 and the retiree's points at retirement, not to exceed 15% of the cost of coverage. The Company pays the full cost of retiree life insurance under the Plan.

**Retiree medical coverage**

Currently, you have the choice of two medical coverage options under the Plan: point-of-service (POS) or a health maintenance organization (HMO). Both cover most common medical expenses. If you choose HMO medical coverage, see the HMO Summary Plan Description for details about your medical benefits.

Before you or a covered dependent becomes eligible for Medicare, the Plan pays based on the benefits of the medical coverage you have elected. Once a participant (you or a covered dependent) becomes eligible for Medicare, Medicare will become the primary coverage. **This Plan's benefits are reduced by any amount paid by Medicare (or, if you or your dependent fails to enroll, the amount that would have been payable if you or your dependent had enrolled in both Parts A and B of Medicare).**

With the HMO, you'll have access to HealthAmerica's network of Doctors, Hospitals and other medical facilities. When you enroll in the HMO, you select a primary care physician (PCP) for you and each member of your family. When your medical care is coordinated by your PCP, the plan will pay for many covered services at 100%. For most other types of medical care, you only have to pay a small copayment. What's more, you don't have to satisfy any deductibles before the plan will begin paying benefits. The Plan has an unlimited *lifetime* maximum benefit for you and each of your covered dependents.

The Plan limits certain covered expenses, such as mental health and substance abuse services, and it doesn't pay for all medical expenses. Preauthorization is required for hospitalization and alcohol and drug abuse treatment and may be required for a second opinion and certain other services.

ERIE HRLY RETIREE MEDICAL w/HMO – 09.01.2003

| | |
|---|---|
| **Retiree life insurance** | Currently, the Company pays the full cost of retiree life insurance for you under the Plan. The amount of the retiree life insurance benefit that your beneficiary will receive depends on your age at the time of your death while covered under the Plan.  If you die before turning 62, your beneficiary will receive $25,000 ($10,000 if you were hired on or after November 1, 1987).  If you die at or after 62, your beneficiary will receive $4,500. |
| **Medicare Part B reimbursement** | When a retired employee, covered spouse or pensioned surviving spouse who is covered under the Plan attains age 65 or has been receiving Social Security Disability benefits for two years and becomes eligible for and enrolls in Medicare Part B, the Company will reimburse a portion of the actual monthly premium for Medicare coverage based upon the retiree's years of service.  The reimbursement amount is $1 per year of service with a minimum of $10.00 and a maximum of $46.10 per month. |

The "plan administrator" is Accuride Corporation's Benefits Administration Committee ("the Committee").  The Committee administers and interprets the plan.  For more information, see "Plan Administrator" on page 35.

## Who Can Participate

### Eligible Retired Employees

Generally, you can participate in the Plan when you meet all of the following eligibility rules:

- ?? You are an employee of the Company who is covered by the labor agreement that applies to employees who are represented by the Union;

- ?? You were hired on or before August 31, 2003;

- ?? You are not eligible for the Kaiser Retired Employees' Group Insurance Program;

- ?? Your employment ends due to retirement; and

- ?? You are eligible to begin receiving a 62/10 or 30 year retirement benefit under the Accuride Erie Hourly Employee Pension Plan.

**A deferred vested employee is not eligible to participate in the Plan.**

### Eligible Dependents

If you participate, certain of *your dependents* also can participate in the Plan's POS or HMO medical coverage. Eligible dependents are:

- ?? Your spouse at the time your employment ends due to retirement (unless you are legally separated);

- ?? Your "children," up to age 19;

- ?? Your "children," from age 19 to age 25, who are "full-time students"; and

- ?? Your "children" who become physically or mentally disabled and incapable of self-sustaining employment on or before reaching age 19 (age 25 if a full-time student).

Your spouse includes a common law spouse recognized under the laws of the state where you live. **If you marry or remarry *after* you retire, your spouse cannot participate in this plan.**

Children must be unmarried and dependent on you for principal financial support. Children include your natural child, stepchild, legally adopted child, a child for whom you are a legal guardian and to whom you are related by blood or marriage and who permanently resides in your household, and a child living with you in a parent-child relationship for whom you have legal custody during court proceedings for adoption or legal guardianship.

You cannot enroll, as a dependent, a person who is covered under any other group insurance plan or program toward the cost of which the Company contributes or who is covered as an employee under the Accuride Erie, L.P. Employees Group Insurance Program or as a retired employee under this Plan.

A full-time student is defined as a full-time student in a recognized course of study or training, not employed on a full-time basis, and not otherwise covered under any other employer group insurance or prepayment plan other than such coverage which is restricted to students. Also, to be eligible for coverage as a dependent after age 19, the child must have been eligible for coverage as a dependent prior to reaching age 19.

**_Special Note:_** Within 30 days after your child reaches age 19, you **must** notify your local Human Resources representative and provide proof that your child is a full-time student, or physically or mentally disabled, and dependent on you for principal financial support. Otherwise, your child's medical and prescription drug coverage will end and may not be reinstated. If your child is not a full-time student at age 19, but becomes one before age 25, you will have to provide proof to your local Human Resources representative within 30 days after your child enrolls in school if you want your child's medical and prescription drug coverage reinstated.

In the case of a student, age 19 to 25, who becomes handicapped and incapable of self-support, you will have to provide proof to your local Human Resources representative within 30 days after your child becomes handicapped if

3

ERIE HRLY RETIREE MEDICAL w/HMO – 09.01.2003