# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ACCURIDE ERIE L.P., a limited partnership,<br><br>Plaintiff/Counterclaim Defendant<br><br>v.<br><br>INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE, AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, LOCAL 1186, a voluntary unincorporated association,<br><br>Defendant/Counterclaim Plaintiff | Case No. 05-CV-169 Erie<br><br>Judge Sean J. McLaughlin |

## DEFENDANT/COUNTERCLAIM PLAINTIFF UAW'S RESPONSES AND OBJECTIONS TO NON-UNIFORM INTERROGATORIES

Pursuant to Fed. R. Civ. P. 33, Defendant/Counterclaim Plaintiff International Union, United Automobile, Aerospace & Agricultural Implement Workers of America, UAW and its Local 1186 ("UAW") hereby respond and object to Plaintiff/Counterclaim Defendant Accuride Erie L.P.'s ("Accuride") Non-Uniform Interrogatories as follows:

### General Objections

1.   The UAW objects to Accuride's Non-Uniform Interrogatories to the extent that they seek to impose upon the UAW obligations broader than, or inconsistent with,

those imposed upon it by the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the Western District of Pennsylvania.

2. The UAW objects to Accuride's Non-Uniform Interrogatories to the extent that they seek answers or information protected from disclosure by the attorney-client privilege.

3. The UAW objects to Accuride's Non-Uniform Interrogatories to the extent that they, in various instances, seek information that is not relevant to the subject matter of this litigation, and is thus beyond the scope of discovery. The UAW further objects that, in certain respects, Accuride's interrogatories are overly broad and/or unduly burdensome.

4. The UAW objects to Accuride's Non-Uniform Interrogatories to the extent that they seek confidential information. All such information is protected from disclosure until an appropriate protective order has been entered by the Court.

5. Nothing contained in these responses is to be construed as an admission related to the existence of any document, nor should any response contained herein be considered an admission related to the relevance or admissibility of any information provided or document identified. Further, nothing contained in the UAW's responses should be construed as an admission concerning the truth or accuracy of any statement or characterization contained in Accuride's Non-Uniform Interrogatories.

The UAW has not yet fully completed its investigation of all matters which may be subject to these interrogatories. Consistent with that fact, responses to the following interrogatories are made to the best of the UAW's knowledge, are based on information currently known to the UAW, and are given without prejudice to the UAW's right to

2

produce evidence of any subsequently discovered information during discovery or otherwise and to supplement their responses pursuant to applicable Rules of Civil Procedure. The UAW reserves the right to amend or supplement these responses. Subject to and without waiving the foregoing general objects, the UAW responds to Accuride's Non-Uniform Interrogatories as follows:

### Responses to Non-Uniform Interrogatories

1. For each employee whom the Union Entities contend is entitled to receive medical benefits by Accuride under the terms of the Creo Award, please provide the following information:

    a. State the name of the employee:

**Response:**

**The UAW objects to this interrogatory on the basis that it seeks information that is not relevant to the subject matter of this lawsuit, nor which is reasonably calculated to lead to the discovery of admissible evidence. The sole issue before the district court is whether the Creo award should be enforced or vacated. Damages in the underlying arbitration are not before the district court, and are not relevant to this litigation.**

    b. For each employee identified in paragraph 1(a) above, identify any and all medical services received by the employee from any source during the time period beginning in May 2004 and continuing through the present date, including the provider of any such services:

3

<u>Response:</u>

The UAW objects to this interrogatory on the basis that it seeks information that is not relevant to the subject matter of this lawsuit, nor which is reasonably calculated to lead to the discovery of admissible evidence. The UAW also objects to this interrogatory because it is burdensome and harassing. The sole issue before the district court is whether the Creo award should be enforced or vacated. Damages in the underlying arbitration are not before the district court, and are not relevant to this litigation.

      c.    For all of the medical services identified in paragraph 1(b) above, state (i) the cost of each of the services, (ii) the amount paid by the employee for the services, if any, and (iii) identify the source of any payment(s) made or benefit(s) provided by any other person or entity on behalf of the employee for the services.

<u>Response:</u>

The UAW objects to this interrogatory on the basis that it seeks information that is not relevant to the subject matter of this lawsuit, nor which is reasonably calculated to lead to the discovery of admissible evidence. The UAW also objects to this interrogatory because it is burdensome and harassing. The sole issue before the district court is whether the Creo award should be enforced or vacated. Damages in the underlying arbitration are not before the district court, and are not relevant to this litigation.

      d.    For each employee identified in paragraph 1(a) above, state the cost to the employee for any medical benefits or insurance coverage from any source

4

between May 2004 and the present date, including but not limited to premiums, calculated premium equivalents, or COBRA payments.

Response:

The UAW objects to this interrogatory on the basis that it seeks information that is not relevant to the subject matter of this lawsuit, nor which is reasonably calculated to lead to the discovery of admissible evidence. The UAW also objects to this interrogatory because it is burdensome and harassing. The sole issue before the district court is whether the Creo award should be enforced or vacated. Damages in the underlying arbitration are not before the district court, and are not relevant to this litigation.

2. State in detail any and all facts which support Defendant/Counterclaim Plaintiff International Union, United Automobile, Aerospace & Agricultural Implement Workers of America, Local Union 1186's affirmative defense that "Accuride's claim is barred by the applicable statute of limitations."

Response:

The Creo Award is dated April 26, 2005. The complaint was filed on May 27, 2005. On its face, the complaint is outside the 30-day statute of limitations for vacating an arbitration. Counsel for the UAW is still awaiting documentation from Plaintiff Accuride Erie, L.P. showing how and when it was served with the Creo award.

3. Identify all facts supporting the Union Entities' contention that Accuride Erie L.P. has not owned and operated the Erie Plant since May 1997.

5

**Response:**

The collective bargaining agreement entered into by the parties in August of 1998 is between AKW L.P. and United Automobile, Aerospace & Agricultural Implement Workers of America and its Local Union 1186. The collective bargaining agreement entered into by the parties in September of 2003 is between Accuride Erie and the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, Local No. 1186.

Respectfully submitted,

By: *Catherine Trafton*

Catherine J. Trafton
8000 E. Jefferson Ave.
Detroit, MI 48214

William T. Payne
1007 Mt. Royal Blvd.
Pittsburgh, PA 15223

Dated: November 30, 2005