# EXHIBIT E

ATTORNEYS
**Ryley Carlock & Applewhite**
A PROFESSIONAL ASSOCIATION

One North Central Avenue
Suite 1200
Phoenix, Arizona 85004
Telephone 602-258-7701
Facsimile 602-257-9582

**Frederick C. Miner**
Direct Line:  602-440-4850
Direct Fax:  602-257-6950
E-mail:  FMiner@rcalaw.com

Offices in:
Phoenix, Arizona
Denver, Colorado
www.rcalaw.com

May 26, 2006

VIA TELECOPIER: No. (814) 464-9617
and U.S. MAIL

Hon. Sean J. McLaughlin
United States District Court, Western District of Pennsylvania
17 South Park Row
Erie, PA  16501

Re:   *Accuride Erie L.P. v. Int'l Union, United Auto., Aero. & Agric. Impl. Workers, Local 1186*, Case No. 05-CV-169 (Erie)

Your Honor:

The purpose of this letter is to inform the Court that the parties have been unable to reach a settlement in this case.

The failure of the settlement negotiations occurred after some promising initial discussions and optimism that an agreement could be reached. As the Court will recall, the arbitration Award in this case involves the eligibility of certain hourly employees of Accuride who completed permanent, irrevocable elections opting out of the medical benefits Accuride provides to its other active hourly employees in favor of retiree medical benefits offered by their previous employer, Kaiser. Among other things, the Company proposed a Settlement Agreement that would extend coverage under its employee medical plan to all of the current employees who arguably are covered by the arbitration Award. In addition, the Company proposed to make payments to the employees and former employees who experienced out of pocket costs during time periods when they contend they were eligible for medical benefits under the Award. Nevertheless, after lengthy discussions concerning these proposals, the Union took the position that it would not enter into an agreement that does not include, in addition to the above and beyond the relief sought in the underlying arbitration, an award of retiree medical benefits. The Company estimates the cost of the Union's proposal, in current dollars, at roughly $3.2 million.

Retiree medical benefits are not addressed in the motions seeking enforcement or vacation of the Award in this case, they were not included or even mentioned in the Award, and the issue was not presented to Arbitrator Creo. To the contrary, at the arbitration hearing the Union specifically limited the issue being submitted to active employee medical

Hon. Sean McLaughlin  
May 26, 2006  
Page 2

 Ryley Carlock & Applewhite

benefits. Accuride Erie's Statement of Facts ¶ 39; Union's Response ¶ 39. The Union's representative at the hearing stated that the sole issue before the Arbitrator was whether the Company "refused to honor the current terms of the collective bargaining agreement by supplying health insurance, when it was needed, to current Accuride active employees." Appendix p. 024. The Union later reiterated to the Arbitrator that its sole contention in the arbitration was that the "documents and the agreements provide for a company obligation to provide medical insurance to active, current active Accuride employees." Id.

Because of the manner in which the Union specifically limited the issue before the Arbitrator, there was no evidence presented at the hearing concerning retiree medical benefits, or indeed any issue other than medical coverage for active employees of the Company. This is significant because benefits for the Company's retirees are limited, they are different than those that are available to eligible active employees, and they are set forth in benefit plan documents that are separate and distinct from those that apply to the active employee medical benefits that were before Arbitrator Creo. Furthermore, retiree medical benefits raise different bargaining issues than those at stake when active employee medical coverage is at issue. Among those issues is the Supreme Court's decision in *Chem. Workers v. Pittsburgh Plate Glass*, 404 U.S. 157 (1971), in which the Court recognized that because retirees' interests are substantially different than those of employees, retirees cannot be considered part of the bargaining unit that the union represents, and therefore proposals concerning benefits for retirees are confined to the status of permissive subjects of bargaining.

In short, the Union prevented agreement on the Company's proposed Settlement Agreement in order to bootstrap a claim for retiree medical benefits that it chose not to present to Arbitrator Creo. It must be pointed out that the Union did so even after the Company proposed to allow the Union to enter a settlement agreement without prejudice to its right to pursue a future grievance on the subject of retiree medical benefits for the individuals at issue in the Award.

Most recently, the Union's counsel requested that the Company agree to submit the Union's request for retiree medical benefits on behalf of the employees and former employees at issue in the Award to Arbitrator Creo in a new arbitration hearing. The Union's counsel further requested that the parties jointly move the Court to postpone its deadline for ruling on whether the Award should be enforced, in order to provide an opportunity for its new proposed hearing before the Arbitrator to occur. The Company has informed the Union that it will not agree to bypass the contractual grievance procedure by submitting a new issue directly to Arbitrator Creo. Therefore, the Company also opposes the Union's suggestion that the deadline imposed by the Court for its ruling on the pending cross motions for summary judgment should be postponed.

Hon. Sean McLaughlin
May 26, 2006
Page 3

 Ryley Carlock & Applewhite

Thank you for your consideration of this case.

Sincerely,

Frederick C. Miner

cc:   Catherine Trafton, Esq. (via telecopier: no. (313) 926-5240)