**IN THE UNITED STATE DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ACCURIDE ERIE, L.P. | ) CASE NO. 05-CV-169 ERIE |
| Plaintiff/Counterclaim Defendant, | ) JUDGE SEAN J. McLAUGHLIN |
| vs. | ) **REPLY MEMORANDUM IN SUPPORT OF UAW'S MOTION TO SHOW CAUSE WHY DEFENDANT ACCURIDE SHOULD NOT BE HELD IN CONTEMPT, OR IN THE ALTERNATIVE, TO REMAND REMEDIAL ISSUES TO ARBITRATOR CREO FOR CLARIFICATION** |
| INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE, AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, LOCAL 1186 | |
| Defendant/Counterclaim Plaintiff. | |

**INTRODUCTION**

The International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, Local Union 1186 ("UAW") moved this Court on May 13, 2008 to order Defendant Accuride Erie, L.P. ("Accuride") to show cause why it should not be held in contempt for failing to comply with the "make whole" remedy in Arbitrator Creo's Award or, in the alternative, to remand the case to Arbitrator Creo to clarify his Award in light of the passage of time. Doc. 49. Accuride filed a Brief in Opposition to the UAW's motion on June 9, 2008. Doc. 56. The UAW hereby files a brief reply.

In the UAW's motion to show cause, the UAW sought relief on behalf of both active and retired Accuride employees. However, as a result of intervening circumstances, including Accuride's allowing active employees to enroll for health insurance subsequent to the filing of the UAW's motion, the UAW hereby amends its motion to seek relief only on behalf of

Accuride's retirees who should be instated in the Accuride retiree health plan and compensated for all of-out-pocket costs until the time they are instated.[1]

Although Accuride has made multiple arguments in its Brief in Opposition, its underlying position is that the demand for retiree insurance benefits is a new and "unique" issue not addressed by the grievance, the parties, the arbitrator, this Court or the Court of Appeals. A review of the grievance and all that has transpired since demonstrates that Accuride is wrong. Further, the UAW does not disagree with the legal principles of waiver or estoppel, but those principles undermine rather than support Accuride's arguments. Accuride had the opportunity to raise its objections to providing future retiree benefits both before the Arbitrator and the Court, but did not.

### I.     Retiree Benefits Were Included in the Grievance and Are Not a "New" Issue.

As set forth in more detail in our initial brief, the grievance was filed on behalf of a finite group of active Accuride employees for the insurance benefits listed in Article 32 of the collective bargaining agreement, which included retiree insurance benefits. The language of the grievance was:

> The Union protests the Company's actions in violating the current agreement between Accuride Erie and UAW Local 1186.
>
> The Union charges the Company with not allowing eligible employees to enroll and has not provided eligible employees

---

[1] By limiting the issue to relief for Accuride employees who retired after the grievance was filed, a number of Accuride's arguments about compliance are mooted. However, there is no dispute that Accuride refuses to allow employees who had been receiving Kaiser retiree benefits, and then subsequently retired from Accuride, to enroll in Accuride's retiree insurance program. And, while Accuride has agreed to compensate them for out-of-pocket expenses from the time of the grievance until the time of their retirement from Accuride, Accuride has insisted that damages stop accruing at the date of their retirement, rather than on the date that Accuride enrolls them in its retiree insurance program. Thus, there continues to be a dispute over whether Accuride's failure to provide benefits to retirees is in violation of the arbitrator's award as enforced by this Court and the Court of Appeals.

> Health Insurance, Life Insurance, **Retire Health Insurance and Retiree Life Insurance**.
>
> The Union demands that the Company cease and desist from violating the Contract, make all employees whole for lost benefits, make all employees and **retirees** whole, including interest, for all expenses, charges and/or debts incurred as a result of the Company's refusal and/or failure to provide all applicable insurances.

Doc. 49-3. From reading Accuride's Brief, one might think that the instant motion has been filed on behalf of a new group of strangers. To the contrary, these are the same fourteen employees (plus those who are still working for Accuride and one who is deceased) on whose behalf the grievance was first filed. See, Doc. 56-2 (letters sent by Accuride to these fourteen retired employees among others).

Today's retirees were yesterday's active Accuride employees. Their identity, their claim and their entitlement has not changed since their grievance that was the subject of the arbitration. They are still the same group of fourteen people who were active employees when the grievance was filed on June 8, 2004 and subsequently retired. All that has changed is that by virtue of the passage of time while litigating this case, they are now entitled to receive the retiree insurance benefits that were sought in the **same** grievance brought pursuant to the **same** contract language that the arbitrator reviewed three years ago. Had Accuride put these fourteen people on the Accuride active insurance plan at the time it was requested, rather than breached the contract at that time, they would automatically have been transitioned to Accuride's retiree insurance plan at the time of their retirement.

Seeking to bolster its position that this is a new dispute, Accuride has argued that eligibility to receive retiree insurance benefits is governed not just by the language of the collective bargaining agreement that was interpreted by the arbitrator, but that there are

3

additional eligibility criteria that are contained within the Accuride Erie, L.P. Retired Employees' Group Insurance Progam ("SPD"). The eligibility language that Accuride has cited in the SPD is found at page 3, Doc. 56-2 (attached to Accuride's Brief in Opposition). It states:

**Who Can Participate**

**Eligible Retired Employees**

Generally, you can participate in the Plan when you meet all of the following eligibility rules:

?? You are an employee of the Company who is covered by the labor agreement that applies to employees who are represented by the Union;

?? You were hired on or before August 31, 2003;

?? You are not eligible for the Kaiser Retired Employees' Group Insurance Program;

?? Your employment ends due to retirement; and

?? You are eligible to begin receiving a 62/10 or 30 year retirement benefit under the Accuride Erie Hourly Employee Pension Plan.

Accuride's argument about the eligibility requirements included in the SPD should be rejected for two independent reasons: Accuride waived this argument and, as a factual matter, the criteria are satisfied.

First, as Accuride argued in its opposition brief, any argument that should have made before the Arbitrator but was not, has now been waived. Article 32 of the collective bargaining agreement, which was the subject of the grievance and arbitration, specifically states, "The specific terms of these benefits are set forth in the benefit plans and the insurance contract." The operative dates of both the collective bargaining agreement under which the grievance was brought and the SPD are identical, September 1, 2003. If Accuride thought the SPD was relevant to understanding the entitlement to any of the enumerated benefits listed in Article 32, including No. 9 "Retiree Medical and Life Insurance benefits", Accuride should have presented

4

the SPD and related arguments to the Arbitrator. Having failed to even introduce the SPD as an exhibit at the arbitration, Accuride has waived this argument.

Second, even if the Court considers the eligibility language of the SPD, there is no dispute that all of the fourteen retirees satisfy all of the eligibility criteria. As Accuride recognized when it sent each of the fourteen letters seeking their out-of-pocket expenses, Doc. 56-2, they were all Accuride employees covered by the labor agreement and hired on or before August 31, 2003, thereby satisfying the first two SPD eligibility criteria. With respect to the third criterion, at the time of their retirement they were not eligible for the Kaiser Retired Employees' Group Insurance Program because the program had already been terminated – which is what led to the grievance first being filed. As the Arbitrator held, "The underlying assumption is that the employees have some comparable benefits from a collateral source. With the termination of the Kaiser benefits, that is no longer the case." Doc. 20-4 at p. 21. Regarding the final two criteria, their employment ended due to retirement at which time they were all eligible to begin receiving 30 year retirement benefit under the Accuride Erie Hourly Employee Pension Plan. See, Union Arbitration Ex. 2 which is an Accuride-generated document identifying plant seniority dates, all of which were more than 30 years prior to the grievants' retirement, attached hereto as Exhibit A, and Affidavit of Louis Stagner attached hereto as Exhibit B.[2] Thus, Accuride's argument that there is a new dispute because of the SPD eligibility criteria is without merit.

Accuride has also argued that retiree benefits is a "new" issue because throughout the arbitration proceedings, the UAW's representative asked that the grievants be treated the same as

---

[2] Calculating their seniority at the time of retirement is a ministerial act, less complicated than tabulating their out-of-pocket medical expenses, something Accuride concedes is not a new issue or one which would require a new arbitration.

5

"any other employee." Accuride has argued that the UAW was successful in arbitration because it "argued that the inequity of denying a small group of employees medical benefits that otherwise were uniformly offered to others was fundamentally unfair." Brief in Opposition at 10. Although this was not the sole basis of the arbitrator's award, the UAW does not dispute that it presented this to the arbitrator. This simple issue has not changed. The UAW is continuing to seek the same benefits for the same "small group of employees." At the time the UAW negotiated the benefits identified in Article 32, the retirement benefits were a form of deferred wages that were earned while those employees were actively employed, but paid after their retirement. Now, those benefits are being enjoyed by other similarly situated Accuride retirees, just not these fourteen.

In support of Accuride's argument that the grievance was only about the benefits that employees were to receive when they were actively working, Accuride cites <u>Allied Chem. & Alkali Workers v. Pittsburgh Plate Glass Co.</u>, 404 U.S. 157 (1971) for the proposition that "it is well established that retirees are not employees." This argument is misleading.

While <u>Pittsburgh Plate Glass</u> holds that retirees are no longer members of the bargaining unit, the Supreme Court stated, "[t]o be sure, the future retirement benefits of active workers are part and parcel of their overall compensation and hence a well-established statutory subject of bargaining." <u>Id</u>. at 180. As the Court also stated, "there is no anomaly in the conclusion that retired workers are 'employees' within Section 302(c)(5) **entitled to the benefits negotiated while they were active employees**, but are not 'employees' whose ongoing benefits are embraced by the bargaining obligation of Section 8(a)(5)." <u>Id</u>. at 170 (emphasis added). The UAW is not seeking to bargain over new benefits for those who have already retired. Rather, the UAW is seeking to enforce the arbitration award for benefits provided in Article 32 of the

6

collective bargaining agreement that the arbitrator interpreted. At the time the retiree benefits were negotiated and at the time the grievance was filed, the fourteen individuals were active employees who had an entitlement to the "future retirement benefits" that Accuride is now denying.

## II.  This Court's Previous Denial of the UAW's Motion to Remand is Not Controlling.

Another issue raised by Accuride is that this Court already denied the UAW's motion to remand to Arbitrator Creo. As set forth more fully in our initial brief, although the UAW believes that the entitlement to retiree benefits has already been resolved and Accuride should simply now instate the retirement benefits and reimburse this group of former employees, the UAW moved in the alternative to remand the issue to Arbitrator Creo if the Court believes this issue was not sufficiently addressed in the prior decision. In opposition, Accuride has argued that this Court already denied the UAW's motion to remand this case to Arbitrator Creo.

However, the UAW's previous request to remand to the arbitrator was made in connection with settlement discussions that occurred after the parties had already filed cross motions for summary judgment. When the parties were unable to settle the case because of a disagreement over the treatment of these same retiree benefits, the UAW similarly proposed remanding the case to Arbitrator Creo. At that time, Accuride also expressed its position to the Court. Doc. 56-6.[3] Accuride is correct that this proposal was rejected by the Court. Although the Court did not provide its reasons for rejecting the UAW's proposal, it appears that it was denied for mootness because the Court soon after granted the UAW's motion for summary judgment which the UAW believed – and perhaps the Court did as well – definitively resolved this issue in

---

[3]  The presentation of these issues to the Court prior to the Court's ruling on the cross motions for summary judgment also undermines Accuride's argument regarding judicial estoppel.

7

the UAW's favor, removing the justification for a remand. Simply, there was no reason to remand to Arbitrator Creo if the Court was enforcing the make-whole award, which included **all** the benefits listed in Article 32 of the collective bargaining agreement.

## CONCLUSION

In conclusion, the standard for civil contempt articulated in <u>John T. ex rel. Paul T. v. Delaware County Intermediate Unit</u>, 318 F.3d 545, 552 (3d Cir. 2003), (a valid court order existed, the defendant had knowledge of the order, and the defendant disobeyed the order), has been satisfied here. There is a valid court order, about which Accuride has knowledge, and which Accuride has not obeyed.

Thus, for all the reasons set forth in our initial brief and for those set forth herein, the UAW respectfully requests this Court to grant its motion, find Defendant Accuride in contempt, order Accuride to immediately make Accuride retirees whole as described above, including instatement into retiree benefit plans and all consequential damages incurred as a result of Accuride's initial breach of the collective bargaining agreement. In the alternative, the UAW seeks an order remanding the case to Arbitrator Creo for clarification of the make-whole remedy.

JOYCE GOLDSTEIN & ASSOCIATES
A LEGAL PROFESSIONAL ASSOCIATION

<u>/s/ Joyce Goldstein, Esq.</u>
Joyce Goldstein, Esq. (OH #0029467)
    *jgoldstein@unionlaw.cc*
Gina Fraternali, Esq. (OH #0081502)
    *gfraternali@unionlaw.cc*
1040 The Leader Building
526 Superior Avenue E.
Cleveland, Ohio 44114
(216) 771-6633
(216) 771-7559 (fax)

Counsel for UAW

**CERTIFICATE OF SERVICE**

    I hereby certify that on June 27, 2008, a copy of the foregoing Reply Memorandum was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                              /s/ Joyce Goldstein
                                              Joyce Goldstein