**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ACCURIDE ERIE, L.P. )<br>)<br>    Plaintiff/Counterclaim Defendant, )<br>)<br>v. )<br>)<br>INTERNATIONAL UNION, UNITED )<br>AUTOMOBILE, AEROSPACE, AND )<br>AGRICULTURAL IMPLEMENT )<br>WORKERS OF AMERICA, LOCAL 1186 )<br>)<br>    Defendant/Counterclaim Plaintiff. )<br>) | Civil Action No. 05-CV-00169<br><br>Judge Sean J. McLaughlin |

## SUR-REPLY IN OPPOSITION TO THE UNION'S MOTION TO SHOW CAUSE

Plaintiff Accuride Erie, L.P. ("Accuride"), by its undersigned counsel, submits the following Sur-Reply in opposition to the Motion to Show Cause filed by Defendant International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, Local 1186 (the "UAW" or the "Union").

## I.    Compliance With The Creo Award Is Complete

At least in one respect, the UAW concedes that its Motion lacked any foundation with respect to its claims concerning Accuride's compliance with the Award. All Kaiser retirees employed by Accuride as of February 2008 have been offered enrollment in its employee medical plan. (Affidavit of Michael Pinson dated June 5, 2008 ("Pinson Aff.") ¶ 5). Initially, two of the six employees enrolled; the remainder declined, electing instead to continue participating in Kaiser's plan. (Affidavit of Bonita Little ("Little Aff.") ¶¶ 3–5).[1] The "intervening circumstance" cited by the UAW as the reason for amending its Motion evidently was one employee's enrollment request on about May 27, 2008, which Accuride promptly

---

[1] Pinson's and Little's affidavits were attached to Accuride's Brief in Opposition to Motion to Show Cause filed on June 9, 2008 as Exhibits A and C, respectively.

approved. (Little Affidavit ¶ 7). The UAW has offered no other explanation for asserting, and then abandoning, its claims on behalf of employees.

In any event, the employees also have been made whole in accordance with the Award. In correspondence to each of the employees dated April 11, 2008, Human Resources Director Michael Pinson requested that they provide information concerning their out-of-pocket medical costs incurred prior to Accuride's enrollment offer. One responded that he had no out-of-pocket costs he wished to have reimbursed. (Supplemental Affidavit of Michael Pinson dated July 21, 2008 ("Supp. Pinson Aff.") ¶ 5).[2] The remaining employees documented their premium payments to participate in Kaiser's retiree medical plan, as well as other costs and copays that Kaiser's plan requires participants to pay. Accuride now has reimbursed the employees $53,617.73 for out-of-pocket costs between June 1, 2004, the date the Award found they became eligible for employee medical benefits from Accuride, and March 1, 2008, the effective coverage date for those employees who requested to enroll in Accuride's employee medical plan. (Supp. Pinson Aff. ¶ 6, Exs. 1–5).

Former employees also have been made whole for out-of-pocket costs during their employment. As the Court is aware, Accuride and the UAW discussed make-whole payments under the Award during meetings conducted in May 2006. The UAW furnished documentation of premiums paid by the Kaiser retirees to continue to participate in Kaiser's retiree medical plan after June 1, 2004. Accuride estimated reimbursements based upon the documented premiums and other costs each incurred between June 1, 2004, and his separation date.[3] Accuride

---

[2] Pinson's supplemental affidavit is attached as Exhibit A.

[3] Most of the Kaiser retirees separated from Accuride as a result of a special voluntary retirement opportunity effective on January 1 or March 1, 2005. (Pinson Aff. ¶ 8). The remaining Kaiser retirees were still employed by Accuride as of February 2008. (Pinson Aff. ¶¶ 5, 8).

presented the reimbursements to the UAW in May 2006, and again in Pinson's correspondence to Louis Stagner dated January 28, 2008. (Supp. Pinson Aff. ¶ 4).

In correspondence dated April 11, 2008, Pinson requested each of the Kaiser retirees to provide, within 90 days, such additional documentation as he desired to be considered to calculate his reimbursement payment. (Pinson Aff. ¶ 8, Ex. 3). Ninety days later, only one of the retirees had responded, and he stated he had no further information. (Supp. Pinson Aff. ¶ 9). On July 11, Accuride provided reimbursements to the former employees using the May 2006 calculations, in a total amount of $8,400. (Supp. Pinson Aff. ¶ 9, Exs. 8–16).

The Award directed Accuride to "cease and desist from not providing benefits to all employees" and instructed that "[e]mployees are to be made whole for any losses due to the improper denial of benefits." (Award p. 21).[4] Accuride has done so. Employees have been offered enrollment and made whole, and former employees have been made whole for benefits denied during their employment. Thus, Accuride's compliance is complete.

## II.    The UAW's Naked Claims That Kaiser Retirees Are Eligible For Retiree Medical Benefits From Accuride Are Demonstrably False

In spite of the obvious conflict with the language of the Award, the UAW contends that the Kaiser retirees also became eligible for post-employment benefits under Accuride's retiree medical plan. No interpretation or clarification of the Award is necessary to determine that benefits for retirees are not included, however, just as it is equally clear that temporary, salaried, and other nonbargaining unit employees of Accuride are not entitled to benefits under the Award.[5] As the UAW itself repeatedly has pointed out, the Union took great pains in its

---

[4] A copy of the Award is attached to the UAW's Motion for Rule to Show Cause filed on May 13, 2008 as Exhibit B.

[5] The Supreme Court ruled in *Allied Chem. & Alkali Workers v. Pittsburgh Plate Glass*, 404 US 157, 166 (1971), that there is no reasonable interpretation of the term *employees* that includes

grievance to assert claims not only for "health insurance," but also for "retiree health insurance," and it undertook to demand relief not only on behalf of "employees," but also for "retirees." The UAW's advocate at the arbitration hearing explicitly limited the subject matter and the Union's request for relief specifically to employee medical benefits.

The Award also has no collateral effect that compels the conclusion that Kaiser retirees are eligible for retiree medical benefits from Accuride. The single interpretive task performed by Arbitrator Creo was his conclusion that the permanent, irrevocable opt out elections signed by the Kaiser retirees were not binding on them after June 1, 2004. As a result of that conclusion, the Kaiser retirees became eligible for employee medical benefits that contained no other eligibility requirements. Retiree medical benefits, by contrast, require several determinations to be made as preconditions to eligibility. For instance, participants must be members of the UAW's bargaining unit; hired before August 31, 2003; and separate due to retirement. (Pinson Aff. Ex. 5, p. 3). Additionally, as a result of 2007 anniversary negotiations between Accuride and the UAW, individuals must meet these requirements before July 1, 2008, after which time no additional participants will be accepted into the plan. (Pinson Aff. ¶ 10). Also to be eligible, an individual must "begin receiving a 62/10 or 30 year retirement benefit" under Accuride's pension plan, and must "not [be] eligible" for retiree medical benefits from Kaiser. (Pinson Aff. Ex. 5 p. 3).

---

retirees. The UAW obscures this foundational ruling by arguing that sometimes employees can become contractually entitled to benefits after their employment. For instance, former employees are entitled to reimbursement for medical costs during their employment as explained above. By contrast, eligibility for Accuride's retiree medical plan cannot be determined during employment, because an employee's service, reason for separation and pension plan benefits, among others, must be considered. The UAW's effort to distinguish *Pittsburgh Plate Glass* is misplaced in any event, because Arbitrator Creo did not purport to rule on any employee's eligibility for future retiree medical benefits.

The Kaiser retirees are not eligible for retiree medical benefits from Accuride because, among other reasons, they are eligible for retiree medical benefits from Kaiser.[6]  The Kaiser retirees in fact continued to participate in Kaiser's retiree medical plan after June 1, 2004.  As of May 2006, all of the Kaiser retirees who are at issue provided documentation establishing that they participated in Kaiser's retiree medical plan at least through the time of their retirement from Accuride, and they have now received reimbursements from Accuride for the costs they incurred in maintaining that participation.  (Supp. Pinson Aff. ¶¶ 4, 6, 9, Exs. 1-5, 8-16).  As of February 2008, all of the Kaiser retirees who were then employed by Accuride were continuing to participate in Kaiser's retiree medical plan, and two thirds of those who were given the option initially declined Accuride's coverage because they preferred Kaiser's.  (Supp. Pinson Aff. ¶ 6; Little Aff. ¶ 4).  As of the filing of this Sur-Reply, Accuride has received no information from the Kaiser retirees themselves about their current coverage status.[7]  However, Accuride has received information from Kaiser confirming that seven of the Kaiser retirees – fully one-half of the individuals who have received payments under the Award – recently have participated in Kaiser's retiree medical plan, and because two became Medicare eligible within the past seven months, five of the Kaiser retirees now are participating in the plan.  (Supp. Pinson Aff. ¶ 10).

---

[6]  Additionally, all of the former employees retired under a special voluntary retirement opportunity that was negotiated by Accuride and the UAW in August 2003.  Among many other benefits they received as a result of the special opportunity, the retirees received a pension benefit under Accuride's Hourly Employee Pension Plan that was calculated based upon less than 7 years of continuous service with Accuride.  Contrary to the UAW's claim, an employee's seniority is not relevant to determining benefits under the special opportunity or Accuride's pension plan.  (Supp. Pinson Aff. ¶ 8).

[7]  The UAW's legal counsel represented that the Kaiser retirees have been instructed not to respond to Mike Pinson's April 11, 2008 requests for information concerning their out-of-pocket medical costs.  That information is expected to include admissions by the Kaiser retirees that many or all of them are continuing to participate in Kaiser's medical plan for its retirees.

If there were any question that the Kaiser retirees' participation demonstrates their eligibility for Kaiser retiree medical benefits, Kaiser's notification letters to them clarify the issue. Two of the individuals who sought make-whole awards from Accuride provided copies of correspondence from Kaiser dated in October 2004 confirming their continuing coverage and stating that they would be eligible to continue receiving retiree medical benefits for their lifetimes. Kaiser's correspondence specifically stated: "You are eligible to keep this policy for life as long as your premiums are paid on time." (Supp. Pinson Aff. ¶ 7, Exs. 6–7).

The UAW's naked claim that Kaiser's retiree medical plan "terminated" and therefore the Kaiser retirees cannot be eligible for benefits under the plan, Reply in Support of Motion to Show Cause p. 5, is both false and deceptive. The Kaiser retirees manifestly are eligible as demonstrated, among other things, by their continued participation in the plan. The UAW might argue at some future time that the fact the Kaiser retirees must contribute to the cost of their coverage constitutes an effective termination of Kaiser's plan, or that they arguably lost eligibility for the fully paid benefits they were promised by Kaiser. However, no labor arbitrator, including Arbitrator Creo, has found that the Kaiser retirees are not eligible for Kaiser's retiree medical plan on either of those potential grounds. The arguments simply have never been presented in any arbitration. The UAW chose to exclude the subject of retiree medical benefits from the arbitration underlying this case and to focus its requested remedy exclusively on medical benefits for employees. Because the eligibility requirements in Accuride's retiree medical plan have not been construed in the manner the UAW desires, there is no basis for its enforcement claim and further, no grounds for remanding this action for a purported clarification. The Award is complete, it is clear, and it is final.

III.    **CONCLUSION**

The eligibility issues raised by the UAW's request for retiree medical benefits are based on different issues and different facts than those presented to Arbitrator Creo. The opt out elections that Arbitrator Creo ruled upon are not relevant to the current dispute over Kaiser retirees' eligibility for retiree medical benefits under Accuride's plan. These eligibility issues are as foreign to the Award as a request for a ruling on the Kaiser retirees' shift selection rights, or rights to select overtime opportunities, or any other issue involving different contract or benefits provisions than those presented to Arbitrator Creo. Arbitrator Creo completed the task that he was authorized to perform, and now Accuride has completed compliance with the Award. As such, the Union's Motion has no merit. It should be denied.

Respectfully submitted,

*/s/ Shannon H. Paliotta*

Frederick C. Miner
Shannon H. Paliotta (PA #91000)
**LITTLER MENDELSON, P.C.**
625 Liberty Avenue – 26th Floor
Pittsburgh, PA  15222
(412) 201-7600

July 21, 2008

*Attorneys for Defendant Accuride Erie, L.P.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of July, 2008, a copy of the foregoing **Sur-Reply in Opposition to Union's Motion to Show Cause** was filed using the Western District of Pennsylvania's ECF system, through which this document is available for viewing and downloading, causing a notice of electronic filing to be served upon the following counsel of record:

Joyce Goldstein
Joyce Goldstein & Associates
jgoldstein@unionlaw.cc

Gina Fraternali
Joyce Goldstein & Associates
gfraternali@unionlaw.cc

Catherine J. Trafton
International Union, UAW
ctrafton@uaw.net

*/s/ Shannon H. Paliotta*