IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ACCURIDE ERIE L.P., a limited partnership, | ) ) ) |
| Plaintiff/Counterclaim Defendant, | ) ) ) |
| v. | ) Civil Action No. 05-169 Erie ) |
| INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE & AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, LOCAL UNION 1186, a voluntary unincorporated association, | ) Judge Sean J. McLaughlin ) ) ) ) ) ) ) |
| Defendant/Counterclaim Plaintiff. | ) |

**MEMORANDUM OPINION**

McLAUGHLIN, SEAN J., J.

Presently pending before the Court is a "motion to show cause why Accuride should not be held in contempt, or in the alternative, to remand remedial issues to Arbitrator Creo for clarification" filed by the International Union, United Automobile, Aerospace & Agricultural Implement Workers of America, Local Union 1186 ("UAW" or "Union") and the brief in opposition filed by Accuride. The matter is now ripe for disposition.

**I. BACKGROUND**

In order to place the present dispute in context, it is necessary to provide some procedural and factual background. Plaintiff, Accuride Erie L.P. ("Accuride"), is a limited partnership authorized to conduct business in the State of Pennsylvania. The International Union, United Automobile, Aerospace & Agricultural Implement Workers of America, Local Union 1186 ("UAW" or "Union") is the exclusive collective bargaining agent for the production and maintenance employees at the Accuride facility in Erie.

In May, 1997, Accuride acquired an aluminum wheel manufacturing plant located in Erie, Pennsylvania, from Kaiser Aluminum Corporation ("Kaiser"). Following the acquisition, Accuride offered former Kaiser employees an opportunity to either enroll in Accuride's insurance benefit

1

program or to "opt out" in favor of continuing to receive medical and life insurance benefits from Kaiser. In April, 2004, Accuride learned that Kaiser had filed an action in bankruptcy court to terminate its post-retirement medical insurance program. Accuride promptly notified the Union of this development, and the Union responded by demanding that Accuride provide medical coverage to the employees who had previously elected to receive Kaiser retiree medical benefits via the irrevokable opt-out.

On June 8, 2004, the Union followed up their demand by filing a grievance, which Accuride denied at each step of the grievance procedure, insisting that the Opt Out Agreements signed by the affected former Kaiser employees were valid, enforceable, and irrevokable. The grievance stated:

> The Union protests the Company's actions in violating the current agreement between Accuride Erie and UAW Local 1186.
>
> The Union charges the Company with not allowing eligible employees to enroll and has not provided eligible employees Health Insurance, Life Insurance, **Retiree Health Insurance and Retiree Life Insurance**.
>
> The Union demands that the Company cease and desist from violating the Contract, make all employees whole for lost benefits, make all employees **and retirees** whole, including interest, for all expenses, charges and/or debts incurred as a result of the Company's refusal and/or failure to provide all applicable insurances.

(See Document 49-3)(emphasis added).

An arbitration hearing was held on the grievance on January 26, 2005, in front of Arbitrator Creo. At the hearing, it is undisputed that the evidence and argument presented by the parties focused entirely on health and life insurance benefits for *active* Accuride employees. (Hearing Transcript, p. 3). On April 26, 2005, Arbitrator Creo issued an opinion wherein he determined that the former Kaiser employees were eligible for Accuride benefits because, in short, the most recent collective bargaining agreement between the parties failed to incorporate or reference the previous irrevocable opt-outs. Arbitrator Creo's Award stated:

> The Employer is ordered to cease and desist from not providing benefits to all employees as provided by the Agreement. Employees are to be made whole for any losses due to the improper denial of benefits. The Arbitrator retains jurisdiction over the implementation of this Award.

(See UAW Motion to Show Cause, Exhibit B).

2

On May 27, 2005, Accuride filed an action in this Court to vacate the Award. The Union counterclaimed, seeking enforcement. On August 11, 2006, this Court issued a memorandum opinion and order wherein I granted summary judgment in favor of UAW after concluding, *inter alia*, that Arbitrator Creo's Award drew its essence from the language of the collective bargaining agreement. Accuride Erie, LLP v. UAW, Local Union 1186, 445 F.Supp.2d 496 (W.D. Pa. 2006), *aff'd*, 257 Fed.Appx. 574 (3rd Cir. 2007). Accuride appealed, and on December 11, 2007, the Third Circuit affirmed.

In the instant motion, UAW contends that Accuride has failed to comply with the Award by refusing to provide medical benefits for fourteen former Kaiser employees who were active Accuride employees at the time the grievance was filed and subsequently retired (hereinafter, "Retirees").[1] UAW asserts that the original grievance placed the issue of both active and retiree benefits in front of Arbitrator Creo and that, accordingly, Accuride should be held in contempt for refusing to provide benefits for the Retirees.[2] Alternately, UAW requests that the matter be remanded to Arbitrator Creo to clarify his "make-whole remedy" by declaring that the award applies to both active and retired former Kaiser employees.

---

[1] UAW initially claimed that Accuride had refused to provide benefits for approximately twenty former Kaiser employees that UAW contended were entitled to benefits. (See, generally, UAW Motion to Show Cause). Subsequently, Accuride began providing benefits to the six former Kaiser employees who are still active Accuride employees. (See UAW Reply Memorandum, pp. 1-2). Accordingly, UAW amended its motion to seek relief only on behalf of Accuride retirees, a class consisting of 14 former Kaiser employees who retired from Accuride after the grievance was filed. (Id.)

[2] I quickly dispose of UAW's civil contempt claim. To prove civil contempt, a plaintiff must prove by "clear and convincing evidence" that "(1) a valid court order existed, (2) the defendant had knowledge of the order, and (3) the defendant disobeyed the order." John T. Ex rel. Paul T. v Delaware County Intermediate Unit, 318 F.3d 545, 552 (3rd Cir. 2003) (quoting Harris v. City of Philadelphia, 47 F.3d 1342, 1349 (3rd Cir. 1995)). "The long-standing, salutary rule in contempt cases is that ambiguities and omissions in orders redound to the benefit of the person charged with contempt." Ford v. Kammerer, 450 F.2d 279, 450 F.2d 279 (3rd Cir. 1971). For the reasons that follow, I find that the Award is ambiguous. Consequently, I find no evidence, much less "clear and convincing evidence," that Accuride is guilty of civil contempt.

3

Accuride counters that the issue of retiree benefits is a new issue that was neither considered by the arbitrator nor encompassed within his Award which references only "employees." In opposing the UAW's motion, it argues that it has fully complied with the Award. Alternatively, it argues that a remand to the arbitrator for clarification is precluded by virtue of the operation of the doctrines of waiver, judicial estoppel, and/or *functus officio*.

## II. Discussion

It is well-established that an "arbitrator's award is not, as a rule, open to remand" once his final decision has been rendered. Teamsters Union Local 115 v. DeSoto, Inc., 725 F.2d 931, 940 (3rd Cir. 1984). Once an issue has been submitted to an arbitrator and a decision is handed down, the arbitrator's "authority is exhausted and he is *functus officio* and can do nothing more in regard to the subject matter of the arbitration." Id. "The doctrine of *functus officio*, Latin for a task performed, was applied strictly at common law to prevent an arbitrator from in any way revising, re-examining, or supplementing his award." Teamsters Local 312 v. Matlack, 118 F.3d 985, 991 (3rd Cir. 1997).

There are exceptions, however, which limit the doctrine of *functus officio* such that "remand to an arbitrator for purposes of clarification is necessary." Id. The Third Circuit has articulated such an exception where an arbitrator's award is ambiguous, holding that, "[w]here the award, although seemingly complete, leaves doubt whether the submission has been fully executed, an ambiguity arises which the arbitrator is entitled to clarify." Colonial Penn Ins. Co. v. Omaha Indem. Co., 943 F.2d 327, 331 (3rd Cir. 1991). Thus, "while a district court should not remand an arbitration award in order to relitigate the *merits* of the dispute, the doctrine of *functus officio* does not preclude remand to an arbitrator for *clarification of an award*, where there exists an ambiguity in the award." Pittsburgh Metro Area Postal Worker Union, AFL-CIO v. United States Postal Service, 2008 WL 1775502, *9 (W.D. Pa. 2008) (emphasis in original). "[A] district court itself should not clarify an ambiguous arbitration award but should remand to the [arbitrator] for clarification." Mutual Fire, Marine & Inland Ins. Co. v. Norad Reinsurance Co. Lt., 868 F.2d 52 (3rd Cir. 1989).

"An award is ambiguous if it is susceptible to more than one interpretation or fails to address a contingency that later arises." Green v. Ameritech, 200 F.3d 967, 977 (6th Cir.2000); American

Postal Workers Union, AFL-CIO v. United States Postal Service, 254 F.Supp.2d 12, 15 (D.D.C. 2003); Pittsburgh Metro, 2008 WL 1775502, *11. Moreover, "an ambiguity in the award for which the court may remand to the arbitrators may be shown not only from the face of the award but from an extraneous but objectively ascertainable fact." See Colonial Penn, 943 F.2d at 334 (noting that, "for example, if an arbitration award directed the transfer of real property, and the district court could ascertain that such property was no longer in the possession of the party directed to transfer it, the remedy would be . . . ambiguous.").

In Pittsburgh Metro Area Postal Union, for example, an arbitrator issued an award finding that the Post Office had violated the rules of their union agreement by hiring "casual clerks" in lieu of "full and part time clerks." The arbitrator's award failed to specify whether employees who were on leave during the relevant time periods were to be included among those employees deemed to have been damaged by the improper practices. After finding, as a matter of fact, that the award was ambiguous, the district court concluded that, "[i]t is not for this Court to determine what the Arbitrator intended in making this award, rather, it is for the arbitrator who heard the dispute." Pittsburgh Metro Area Postal Union, 2008 WL 1775502 at *12-13.

The fundamental question, therefore, is whether Arbitrator Creo's Award is ambiguous within the meaning of the above caselaw such that a remand for clarification is the appropriate remedy.[3]

At oral argument, counsel for UAW addressed the basis for her alternative claim that the Award was ambiguous and explained why the union's presentation at the arbitration hearing focused

---

[3]  Accuride also contends that the doctrines of waiver and judicial estoppel are an impediment to remand. I disagree. The waiver doctrine prevents a party from appealing an arbitrator's decision based upon a ground not raised before the arbitrator, or from seeking remand in order for the arbitrator to consider a "new" issue. See, e.g., Teamsters Local 764 v. J.H. Merritt & Co., 770 F.2d 40, 42-43 (3rd Cir. 1985). Here, the purpose of remand is to seek clarification as to an issue already raised, rather than to allow UAW to raise or present any additional argument. Moreover, the doctrine of judicial estoppel prevents litigants from arguing a position in a subsequent proceeding that is inconsistent with one previously asserted. See New Hampshire v. Maine, 532 U.S. 742 (2001). There is no inconsistency in UAW's argument that the Retirees are entitled to the same Accuride medical benefits that they raised on behalf of all former Kaiser employees in their initial grievance.

5

on active employees:

> The Court: Do I take it that your suggestion that there is an ambiguity is based in large part on the grievance which the Union filed, which read in part that "the Union demands that the Company cease and desist from violating the contract, make all employees whole for lost benefits, make all employees and retirees whole," etc. Is it driven in large measure by the fact that you included the word retirees in your grievance?
>
> Ms. Goldstein: Yes, your Honor.
>
> \* \* \* \* \* \* \*
>
> The Court: Why . . . was everybody talking exclusively "employees" and why did the arbitrator, I'm not asking you to get into his head – the actual award was employees are to be made whole. Why was nobody talking about retirees?
>
> Ms. Goldstein: Because they were employees at the time the grievance was filed. Who were, that the grievance was the future benefits that they would be entitled to. So they weren't at that time retirees. They were active employees seeking benefits that one day they would be entitled to as retirees.

(Hearing Transcript, pp. 9-10). The UAW's position in this regard was also summarized in its reply memorandum where it argued:

> From reading Accuride's Brief, one might think that the instant motion has been filed on behalf of a new group of strangers. To the contrary, there are the same fourteen employees (plus those who are still working for Accuride and one who is deceased) on whose behalf the grievance was first filed. See Doc. 56-2 (letters sent by Accuride to these fourteen retired employees among others).
>
> Today's retirees were yesterday's active Accuride employees. Their identity, their claim and their entitlement has not changed since their grievance that was the subject of the arbitration. They are still the same group of fourteen people who were active employees when the grievance was filed on June 8, 2004, and subsequently retired. All that has changed is that by virtue of the passage of time while litigating this case, they are now entitled to receive the retiree insurance benefits that were sought in the **same** grievance brought pursuant to the **same** contract language that the arbitrator reviewed

6

> three years ago. Had Accuride put these fourteen people on the Accuride active insurance plan at the time it was requested, rather than breached the contract at that time, they would automatically have been transitioned to Accuride's retiree insurance plan at the time of their retirement.

(UAW's Reply Memorandum, p. 3). Counsel for Accuride, on the other hand, asserted that the Award was unambiguous and did not apply to the fourteen retirees:

> Going back to the other issue that counsel raised, I think that it was appropriate in the grievance, if the UAW sought retiree benefits, for the grievance to state that it was seeking employee benefits and retiree benefits, separately. We all know employees are not retirees, there's nothing ambiguous about that. In the course of the grievance procedure, just as often happens, the grievance was limited, and at the arbitration hearing the UAW advocated and it couldn't have been more clearer, that the only issue before Arbitrator Creo was active employee medical benefits.

(Transcript, Oral Hearing, October 30, 2008, pp. 12-13).

Here, after careful consideration, I find that there is an ambiguity in the Award necessitating a remand to the arbitrator for clarification. Although Accuride's contention that "employees are not retirees" cannot seriously be disputed, that truism does not resolve the ambiguity inherent in Arbitrator Creo's Award. It is undisputed that when the grievance was filed, the fourteen people who have been denied benefits because of their retiree status were active employees. In my view, the ambiguity primarily arises from the fact that, although *retiree* benefits were referenced in the written grievance, the arbitrator did not address a "contingency that later [arose]" (i.e., the entitlement to benefits of retirees who were active at the time the grievance was filed but retired prior to the time that Accuride began providing benefits consistent with its interpretation of the Award). Green, 200 F.3d at 977.

Finally, a dispute exists between the parties as to whether any of the 14 retirees would have been **automatically** entitled to receive retirement benefits if they had been afforded benefits while active employees. Accuride contends that some of the Retirees may be ineligible based upon requirements in the summary plan description. UAW insists that each of the 14 employees satisfy every requirement for eligibility under the plan. (Hearing Transcript, pp. 11-15). This issue is not

7

material, however, to a resolution of UAW's motion.

This matter shall be remanded to Arbitrator Creo to clarify whether his Award precludes, or does not preclude, the 14 retirees from receiving retirement benefits if they otherwise satisfy all of the conditions contained in the summary plan description or other pertinent documents. The manner in which the arbitrator chooses to clarify his Award, consistent with this opinion, is solely within his province and I express no opinion on it.

### III. Conclusion

For the foregoing reasons, UAW's motion to show cause why Accuride should not be held in contempt is DENIED. UAW's alternative motion to remand remedial issues to Arbitrator Creo for clarification is GRANTED. An appropriate Order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ACCURIDE ERIE L.P., a limited partnership, | )<br>)<br>) |
| Plaintiff/Counterclaim Defendant, | )<br>) |
| v. | ) Civil Action No. 05-169 Erie<br>) |
| INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE & AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, LOCAL UNION 1186, a voluntary unincorporated association, | ) Judge Sean J. McLaughlin<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendant/Counterclaim Plaintiff. | ) |

## ORDER

AND NOW, this 20th day of February, 2009, and for the reasons set forth in the accompanying Memorandum Opinion,

IT IS HEREBY ORDERED that UAW's motion to show cause why Accuride should not be held in contempt is DENIED. UAW's alternative motion to remand remedial issues to Arbitrator Creo for clarification is GRANTED. This matter shall be remanded to Arbitrator Creo for proceedings consistent with the accompanying Memorandum Opinion.

                                                                                                 /s/ Sean J. McLaughlin
                                                                                                  United States District Judge

cm: All parties of record. ___